MORGAN, LEWIS & BOCKIUS LLP
Julianne G. Park, Bar No. 312791
julianne.park@morganlewis.com
300 South Grand Ave., 22nd Fl.
Los Angeles, CA 90071
Tel.: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Matthew J. Sharbaugh, Bar No. 260830
matthew.sharbaugh@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: +1.202.739.3000
Fax: +1.202.739.3001

MORGAN, LEWIS & BOCKIUS, LLP
Jeremy P. Blumenfeld (pro hac vice)
jeremy.blumenfeld@morganlewis.com
Jared R. Killeen (pro hac vice)
jared.killeen@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY et al.,<br><br>Defendants. | Case No. 8:23-cv-854-FWS-ADS<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: November 9, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Fred W. Slaughter<br>Ctrm: 10D |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   ARGUMENT ........................................................................................... 2

    A.    Plaintiff Fails to State a Claim for an Unlawful Denial of Benefits Under ERISA Section 502(a)(1)(B) (Count I) ...................... 2

    B.    Plaintiff Fails to State a Claim for Violation of ERISA's Anti-Cutback Provision Under ERISA Section 204(g) (Count II) .............. 4

    C.    Plaintiff Fails to State a Claim for Fiduciary Breach Under ERISA Sections 409 and 502(a)(2) (Counts III and IV) ..................... 5

    D.    Plaintiff Fails to State a Prohibited-Transaction Claim (Count V) ...... 7

    E.    Plaintiff Fails to State a Claim for Equitable Relief Under ERISA Section 502(a)(3) (Count VI) .................................................... 8

    F.    Plaintiff Fails to State a Claim for Improper Indemnification Under ERISA Section 410 (Count VIII) .............................................. 10

III.  CONCLUSION ....................................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ass'n. of Am. Med. Colls. v. United States*,
217 F.3d 770 (9th Cir. 2000) .................................................................................. 10

*Balsley v. Delta Star Employee Stock Ownership*,
2009 WL 4823196 (N.D. Cal. Dec. 10, 2009) ........................................................ 7

*Boyd v. Bell*,
410 F.3d 1173 (9th Cir. 2005) ................................................................................ 4

*Carrillo v. KPS Glob. LLC*,
2022 WL 5081825 (C.D. Cal. Oct. 4, 2022) .......................................................... 3

*Castillo v. Metro. Life Ins. Co.*,
970 F.3d 1224 (9th Cir. 2020) ................................................................................ 8

*Cent. Laborers' Pension Fund v. Heinz*,
541 U.S. 739 (2004) ................................................................................................ 5

*CIGNA Corp. v. Amara*,
563 U.S. 421 (2011) ............................................................................................. 2, 3

*Gabriel v. Alaska Elec. Pension Fund*,
773 F.3d 945 (9th Cir. 2014) .................................................................................. 9

*Goodman v. Resolution Trust Corp.*,
7 F.3d 1123 (4th Cir. 1993) .................................................................................... 6

*Harris v. GreatBanc Tr. Co.*,
2013 WL 1136558 (C.D. Cal. Mar. 15, 2013) ....................................................... 10

*Hess v. Hartford Life*,
91 F. Supp. 2d 1215 (C.D. Ill. 2000) ..................................................................... 3

*Homampour v. Blue Shield of California Life & Health Ins. Co.*,
2016 WL 4539480 (N.D. Cal. Aug. 31, 2016) ....................................................... 10

*Horan v. Goal Structured Solutions, Inc.*,
2021 WL 5177459 (S.D. Cal. Nov. 2, 2021) .......................................................... 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

*Kaminskiy v. Kimberlite Corp.*,
  2014 WL 2196191 (N.D. Cal. May 27, 2014) ........................................................9

*Kayes v. Pac. Lumber Co.*,
  51 F.3d 1449 (9th Cir. 1995) .................................................................................7

*Laumea v. Performance Food Grp., Inc.*,
  2014 WL 12695803 (C.D. Cal. Sept. 4, 2014) .......................................................3

*M&G Polymers USA, LLC v. Tackett*,
  574 U.S. 427 (2015) ...............................................................................................6

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985) ...............................................................................................7

*Mayhew v. Hartford Life and Acc. Ins. Co.*,
  822 F. Supp. 2d 1028 (N.D. Cal. 2011) .................................................................6

*Moyle v. Liberty Mut. Ret. Benefit Plan*,
  263 F. Supp. 3d 999 (S.D. Cal. 2017) ...................................................................8

*Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*,
  500 F. App'x 575 (9th Cir. 2012) ..........................................................................3

*Ortega v. Rainbow Disposal Co Inc.*,
  2016 WL 11757786 (C.D. Cal. Jan. 14, 2016) .......................................................6

*Skinner v. Northrop Grumman Ret. Plan B*,
  673 F.3d 1162 (9th Cir. 2012) ............................................................................2, 3

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  802 F. Supp. 2d 1125 (C.D. Cal. 2011) ...............................................................5, 7

*U.S. Airways, Inc. v. McCutchen*,
  569 U.S. 88 (2013) .................................................................................................6

*Wit v. United Behav. Health*,
  2023 WL 5356640 (9th Cir. Aug. 22, 2023) ..........................................................8

*Zakikhani v. Hyundai Motor Co.*,
  2022 WL 1740034 (C.D. Cal. Jan. 25, 2022) .......................................................5, 7

**Statutes**

Employee Retirement Income Security Act ("ERISA") ...................................passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## I.   <u>INTRODUCTION</u>

As explained in Defendants' opening memorandum (Dkt. 12-1 ("Mem.")), Plaintiff's company-stock benefits were properly valued and distributed based on an interim March 2020 valuation according to the plain terms of the 2013 Plan Document.  Based on the March 2020 valuation, Plaintiff received $190,191.02 for her company stock when she requested to cash out—all the benefits she was entitled to under the Plan.  Plaintiff's Opposition (Dkt. 23 ("Opp.")) asks this Court to ignore the terms of the 2013 Plan Document and insists Plaintiff is entitled to even more benefits based on a summary communication she received at her resignation, and which she claims required her benefits to be valued under a later December 2020 valuation.  But the Supreme Court and the Ninth Circuit have both held that this type of summary communication does *not* constitute the terms of a plan and cannot support a claim for benefits.  The Opposition's caselaw does not say otherwise.

Determined to brush aside the 2013 Plan Document, the Opposition doubles down on Plaintiff's theory that Defendants relied on an allegedly ineffective 2019 Plan amendment to calculate her benefits.  This is a complete red herring.  After all, Defendants assume for purposes of this Motion that the 2013 Plan Document—*not* the 2019 Plan—governs.  The 2013 Plan Document expressly provides for an interim valuation, and Plaintiff's benefits were properly valued and distributed per that provision.  If anything, Plaintiff's repeated misdirection suggests she realizes her primary claim for benefits fails under the 2013 Plan Document.

Plaintiff's secondary claims likewise fail.  There was no impermissible "cutback" of Plaintiff's benefits because they were properly calculated under the 2013 Plan and because Plaintiff does not invoke an "accrued benefit" regardless.  Plaintiff likewise fails to allege any plausible fiduciary breach or prohibited transaction surrounding her benefits or their calculation.  Plaintiff's claim for "equitable relief" is a textbook attempt to recast her benefits claim, and Plaintiff's "indemnification" claim is moot.  The Court should dismiss the Complaint in full.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## II. ARGUMENT

### A. Plaintiff Fails to State a Claim for an Unlawful Denial of Benefits Under ERISA Section 502(a)(1)(B) (Count I)

Plaintiff's benefits were appropriately valued and distributed according to the 2013 Plan Document. By its terms, the 2013 Plan Document provides that a participant's benefits will be valued based on either a year-end valuation or "the most recent interim valuation[.]" *See* Dkt. 12-2, 2013 Plan Document, at § 11. In March 2020, in light of the COVID-19 pandemic, Westlake engaged the Plan's auditor to perform an interim valuation of the fair-market value of Westlake stock as of March 31, 2020. Compl. ¶¶ 32, 39-45. Therefore, the March 2020 Valuation was "the most recent interim valuation" in relation to Plaintiff's anticipated distribution. The 2013 Plan Document also provides that a participant's benefits may be distributed the same year as her termination, as long as the distribution occurs within certain time limits.[1] The distribution of Plaintiff's benefits occurred within those limits.

That should be the end of Plaintiff's claim. Instead, Plaintiff all but ignores the 2013 Plan Document and asserts that an ancillary communication, titled "Benefit Information Post Termination," required Westlake to use a valuation dated December 31, 2020. Opp. at 4-5, 8-9. Plaintiff is wrong. After all, the Supreme Court has made clear that this sort of summary communication does not "constitute the terms of the plan" and so cannot support a claim for benefits under ERISA Section 502(a)(1)(B). *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). Ninth Circuit precedent holds the same. *See, e.g.*, *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1165 (9th Cir. 2012); *see also* Mem. at 11-12 (collecting cases).

---

[1] Specifically, the distribution of the participant's benefits will begin no later than the 60th day following the latest year in which the latest of the following events occurs: (1) the participant reaches the participant's 65th birthday; (2) ten (10) years elapse from the time the participant's participation in the Plan began; or (3) the participant's service with the employer is terminated. Dkt. 12-2, 2013 Plan Document, at § 14(g).

The Opposition tries to sidestep *Amara* and *Skinner* by arguing that the "Benefit Information" document cited by Plaintiff is a "governing instrument" of the Plan and so constitutes the terms of the Plan itself. Opp. at 9 n.2. Plaintiff is wrong.

For starters, Plaintiff's only support for this argument is *Hess v. Hartford Life,* 91 F. Supp. 2d 1215 (C.D. Ill. 2000), a single out-of-circuit district court decision that predates *Amara* and *Skinner* by over a decade. As noted, *Amara* and *Skinner* squarely foreclosed the contention that the sort of summary document Plaintiff invokes can be governing plan documents. *Hess* is no longer good law on that issue.[2]

Furthermore, even if *Hess* had not been abrogated by *Amara* and its progeny, it is distinguishable. *Hess* did not consider whether a summary document can support a Section 502(a)(1)(B) claim. Instead, the court considered a different question: the types of documents a plan administrator must disclose to participants in response to a written request under 29 U.S.C. § 1024(b)(4).[3] In concluding that an administrator should disclose documents that describe the way benefits are calculated, 91 F. Supp. 2d at 1226, the court did *not* hold that a plaintiff may rely on a summary document to claim additional benefits—a proposition squarely rejected by the Supreme Court and the Ninth Circuit years later. Plaintiff's attempt to distinguish *Amara* and *Skinner* as limited only to "summary plan descriptions" (or "SPDs") fails because the Ninth Circuit has held more broadly that "extraneous documents" containing "summary" information about a plan "are not themselves part of the plan," and that SPDs are just one example of such documents. *Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*, 500 F. App'x 575, 577 (9th Cir. 2012) (emphasis added) (finding

[2] *See, e.g., Carrillo v. KPS Glob. LLC*, 2022 WL 5081825, at *2 (C.D. Cal. Oct. 4, 2022) (rejecting argument based on "non-binding precedent from other district courts that predate[d]" binding Supreme Court and Ninth Circuit decisions); *Laumea v. Performance Food Grp., Inc.*, 2014 WL 12695803, at *7 (C.D. Cal. Sept. 4, 2014) ("The caselaw cited by Plaintiff to the contrary predates the Ninth Circuit's decisions on the issue and have since been contradicted by the weight of authority").

[3] 29 U.S.C. § 1024(b)(4) requires an administrator "upon written request" to "furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated."

"extraneous documents, *like SPDs*, are not themselves part of the plan") (emphasis added).  Because the "Benefit Information" document is a summary document, it cannot support Plaintiff's claim, as the myriad cases cited by Defendants have held.  *See* Mem. at 10-12.[4]

Otherwise, the Opposition offers a half-hearted attempt to respond to the Complaint's failure to plausibly allege that Westlake abused its discretion in denying her claim for additional benefits.  *See* Mem. at 12-15; Opp. at 9-11.  To reiterate, "[a]n ERISA administrator abuses its discretion only if it (1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact." *Boyd v. Bell*, 410 F.3d 1173, 1178 (9th Cir. 2005).  The Opposition addresses only the second prong of this analysis, asserting that Defendants "construed the 2013 Plan in a way that conflicted with its plain language."  Opp. at 10.  This argument is without merit.  The plain terms of the 2013 Plan Document provide that a participant's benefits will be valued based on either a year-end valuation or "the most recent interim valuation[.]" *See* Dkt. 12-2, 2013 Plan Document, at § 11.  Aside from the vague, conclusory, and unsupported assertion that the 2013 Plan Document did not actually "authorize" an interim valuation—an overblown proposition that would violate ordinary principles of contract interpretation (*see infra* at 5-7)—Plaintiff does not explain how Defendants misconstrued Section 11 of the 2013 Plan.

**B.    Plaintiff Fails to State a Claim for Violation of ERISA's Anti-Cutback Provision Under ERISA Section 204(g) (Count II)**

ERISA's "anti-cutback" provision (ERISA Section 204(g), 29

---

[4] Plaintiff's insistence that the summary communication is a "formal" and "governing" plan document is at odds with her repeated claim (albeit irrelevant for purposes of this Motion) that the 2019 Plan Document was not; as to the latter, Plaintiff insists that a plan document becomes "formal" only when amendment is made per the "requisite procedures"—otherwise the terms of the document are "ineffective." *See* Opp. at 1, 3-4.  But Plaintiff does not allege (nor could she) that the "Benefit Information" document was formally amended pursuant to the procedure described in Section 14(c) of the 2013 Plan Document. *See* Compl. ¶ 27.

U.S.C.§ 1054(g)) prohibits amendments to a retirement plan that reduce a plan participant's "accrued benefit." *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 741 (2004). In her Opposition, Plaintiff insists that "Defendants reduced her benefits by applying the amendments in the 2019 Plan's special valuation and June 2020 mandatory segregation." Opp. at 12. That is not so. As Defendants explained (Mem. at 15-17), Westlake's denial of Plaintiff's benefits claim did not hinge on the 2019 Plan Document. Because Plaintiff's benefits were properly calculated under the 2013 Plan (irrespective of any amendment), her claim fails.

Plaintiff's anti-cutback claim separately fails because Plaintiff's right to have her Plan account remain in Westlake stock is not an "accrued benefit" protected by ERISA's anti-cutback provision. Plaintiff ignores this argument entirely, conceding by silence that her investment in Westlake employer stock is not a protected benefit. *See, e.g.*, *Zakikhani v. Hyundai Motor Co.*, 2022 WL 1740034, at *6 (C.D. Cal. Jan. 25, 2022) (failure to address an argument in opposition "constitutes waiver"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (similar). And even without Plaintiff's concession, the point holds for all the reasons Westlake explained. *See* Mem. at 16-17. This claim fails.

## C. Plaintiff Fails to State a Claim for Fiduciary Breach Under ERISA Sections 409 and 502(a)(2) (Counts III and IV)

Plaintiff claims that Defendants breached their fiduciary duties because they misled her by "promising in *plan documents*" that her benefits would be paid based on an annual year-end valuation. Compl. ¶ 92 (emphasis added). As Defendants explained (Mem. at 17-20), Plaintiff's fiduciary-breach claims fail because the "Benefit Information" document Plaintiff relies upon is not a "plan document," and the operative plan document at the time—the 2013 Plan Document—expressly provides that Plaintiff's distribution may be based on an "interim valuation."

The Opposition insists that while "the 2013 Plan *references* an interim valuation," it "did not *authorize* Defendants to conduct a special or interim

valuation." Opp. at 13 (emphasis added). Plaintiff provides zero support for this form-over-substance argument—not a single case to support her position. Courts apply ordinary principles of contract interpretation to ERISA plan documents. *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-01 (2013). Where the terms of plan documents are clear, courts must enforce the agreement as written. *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015). When interpreting a plan, "[c]ontract terms must be construed to give meaning and effect to every part of the contract, rather than leave a portion of the contract meaningless or reduced to mere surplusage." *Goodman v. Resolution Trust Corp.*, 7 F.3d 1123, 1127 (4th Cir. 1993).

Here, the 2013 Plan Document provides that a participant's distribution "will be based on [the valuation of Westlake stock as of] the last Anniversary Date [i.e., December 31 of each year] immediately preceding such distribution, or, if applicable, *as of the most recent interim valuation*, if any, following the Anniversary date." Dkt. 12-2, 2013 Plan Document, at § 11 (emphasis added). To hold that the 2013 Plan Document did not "authorize" an interim valuation—despite the fact that the Plan Document expressly contemplates an interim valuation—"would render that language entirely superfluous" in violation of well-accepted principles. *Mayhew v. Hartford Life and Acc. Ins. Co.*, 822 F. Supp. 2d 1028, 1035 (N.D. Cal. 2011). Plaintiff's cramped and flawed interpretation of the 2013 Plan is without basis.

Separately, Plaintiff's fiduciary-breach claims fail for the additional reason that Section 502(a)(2) only allows a participant to pursue relief on behalf of *the Plan*, whereas Plaintiff seeks relief on behalf of *herself*. Mem. at 17-20. In her Opposition, Plaintiff contends she "clearly seeks relief on behalf of the Plan" because she requests equitable relief asking "that the Court order surcharge, Plan reformation, removal of breaching fiduciaries, and invalidate the 2019 Plan." Opp. at 14. This changes nothing. At its heart, Plaintiff's suit is one "to compel payment of improperly denied claims." *Ortega v. Rainbow Disposal Co Inc.*, 2016 WL 11757786, at *3 (C.D. Cal. Jan. 14, 2016). Plaintiff does not bring her suit in a "representative capacity" on

behalf of the Plan because she does not allege that Defendants impaired the value of the Plan's assets, only that Defendants reduced *Plaintiff's share of those assets*. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 142 n.9 (1985); *see also Balsley v. Delta Star Employee Stock Ownership*, 2009 WL 4823196, at *3 (N.D. Cal. Dec. 10, 2009) (plaintiff "offers no argument as to how the alleged breach of fiduciary duty impaired the value of the Plan's assets"). Moreover, the relief Plaintiff seeks is not unique to a Section 502(a)(2) claim and does not make that claim any more appropriate here; she can (and does) seek equitable relief through other claims.

**D.     Plaintiff Fails to State a Prohibited-Transaction Claim (Count V)**

The Opposition largely ignores Defendants' arguments that the Complaint fails to state a prohibited-transaction claim. At most, Plaintiff recites the same conclusory assertion that the March 2020 valuation was too low (Opp. at 14-15), even though the Complaint pleads a plausible explanation for that drop in value: "the spread of COVID-19" caused the "abrupt downturn of the stock market" and an approximate 30% drop in the value of Westlake stock as of March 31, 2020. Compl. ¶¶ 32, 39-45. The Opposition does not attempt to reconcile these allegations, nor point to any other well-pled allegations in the Complaint to suggest that the March 2020 valuation resulted in less than fair value for Plaintiff's shares at that time.

The Opposition similarly does not address Defendant's argument that to state a prohibited-transaction claim under ERISA Section 406, the Complaint must show the Plan's assets were used "for a purpose which did not benefit the plan." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1467 (9th Cir. 1995). Once again, Plaintiff's failure to respond to Defendants' argument is tantamount to a waiver and concession. *See Zakikhani*, 2022 WL 1740034, at *6; *Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132. But in any event, Plaintiff does not (and cannot) explain how the lower valuation of her own company stock using the March 2020 Valuation did not benefit the rest of the Plan's participants, whose own account values were protected against the payment of Plaintiff's stock benefits at an inflated price. This claim fails.

### E.     Plaintiff Fails to State a Claim for Equitable Relief Under ERISA Section 502(a)(3) (Count VI)

As Defendants explained (Mem. at 21-23), Plaintiff's Section 502(a)(3) claim should be dismissed because it seeks the same underlying relief as her denial-of-benefits claim under Section 502(a)(1)(B).  Where a plaintiff's claimed injury is an alleged improper denial of benefits, "a claimant may not bring a claim for denial of benefits under 29 U.S.C. § 1132(a)(3) when a claim under § 1132(a)(1)(B) will afford adequate relief." *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020).

Plaintiff attempts to distinguish her two claims, contending that Count I seeks a benefits award, while Count VI seeks "equitable relief."  Opp. at 15-16.  This is a distinction without a difference.  Count VI merely seeks "equitable relief" in the form of a declaration that the 2019 Plan is invalid and an injunction requiring Defendants to distribute Plaintiff's benefits in accordance with the 2013 Plan Document.  *See* Compl. ¶ 116.[5]  In other words, Count VI's so-called "equitable relief" is the same payment-of-benefits relief Plaintiff seeks under Count I.  Plaintiff does "not explain or refer to precedent showing how" the payment of additional benefits "constitutes relief that was typically available in equity."  *Wit v. United Behav. Health*, 2023 WL 5356640, at *11 (9th Cir. Aug. 22, 2023).  No such precedent exists.

Beyond that, Plaintiff asserts that "make whole" monetary relief in the form of a "surcharge" is available for breaches of fiduciary duty under 502(a)(3).  Opp. at 16-17.  As the Opposition says, "[u]nder the doctrine of surcharge," courts may "provide relief in the form of monetary compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment."  *Id.* (citing *Moyle v.*

---

[5] The Opposition cites several paragraphs in the Complaint (i.e., ¶¶ 31, 32, 34, 41-42, 120) to support Plaintiff's contention that Count VI seeks equitable relief distinguishable from Count I's monetary relief, but these paragraphs do not bolster her argument.  For example, paragraphs 31 and 32 allege only that Plaintiff's benefits should have been calculated using the December 2020 Valuation, while paragraphs 41 and 42 allege that Defendants used the March 2020 Valuation instead.  These paragraphs reinforce that Plaintiff seeks only the payment of additional benefits.

*Liberty Mut. Ret. Benefit Plan*, 263 F. Supp. 3d 999, 1028 (S.D. Cal. 2017)). Tellingly, the Complaint seeks a "surcharge" in relation to Plaintiff's 502(a)(2) fiduciary-breach claim under Count III (*see* Compl. ¶ 95), but *not* in relation to the 502(a)(3) claim for "equitable relief" under Count VI. This further underscores the point that the "equitable relief" Plaintiff seeks is not unique to a Section 502(a)(3) claim, and that Plaintiff can (and does) seek the *same relief* as part of her Section 502(a)(1)(B) and (a)(2) claims.[6] In the Ninth Circuit's words, "[P]laintiffs may not disguise an attempt to obtain monetary relief as a traditional equitable remedy." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014).

Finally, Plaintiff argues that "even if the alleged injury under both causes of action were the same . . . , Plaintiff would still be permitted simultaneously to bring [those] claims[.]" Opp. at 16. That is wrong. The caselaw cited by the Opposition itself makes clear that a plaintiff may seek relief under both 502(a)(1)(B) and 502(a)(3) only where "*the equitable relief she seeks is distinct from past due benefits*, and she alleges that the available legal remedies are inadequate to make her whole." *Id.* (quoting *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, 2016 WL 107838 (D. Ariz. Jan. 11, 2016) (emphasis added)). That is not true here because Plaintiff seeks the same relief under Sections 502(a)(1)(B) and 502(a)(3), and Plaintiff's benefits claim would be adequately remedied under Sections 502(a)(1)(B) and 502(a)(2). *See Horan v. Goal Structured Solutions, Inc.*, 2021 WL 5177459, at *6 (S.D. Cal. Nov. 2, 2021) ("A plaintiff may not resort to this equitable catchall provision to seek the same relief that a claim for ERISA benefits under § 1132(a)(1)(B) affords."); *Kaminskiy v. Kimberlite Corp.*, 2014 WL 2196191, at *4 (N.D. Cal. May 27, 2014) (similar). Plaintiff's 502(a)(3) claim fails.

---

[6] Plaintiff asserts that "Defendants do not dispute" that the equitable relief described in her "Prayer for Relief"—such as "replacing fiduciaries, correcting compliance and operational failures, reformation of plan terms, and surcharge"—are "appropriate equitable remedies." Opp. at 17. That is not the point. Those remedies are available under Section 502(a)(2), as Plaintiff well knows because she seeks them as part of her 502(a)(2) claims, so she cannot seek them through a duplicative 502(a)(3) claim.

**F.    Plaintiff Fails to State a Claim for Improper Indemnification Under ERISA Section 410 (Count VIII)**

Finally, Plaintiff's Section 410 claim fails as moot because it challenges indemnification language in the 2013 Plan Document, which has been superseded by an amended 2021 Plan Document with different language.  Mem. at 23-24.

Plaintiff does not argue (nor could she) that the 2021 Plan Document contains language that is purportedly violative of ERISA Section 410.  The Opposition says nothing whatsoever about *Harris v. GreatBanc Tr. Co.*, which held that an indemnification provision that mirrored the version in the 2021 Plan Document did not violate Section 410 because it "expressly prohibit[ed] indemnification if a court enters a final judgment from which no appeal can be taken finding [the defendant] liable for breach of its fiduciary duties[.]"  2013 WL 1136558 (C.D. Cal. Mar. 15, 2013).  Instead, Plaintiff says her claim should stand because of "uncertainty as to whether the 2013 Plan or another plan document is the operative Plan document today." Opp. at 18.  There is no such uncertainty here.  Westlake provided the Court with a declaration affirming that the 2021 Plan Document is the current governing instrument (*see* Dkt. 12-2, Decl. of Eugene Leydiker), and nothing in Plaintiff's Complaint alleges otherwise (at most, she alleges that the 2019 amendment had not been properly adopted *at the time of her separation*).  *See, e.g., Homampour v. Blue Shield of Cal. Life & Health Ins. Co.*, 2016 WL 4539480, at *5 (N.D. Cal. Aug. 31, 2016) (dismissing ERISA claim where revision of plan policy rendered claim moot).[7] Moreover, Plaintiff does not allege that any indemnity was ever provided under the 2013 Plan Document, which renders the claim superfluous for this reason.

**III.    <u>CONCLUSION</u>**

The Court should dismiss the Complaint in its entirety and with prejudice.

---

[7] The Court can consider Mr. Leydiker's declaration in ruling on Westlake's motion because questions of mootness go to jurisdiction. *See Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (court may consider "affidavits or any other evidence properly before the court" when addressing jurisdiction).

Dated: September 27, 2023     MORGAN, LEWIS & BOCKIUS LLP


By */s/ Julianne G. Park*
Julianne G. Park
Matthew J. Sharbaugh
Jeremy P. Blumenfeld (pro hac vice)
Jared R. Killeen (pro hac vice)

*Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT