UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS [12]**

Before the court is Defendants Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan ("Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee ("Committee"), Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang's (collectively, "Committee Members" and together with Westlake, the Plan, and the Committee, "Defendants") Motion to Dismiss Plaintiff Mary Nguyen's ("Plaintiff") Complaint. (Dkt. 12 ("Motion" or "Mot.").) Plaintiff opposes the Motion, (Dkt. 23 ("Opposition" or "Opp.")), and Defendants have filed a reply, (Dkt. 28 ("Reply")). Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

Plaintiff is a former participant in the Plan, an employee stock ownership plan ("ESOP"). (Dkt. 1 ("Compl.") ¶¶ 4, 10.) The Plan was established on or about January 1, 2001, and was amended and restated in 2013. (*Id.* ¶¶ 20, 24.) Under the Plan, employees of Westlake and its affiliates beneficially own Westlake common stock. (*Id.* ¶¶ 4-5.) Westlake is the named administrator of the Plan and its sponsor. (*Id.* ¶¶ 4, 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

Under the 2013 Plan Document,[1] participants begin to receive a distribution of benefits upon retirement "not later than one (1) year after the end of the Plan Year in which the Participant's Service terminates" unless they elect to defer distribution until a later date. (Dkt. 12-2, Exh. 1 § 14(d).) However, if a participant is under the age of 65 and the accrued value of stock exceeds $5,000, they must consent in writing to a distribution. (*Id.* § 14(d)(1).) Unless a participant elects otherwise in writing, a participant's benefits "will begin not later than the 60th day following the latest Plan Year in which the latest of the following events occur: (1) The Participant reaches the Participant's 65th birthday; (2) Ten (10) years elapse from the time of the Participant's participation in the Plan began; or (3) The Participant's Service with the Employer is terminated." (*Id.* § 14(g).)

The 2013 Plan Document states that a participant's distribution of benefits "will be based on the value [of the Westlake stock held in the participant's account] as of the last Anniversary Date immediately preceding such distribution, or, if applicable, as of the most recent interim valuation, if any, following the Anniversary Date." (*Id.* § 11.) The "Anniversary Date" is December 31 of each year. (*Id.* § 2.)

The 2013 Plan Document also provides that a "Participant who terminates service with the Employer and elects to keep some or all of [their] Accounts in the Plan after [their] termination of employment rather than take an immediate distribution of such account shall have the vested balance of [their] Accounts placed in a Segregated Post Termination Account." (*Id.* § 6(j).) The Segregated Post Termination Account "will be invested by the Trustee in a balanced portfolio of investments, not including [Westlake] Company Stock, that are deemed to be prudent and appropriate for the individual Participant and which do not violate the duties of

---

[1] The court may consider the 2013 Plan Document attached to the Motion because Plaintiff's claims necessarily rely on its terms and the authenticity of the copy filed with the court is not questioned. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                      Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

the Trustee as an ERISA fiduciary." (*Id.*) "Segregation shall occur within a reasonable time"
after the determination that a segregated account is to be established." (*Id.*)

On January 21, 2020, Plaintiff received a year-end statement valuing Westlake stock at
$39.70, which meant Plaintiff's benefits were worth approximately $241,053.91 ("December
2019 Valuation"). (*Id.* ¶¶ 28-29.) Shortly after, on February 3, 2020, Plaintiff resigned from
her employment at Hankey Investment Corp., an affiliate of Westlake. (Compl. ¶¶ 4, 30.)

In March 2020, "the spread of COVID-19 impacted the economy" causing "chaos" and
an "abrupt downturn of the stock market." (*Id.* ¶ 32.) On or about April 1, 2020, the
Committee engaged the Plan's auditor to perform an interim valuation to determine the fair
market value of Westlake stock as of March 31, 2020. (*Id.* ¶¶ 39-40.) On April 22, 2020, the
Plan's auditor provided Westlake's board of directors a special valuation report reflecting
approximately a 30% drop in the fair market value of Westlake stock from $39.70 per share to
$28.10 per share ("March 2020 Valuation"). (*Id.* ¶ 40.) The Complaint alleges the market
began to rebound "[f]rom December 19, 2019 through June 30, 2020," such that Westlake stock
had increased to $41.95 per share by December 31, 2020. (*Id.* ¶ 47.) The Complaint alleges the
Committee Members decided to call for a special valuation to take advantage of the drop in
Westlake's stock price and reduce Westlake's or the Plan's obligations to participants
accordingly. (*Id.* ¶¶ 32, 38.)

On May 26, 2020, Westlake sent Plaintiff a letter stating that she was entitled to a
distribution of $190,191.02 in benefits. (*Id.* ¶ 42.) The letter further stated that because
Plaintiff's benefit exceeded $5,000, she "must also consent to receive a distribution" or
Plaintiff's "vested account balance will remain in the Plan" and "will be invested in a balanced
portfolio of investments that does not include Company stock." (*Id.* ¶ 42.) The letter noted
Plaintiff's "vested account balance will be paid to you upon attainment of age 65 or at such
earlier time as you may properly make a written request for distribution." (*Id.*) Plaintiff
received her benefits in June 2020 in the amount of $190,191.02. (*Id.* ¶ 45.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

The Complaint alleges the assessment conducted in March 2020 was undertaken pursuant to a provision in an updated Plan document dated 2019[2] ("2019 Plan Document") that stated "the Plan Administrator may in its sole discretion declare a special Valuation in extraordinary situations to protect the interests of Participants in the Plan or the Participant receiving the distribution. Such extraordinary circumstances include a significant change in economic conditions or market value of the Trust Fund." (Compl. ¶ 35.) The 2019 Plan Document contained another amended provision stating, "the accounts of Participants who terminate employment in the first quarter of a Plan Year shall be segregated along with the accounts of those who terminated in the last three quarters of the prior Plan Year." (*Id.* ¶ 36.) (*See id.*)

Plaintiff submitted an administrative claim on August 2, 2022 seeking additional benefits based on the discrepancy between the March 2020 and December 2019 valuations. (*Id.* ¶ 52.) The Committee denied Plaintiff's claim on October 27, 2022, and issued a supplementary denial on October 31, 2022. (*Id.* ¶ 53.) Plaintiff internally appealed the denial of her claim on December 14, 2022, and the Committee denied the appeal on February 10, 2023. (*Id.* ¶¶ 55-56.)

Plaintiff then filed the Complaint in this court on May 15, 2023, seeking to represent a class of participants in the Plan whose employment was terminated in the first quarter of 2020 with account balances exceeding $5,000 and their beneficiaries. (*Id.* ¶ 58.) In the Complaint, Plaintiff asserts eight causes of action against Defendant under various ERISA provisions for unlawful denial of benefits, violation of ERISA's anti-cutback statute, breaches of fiduciary duty, engaging in a prohibited transaction, and failure to monitor, as well as claims seeking equitable relief and to void the 2013 Plan Document's indemnity provision. (*Id.* ¶¶ 71-128.) In the Motion, Defendants now move to dismiss the Complaint under Federal Rule of Civil

---

[2] Though Defendants do not concede the point for all purposes, they assume, for purposes of the instant Motion, that the 2013 Plan Document governs Plaintiff's claims. (Mot. at 2 n.1.) Accordingly, Defendants take the position that the payment of Plaintiff's benefits was proper under the 2013 Plan Document, 2019 Plan Document notwithstanding. The bulk of the court's analysis thus focuses on the 2013 Plan Document, referencing the 2019 Plan Document only as otherwise relevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

Procedure 12(b)(6), arguing each of Plaintiff's claims fail as a matter of law.  (*See generally*
Mot.)

## II.    **Legal Standard**

### A.    Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a
claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the
complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule
12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by
reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues
& Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046,
1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider
attached exhibits).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint
must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.
v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion
to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels
and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the
factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and
internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(reiterating that "recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a
cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting
*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is
'context-specific' and 'requires the reviewing court to draw on its judicial experience and
common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96
(9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  "First, to be entitled to the presumption of
truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216).  But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).  Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint.  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

**III.    Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

A.     Claim for Unlawful Denial of Benefits under ERISA Section 502(a)(1)(B)
       (Count I)

Defendants argue Plaintiff's ERISA unlawful denial of benefits claim should be
dismissed because Plaintiff does not identify a provision in the 2013 Plan Document requiring
valuation of her account based on the December 2019 Valuation or distribution of benefits
within a year of her termination, and, separately, the Complaint does not plead facts supporting
an inference Defendants abused their discretion in determining the benefits to which Plaintiff
was entitled.  (Mot. at 9-15.)  Plaintiff asserts the 2013 Plan Document does not authorize a
special valuation, and Defendants abused their discretion by applying the 2019 Plan Document
instead to improperly calculate Plaintiff's benefits.[3]  (Opp. at 8-11.)  In the Reply, Defendants
maintain the Plan provides for valuation of a participant's benefits based on "the most recent
interim valuation" under principles of contract interpretation and that Plaintiff's argument is
otherwise based on a "Benefit Information" document that is a summary communication and
not the terms of the Plan.  (Reply at 2-4; *see id.* at 5-6.)

Where a plan administrator denies benefits to a claimant and the decision stands after an
appeal, the claimant "may then seek relief in federal court 'to recover benefits due to him under
the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to
future benefits under the terms of the plan.'"  *Collier v. Lincoln Life Assurance Co. of Bos.*, 53
F.4th 1180, 1185 (9th Cir. 2022) (alterations omitted) (quoting 29 U.S.C. § 1132(a)(1)(B)).  "To
plead a violation of the statute, a plaintiff must allege the existence of an ERISA plan, and
identify the provisions of the plan that entitle them to benefits."  *Doe v. CVS Pharmacy, Inc.*,
982 F.3d 1204, 1213 (9th Cir. 2020) (cleaned up).

The 2013 Plan provides that a participant's benefits will be valued based on either a year-
end valuation "or, if applicable, as of the most recent interim valuation, if any[.]"  (Dkt. 12-2,

---

[3] Plaintiff references in passing allegations of "bias" and "self-interest" that she maintains affect
the court's abuse of discretion analysis.  (*See* Opp. at 11.)  Because Plaintiff does not support
this argument with sufficiently specific support, the court does not consider it further.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

Exh. 1 § 11.)  The principal point of disagreement between the parties is whether the Plan
provides the authority to instigate an interim valuation.  There is no language in the Plan
identified by Plaintiff that prevents Defendants from authorizing an interim valuation, but, for
that matter, Defendants do not identify clear language conferring that authority.

Courts "apply contract principles derived from state law . . . guided by the policies
expressed in ERISA and other federal labor laws" in interpreting the terms of an ERISA plan.
*Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007) (citation and internal quotation
marks omitted).  Accordingly, the terms of an ERISA plan are "interpreted in an ordinary and
popular sense as would a person of average intelligence and experience." *Id.* (cleaned up).
Thus, "[w]hen disputes arise, courts should first look to explicit language of the agreement to
determine, if possible, the clear intent of the parties.  The intended meaning of even the most
explicit language can, of course, only be understood in the light of the context that gave rise to
its inclusion." *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th
Cir. 1997) (quoting *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1293 (6th Cir. 1991)).

On the record before the court,[4] the court agrees with Defendant's interpretation of the
2013 Plan Document.  At the outset, the court notes it is undisputed that the 2013 Plan
Document includes a discretionary clause.  In relevant part, the 2013 Plan Document provides
that the "Plan Administrator . . . shall have total and complete discretionary power and authority
. . . to construe and interpret the provisions of the Plan . . . ."  (Dkt. 12-2, Exh. 1, § 12.01(b).)
Accordingly, the Plan Administrator's (i.e., Westlake's) determination will be upheld "if it is
based upon a reasonable interpretation of the plan's terms and if it was made in good faith."
*See McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000) (citation omitted).  "The
question . . . is not whose interpretation of the plan documents is most persuasive, but whether
[Westlake's] interpretation is unreasonable." *Canseco v. Constr. Laborers Pension Tr. for S.
Cal.*, 93 F.3d 600, 606 (9th Cir. 1996) (citation and internal quotation marks omitted).  That

---

[4] The court notes that, where a plan's provision is ambiguous, it may "examine extrinsic
evidence to determine the intent of the parties," *Gilliam*, 488 F.3d at 1194 (quoting *Richardson*,
112 F.3d at 985); however, the parties' arguments do not indicate that such evidence exists in
this case at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

stated, the court "cannot defer to a plan administrator's construction of a federal statute." *McDaniel*, 203 F.3d at 1108.

The parties competing interpretations turn on the Plan's absence of a provision specifically authorizing the Plan to conduct an interim valuation.[5]  However, the court "endeavor[s] to interpret *each* provision consistent 'with the entire document such that no provision is rendered nugatory.'" *Gilliam*, 488 F.3d at 1194 (quoting *Richardson*, 112 F.3d at 985).  Plaintiff points to no provision of the 2013 Plan Document authorizing another party to conduct an interim valuation, and the absence of such a provision would render the 2013 Plan Document's provision permitting valuation on an interim basis superfluous.  Stated differently, the clause authorizing valuation of benefits based on an interim assessment would lose its meaning if no interim valuation were permitted.  Because Defendants' contrary interpretation aligns with applicable contractual principles, the court concludes their reading of the 2013 Plan Document as authorizing the March 2020 Valuation is reasonable, and there are no plausible allegations this interpretation was made in bad faith.  *See id.*; *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 872 (9th Cir. 1979) (courts "seek to interpret the contract in a manner that makes the contract internally consistent").

Plaintiff's argument to the contrary relies substantially on a February 3, 2020, letter she received titled "Benefit Information Post Termination" which stated, in relevant part, "Termed participants will not receive a distribution/rollover package until after the plan year when the employment termination occurs" and "The Westlake ESOP Plan Rule set forth is that termed participants are eligible to receive their distribution after the plan year that employment termination occurred has ended." (Compl. ¶ 30.)  To be sure, the court may consider extrinsic evidence to determine the intent of the parties where a provision is ambiguous.  *See Gilliam*,

---

[5] The Complaint relatedly alleges "[t]he 2013 Plan did not authorize Defendants perform a special valuation of the company stock or mandate the segregation of participants accounts during the year in which they terminated their employment." (Compl. ¶ 25.)  The court need not accept the truth of this allegation insofar as it is a legal conclusion, *see Iqbal*, 556 U.S. at 678, and contradicted by the 2013 Plan Document's terms, *see Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

488 F.3d at 1194.  But the Supreme Court has instructed that "summary documents, important as they are, provide communication with beneficiaries about the plan, but [] their statements do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B)."  *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011).  The February 2020 letter also postdates the 2013 Plan Document significantly, and it is not clear from the Complaint whether the February 2020 letter postdates and accordingly refers to the provisions of the 2019 Plan Document.  (*See* Compl. ¶ 34.)

The court also agrees with Defendants Plaintiff does not sufficiently identify a provision in the 2013 Plan Document supporting her claim she did not receive her benefits in a timely manner.  As noted, the letter she relies on, (*see* Opp. at 8-9), is not a term of the Plan, *see Amara*, 563 U.S. at 438; *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 723 (9th Cir. 2021) ("'Plan document' is a term of art under ERISA.  It does not mean any writing related to a plan; rather, it means the formal 'written instrument' that ERISA requires for each employee benefit plan.") (citing, inter alia, 29 U.S.C. § 1102(a)(1)).  Plaintiff resigned on February 3, 2020 and received her benefits in June of that year.  (Compl. ¶¶ 30, 45.)  While she disagrees with the quantum of those benefits, she does not allege she deferred distribution in a manner that violates the 2013 Plan Document's provision under which participants begin to receive benefits upon retirement "not later than one (1) year after the end of the Plan Year in which the Participant's Service terminates."  (Dkt. 12-2, Exh. 1 § 14(d).)

Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for unlawful denial of benefits under ERISA Section 502(a)(1)(B) (Count I) and Count I is **DISMISSED**.

B.  <u>Claim for Violation of ERISA's Anti-Cutback Provision under ERISA Section 204(g) (Count II)</u>

Defendants assert Plaintiff's claim for violation of ERISA's anti-cutback provision should be dismissed because Plaintiff's benefits were not reduced by an amendment to the Plan, and Defendants' distribution to Plaintiff merely changed the form of her benefits rather than reducing an accrued benefit.  (Mot. at 15-17; Reply at 4-5.)  Plaintiff counters the Complaint pleads Plaintiff had accrued and vested the right to hold Westlake stock in her individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                      Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

account until the second financial quarter of 2021 and receive benefits based on the December 31, 2020 valuation under the Plan, which Defendants' application of the amended 2019 Plan Document undercut.  (Opp. at 12-13.)  In the Reply, Defendants contend Plaintiff does not respond to their argument the right to have her Plan account remain invested in Westlake stock is not protected as an "accrued benefit" under ERISA.  (Reply at 5.)

"With few exceptions," ERISA's "'anti-cutback' rule . . . prohibits any amendment of a pension plan that would reduce a participant's 'accrued benefit.'"  *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 741 (2004) (citing 88 Stat. 858; 29 U.S.C. § 1054(g)).  The anti-cutback rule encompasses "a plan amendment which has the effect of (A) eliminating or reducing an early retirement benefit or a retirement-type subsidy (as defined in regulations); or (B) eliminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits."  29 U.S.C. § 1054(g)(2). "Optional forms of benefit 'exist if a distribution alternative is not payable on substantially the same terms as another distribution alternative.'"  *Cooper v. Willis Towers Watson Pension Plan for U.S. Emps*, 562 F. Supp. 3d 890, 898 (C.D. Cal. 2022) (quoting 26 C.F.R. § 1.411(d)-4, Q & A-1(b)).

As discussed above, the court finds Defendants did not err in conducting the March 2020 Valuation as an interim valuation under the 2013 Plan Document, and Plaintiff does not sufficiently identify a Plan provision supporting her theory Defendants violated the Plan's distribution procedures.  Accordingly, even if the 2019 Plan Document is treated as an amendment to the 2013 Plan pursuant to which the March 2020 Valuation was conducted, the Complaint does not adequately plead a violation of ERISA's anti-cutback rule because the there is no reduction in an "accrued benefit" by virtue of the March 2020 Valuation's propriety under the 2013 Plan.  *See Andersen v. DHL Ret. Pension Plan*, 766 F.3d 1205, 1213 (9th Cir. 2014) ("To the degree that the anti-cutback rule prohibits amendments that reduce '[t]he accrued benefit of a participant under a plan,' if [p]laintiffs' complaint alleges no such reduction, it fails as a matter of law in that respect.") (quoting 29 U.S.C. § 1054(g)(1)) (first alteration in original) (emphasis omitted).  Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for violation of ERISA's anti-cutback provision under ERISA Section 204(g) (Count II) and Count II is **DISMISSED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

C.    Claims for Breach of Fiduciary Duty under ERISA Section 404 (Counts III and IV)[6]

Defendants contend Plaintiff's two claims for breach of fiduciary duty under ERISA should be dismissed because those claims are limited to actions brought on behalf of a plan governed by ERISA per Sections 502(a)(2) and 409, Defendants complied with the distribution schedule set forth in the 2013 Plan Document, and the 2013 Plan Document permitted the March 2020 Valuation as an interim valuation.  (Mot. at 17-20.)  Plaintiff disagrees with Defendants' statement that the 2013 Plan Document provides for the authorization of an interim valuation, and maintains the Complaint seeks relief that benefits the Plan as a whole.  (Opp. at 13-14.)  In the Reply, Defendants urge that the proper construction of the Plan provides authorization for an interim valuation and that Plaintiff does not seek relief based on the impairment the Plan's assets as a whole.  (Reply at 5-7.)

Generally, ERISA Section 502(a)(2) provides that a "civil action may be brought" by a "participant, beneficiary or fiduciary" of a plan for "appropriate relief" under ERISA Section 409.  29 U.S.C. § 1132(a)(2).  For its part, Section 409 states that a plan fiduciary "shall" be liable for any "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" by ERISA.[7]  *Id.* § 1109(a).

In general, Section 502(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries."  *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008).  However, the Ninth Circuit has interpreted Supreme Court precedent as "stand[ing] for the proposition that a defined contribution plan participant can bring a § 502(a)(2) claim for the

---

[6] While the parties refer to ERISA Sections 502(a)(2) and 409 in their briefing, (*see* Mot. at 17, Opp. at 13), the Complaint asserts two counts of breach of fiduciary duties imposed by Section 404, (Compl. ¶¶ 89-104), and so the court refers to these claims as brought under Section 404.
[7] "There are two general categories of fiduciaries under ERISA—named (or statutory) and functional."  *Acosta v. Brain*, 910 F.3d 502, 516 (9th Cir. 2018) (citation omitted).  Westlake does not dispute it is a Plan fiduciary.  (*See* Mot. at 17-20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                              Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

plan losses in her own individual account." *Dorman v. Charles Schwab Corp.*, 780 F. App'x
510, 514 (9th Cir. 2019) (citing *LaRue*, 552 U.S. at 256; *Munro v. Univ. of S. Cal.*, 896 F.3d
1088, 1093 (9th Cir. 2018)). That is, "although § 502(a)(2) does not provide a remedy for
individual injuries distinct from plan injuries, that provision does authorize recovery for
fiduciary breaches that impair the value of plan assets in a participant's individual account."
*LaRue*, 552 U.S. at 256. In bringing a claim of this nature, a plaintiff "must allege that the
fiduciary injured the benefit plan or otherwise jeopardized the entire plan or put at risk plan
assets." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (cleaned up).

In this case, Plaintiff pleads two counts of breach of fiduciary duty, one based on asserted
violations of ERISA's disclosure requirements via Defendants' representations in the Plan's
documents, which Plaintiff contends misrepresented that the sale of Westlake stock after the
March 2020 Valuation would not occur, (Dkt. 1 ¶¶ 89-95 (Count III)), and another based on the
alleged depreciated value of the stock sold, (*id.* ¶¶ 96-104). Plaintiff argues she seeks relief on
behalf of the Plan, as opposed to herself and those similarly situated as a class of individuals,
because she alleges Defendants "breached their ERISA fiduciary duties to Plaintiff[, the
putative class,] and the Plan by failing to operate and administer the Plan in accordance with its
terms, engaging in self-dealing and conflicted decision making, and failing to take steps to
remedy the fiduciary breaches" and seeks the remedies of surcharge, reformation, removal of
the Committee as fiduciaries, and invalidation of the 2019 Plan Document. (*See* Opp. at 13-14.)

The court agrees with Defendants that Plaintiff does not adequately allege a distinct
injury to the Plan itself in Count III, but finds the Complaint sufficient in this respect as to
Count IV. Count III concerns certain disclosure requirements Plaintiff asserts Defendants
violated in the context of *her* receipt of benefits, but "offers no argument as to how the[se]
alleged breach[es] of fiduciary duty impaired the value of the Plan's assets." *See Balsley v.
Delta Star Emp. Stock Ownership*, 2009 WL 4823196, at *3 (N.D. Cal. Dec. 10, 2009). Instead,
Count III bases the Plan-wide relief Plaintiff seeks "on conclusions about [Defendants'] alleged
fiduciary breach . . . without alleging facts tending to show that any claim besides [Plaintiff's]
was mishandled or that the result of any such mishandling caused plan-wide injury," and is
therefore "properly dismissed." *See Wise*, 600 F.3d at 1189. Count IV, however, is based on
the Complaint's allegations that Westlake stock precipitously decreased due to the COVID-19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

pandemic, and that Defendants breached their fiduciary duty to the Plan by ordering the March 2020 Valuation in response to the significant depression in Westlake's stock price. *See In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 989 (C.D. Cal. 2004) (finding plaintiff seeking monetary damages based on losses to employer stock held by plan participants sought relief on behalf of the plan); *Balsley*, 2009 WL 4823196, at *3 (offering allegations defendants' conduct "decreased the value of [employer] stock held in the Plan" as an example of an alleged breach of fiduciary duty impairing an ERISA plan's assets).

Turning to the merits of Count IV, ERISA imposes on fiduciaries duties that "are the highest known to the law." *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996) (citation and internal quotation marks omitted). ERISA Section 404(a)(1) requires a fiduciary to "act for the exclusive benefit of plan beneficiaries" and Section 404(a)(1)(B) requires the fiduciary to act "'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Id.* (quoting § 1104(a)(1)(B)). In evaluating whether the fiduciary discharged its duties adequately, "the court focuses not only on the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction." *Id.*

As discussed, the court finds the 2013 Plan authorizes interim valuations such as the March 2020 Valuation. Defendants point to no provision of the 2013 Plan, however, that guides the timing or circumstances of *when* such a valuation is appropriate. While the court acknowledges Defendants are not responsible for the stock market decrease caused by the COVID-19 pandemic, the Complaint alleges they were responsible for the requesting the March 2020 Valuation on or before April 1, 2020. (Compl. ¶¶ 33, 37-39.) Drawing reasonable inferences in favor of Plaintiff, as the court must at this stage, *see, e.g.*, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), the court finds the Complaint plausibly alleges Defendants breached their fiduciary duties to the Plan, including Plaintiff, based on the close timing of the March 2020 Valuation requested by the Committee and the stock market drop caused by the COVID-19 pandemic. *Compare Wagner v. Stiefel Lab'ys, Inc.*, 2015 WL 4557686, at *17 (N.D. Ga. June 18, 2015) (denying summary judgment on breach of fiduciary duty claim despite assuming interim appraisal of employer stock was authorized and assessor

**CIVIL MINUTES – GENERAL**                                                      **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

was provided with all necessary information to appraise it because genuine issue of material
fact existed "as to whether Defendants' reliance on [assessor's] valuations was reasonably
justified under the circumstances" in light of evidence indicating defendants may have withheld
valuation until market for employer stock became depressed), *with Lipshires v. Behan Bros,
Inc. Ret. Plan*, 557 F. Supp. 3d 359, 364 (D.R.I. 2021) (granting summary judgment in favor of
defendants on breach of fiduciary duty claim based on finding defendants acted reasonably in
calling for special assessment during market crash where such an assessment was explicitly
permitted in "extraordinary situations"). The Motion is **DENIED** as to Plaintiff's second
breach of fiduciary duty (Count IV).

D.    Claim for Prohibited Transaction (Count V)

Defendants argue Plaintiff's claim based on a transaction prohibited by ERISA should be
dismissed because the Complaint does not allege that the March 2020 Valuation was less than
fair market value at the time or that the Plan's assets were used for a purpose that did not benefit
the Plan, as opposed to Plaintiff individually. (Mot. at 20.) Plaintiff asserts the sale of her stock
in June 2020 sale was a prohibited transaction because Westlake paid less than fair market value
for the shares it purchased in that transaction. (Opp. at 14-15.) In the Reply, Defendants
emphasize that the Complaint pleads COVID-19 caused the drop in Westlake stock as of March
31, 2020, and that Plaintiffs do not address Defendant's argument the Plan's assets must have
been used for a purpose that did not benefit the Plan to sustain a prohibited transaction claim
under ERISA Section 406. (Reply at 7.)

"Congress enacted § 406 to bar categorically a transaction that is likely to injure the
pension plan." *Lockheed Corp. v. Spink*, 517 U.S. 882, 888 (1996) (cleaned up). In relevant
part, the statute prohibits certain types of transactions between a "plan and a party in interest"
and a "plan and fiduciary." *See* 29 U.S.C. § 1106(a)-(b). However, "Section 406's prohibitions
are subject to both statutory and regulatory exemptions." *Harris Tr. & Sav. Bank v. Salomon
Smith Barney, Inc.*, 530 U.S. 238, 242 (2000) (citing 29 U.S.C. §§ 1108(a), (b)). As relevant
here, a transaction otherwise prohibited by Section 406 is exempted under Section 408 if it "is
for adequate consideration." 29 U.S.C. § 1108(e)(1). "Adequate consideration" in the context
of securities "for which there is a generally recognized market" is either "the price of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                              Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

security prevailing on a [registered] national securities exchange," or, if the security is not
traded on such an exchange, "a price not less favorable to the plan than the offering price for the
security as established by the current bid and asked prices quoted by persons independent of the
issuer and of any party in interest." *Id.* § 1002(18). If the plan asset is one "other than a
security for which there is a generally recognized market, the fair market value of the asset as
determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and
in accordance with regulations promulgated by the Secretary." *Id.*

It appears Defendants do not challenge a prohibited transaction occurred; the Complaint
alleges they violated ERISA Sections 406(a) and (b). (*See* Mot. at 20; Opp. at 14-15; Compl.
¶¶ 105-10.) Nevertheless, the Complaint alleges Plaintiff's stock was sold at the market value
determined by Westlake's auditor to be fair based on its assessment, and that Westlake
accordingly "paid less than fair market value for [the] shares purchased." (*See* Compl. ¶¶ 39-
40, 109.)

Defendants argue, though, that the Complaint lacks factual allegations to support these
conclusions and that the plausible reading of the Complaint is that Plaintiff's stock was sold at
the fair market value at a time when the market as a whole was depressed. However, it is
Defendants' burden to show "that the [Plan] received adequate consideration" and the "burden
is a heavy one." *Howard*, 100 F.3d at 1488. The court "may nonetheless dismiss a cause of
action under [ERISA Section 406] where the affirmative defense of adequate consideration 'is
clearly indicated and appears on the face of the pleading.'" *Zavala v. Kruse-W., Inc.*, 398 F.
Supp. 3d 731, 742 (E.D. Cal. 2019) (quoting *Harris v. Amgen, Inc.*, 788 F.3d 916, 943 (9th Cir.
2015), *rev'd on other grounds*, 577 U.S. 308 (2016)). But, as a general matter, a plaintiff need
not plead around an anticipated affirmative defense. *Rivera v. Peri & Sons Farms, Inc.*, 735
F.3d 892, 902 (9th Cir. 2013). Even adopting Defendants' argument the Complaint does not
allege facts indicating the Plan sold Plaintiff's stock below its fair market value, as opposed to a
sale consummated when the market spiked downward due to an ongoing pandemic, the court
does not find the Complaint alleges the shares were sold at their fair market value on its face.
Accordingly, the Motion is **DENIED** as to Plaintiff's claim for prohibited transaction (Count
V).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

E.    Claim for Equitable Relief under ERISA Section 502(a)(3) (Count VI)

Defendants seek dismissal of Plaintiff's claim seeking equitable relief under ERISA based on its argument above that Plaintiff fails to plausibly allege she was entitled to additional benefits under the 2013 Plan Document, and for the additional reason that the equitable relief Plaintiff seeks is duplicative of the monetary relief she seeks under Section 502(a)(1)(B). (Mot. at 21-23.) Plaintiff argues dismissal based on overlap between her equitable and denial of benefits claims is premature at this stage, and, in any case, the Complaint seeks separate relief including surcharge, reformation, and removal of the Committee's members. (Opp. at 15-17.) In the Reply, Defendants contend Plaintiff seeks equitable relief effectively coextensive with the monetary relief she seeks in her Sections 502(a)(1)(B) and 404 claims, such that equitable relief under Section 502(a)(3) is unavailable given the adequate relief available under the former two provisions. (Reply at 8-9.)

In relevant part, ERISA Section 502(a)(3) permits "a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief" to "redress [] violations" of specified parts of ERISA "or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Supreme Court has "interpreted the term 'appropriate equitable relief' in § 502(a)(3) as referring to those categories of relief that, traditionally speaking . . . were typically available in equity." *Amara*, 563 U.S. at 439 (citation and some internal quotation marks omitted); *see also Nieto v. Ecker*, 845 F.2d 868, 873 (9th Cir. 1988) ("Permitting recovery of damages under section 502(a)(3) would render section 409(a) superfluous, a result contrary to a fundamental canon of statutory construction.") (citation omitted). Accordingly, a Section 502(a)(3) claim "has two elements: '(1) that there is a remediable wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; and (2) that the relief sought is appropriate equitable relief.'" *Warmenhoven*, 13 F.4th at 725 (citation and internal quotation marks omitted).

"Section 1132(a)(3) is a 'catchall' provision that allows appropriate equitable relief for injuries that § 1132 does not otherwise remedy." *Wit v. United Behavioral Health*, 79 F.4th 1068, 1086 (9th Cir. 2023) (citations omitted). Accordingly, "relief is not available under § 1132(a)(3) 'where Congress elsewhere provided adequate relief for a beneficiary's injury.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

*Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)).[8]

   In considering what constitutes "appropriate equitable relief . . . the Supreme Court identified three traditional equitable remedies available under § 1132(a)(3): reformation, equitable estoppel, and surcharge." *Id.* at 729 (citing *Amara*, 563 U.S. at 440-42). In the context of this claim, Plaintiff seeks a declaration that the 2019 Plan Document is invalid and an injunction requiring administration of the Plan in accordance with the 2013 Plan Document's terms.[9] (Compl. ¶¶ 111-116.) As this count is pleaded in substance, however, the relief Plaintiff seeks here is distribution of benefits under her conception of the 2013 Plan

---

[8] As Plaintiff notes, the Ninth Circuit has stated claims under ERISA Sections 502(a)(1)(B) and 502(a)(3) "may proceed simultaneously" so long as there is "no double recovery" or "plead distinct remedies." *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016) (citation omitted). Other authority clarifies, however, that a complaint that is not seeking "appropriate equitable relief" under Section 502(a)(3) is still subject to dismissal at the pleadings stage. *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 661-65 (9th Cir. 2019) (affirming dismissal of prohibited transaction claim despite plaintiffs labeling relief sought as equitable remedies of restitution and disgorgement where plaintiffs sought relief that was legal in nature after discussion of Supreme Court precedent regarding "appropriate equitable relief" under Section 502(a)(3)).

[9] In the Opposition, Plaintiff argues this claim does not fail because she seeks surcharge, reformation, an accounting, to impose a constructive trust, and removal of Committee members as fiduciaries in the Complaint's Prayer for Relief. (Opp. at 15-17.) Because Plaintiff does not adequately explain how these generalized forms of relief are connected to the instant claim, which seeks to invalidate the 2019 Plan Document and require administration of the 2013 Plan Document, the court finds this argument unpersuasive, particularly because the Complaint alleges seven other causes of action to which those remedies could relate. *Cf. Wit*, 79 F.4th at 1086 (concluding district court erred in concluding repossessing was available as an equitable remedy under Section 502(a)(3) where "[p]laintiffs and the district court did not explain or refer to precedent showing how reprocessing constitutes relief that was typically available in equity for infirm Guidelines unrelated to [p]laintiffs' claim for benefits").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

Document's terms. *See Mathews v. Chevron Corp.*, 362 F.3d 1172, 1185 (9th Cir. 2004) ("[I]n determining whether an action for equitable relief is properly brought under ERISA, we look to the substance of the remedy sought rather than the label placed on that remedy.") (cleaned up). That relief amounts to "'money damages' —the 'classic form of legal relief,'" *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 661 (9th Cir. 2019) (quoting *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)) (some internal quotation marks omitted), and is consequently duplicative of Plaintiff's Sections 502(a)(1)(B) and 404 claims. Accordingly, the court **DISMISSES** Plaintiff's claim under Section 502(a)(3) (Count VI). *See Wise*, 600 F.3d at 1190 (affirming dismissal of Section 502(a)(3) claim where relief requested was duplicative of relief plaintiff sought under other provisions of Section 502).

F.    Claim for Improper Indemnification under ERISA Section 410 (Count VIII)

Defendants contend Plaintiff's claim for improper indemnification under ERISA should be dismissed because it is moot in light of amendments to the relevant provision of the Plan effective as of 2021 that comport with Section 410 and that no indemnity was provided under the 2013 Plan Document. (Mot. at 23-25.) Plaintiff argues the 2013 Plan's provision regarding indemnity is void. (Opp. at 17-18.) Defendants note in the Reply that Plaintiff does not address Defendants' argument that the claim is moot or argue that the revised language violates ERISA Section 410. (Reply at 10.)

ERISA Section 410 provides, with certain exceptions, that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty . . . shall be void as against public policy." 29 U.S.C. § 1110(a). Section 410(a) does not preclude "(1) a plan from purchasing insurance for its fiduciaries or for itself to cover liability or losses occurring by reason of the act or omission of a fiduciary, if such insurance permits recourse by the insurer against the fiduciary in the case of a breach of a fiduciary obligation by such fiduciary"; "(2) a fiduciary from purchasing insurance to cover liability under this part from and for his own account" ; or "(3) an employer or an employee organization from purchasing insurance to cover potential liability of one or more persons who serve in a fiduciary capacity with regard to an employee benefit plan." *Id.* § 1110(b). Under the Department of Labor's interpretation of the statute, "[i]ndemnification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

provisions which leave the fiduciary fully responsible and liable, but merely permit another party to satisfy any liability incurred by the fiduciary in the same manner as insurance purchased under section 410(b)(3), are [] not void under section 410(a)."  29 C.F.R. § 2509.75-4.

Because Plaintiff does not address Defendants' contention that amendments to the Plan effective 2021 modify the language of the 2013 Plan Document's indemnity clause and thus moots her challenge to that provision under Section 410, Plaintiff has effectively conceded the point.[10]  *See, e.g.*, *Creamer v. Starwood Hotels & Resorts Worldwide, Inc.*, 2017 WL 2992739, at *2 n.1 (C.D. Cal. May 11, 2017) (plaintiffs conceded the merit of defendant's affirmative defenses by failing to address defendant's arguments in their opposition) (collecting cases); *Dairy Emps. Union Loc. No. 17 v. Poel*, 2014 WL 12884088, at *4 (C.D. Cal. Sept. 15, 2014) (defendant conceded its affirmative defenses were barred by failing to address plaintiffs' argument in its opposition).  Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for Improper Indemnification (Count VIII).

G.    Claim for Failure to Monitor (Count VII)

Defendants assert Plaintiff's claim for a failure to monitor should be dismissed because it is derivative of Plaintiff's breach of fiduciary duty claim.  (Mot. at 25.)  Plaintiff does not separately address Defendants' argument, or this cause of action more broadly, in her Opposition.  (*See generally* Opp.)

Given Plaintiff does not address Defendants' position, the parties effectively agree Plaintiff's failure to monitor claim is coextensive with Plaintiff's breach of fiduciary duty claim. *See, e.g.*, *Creamer*, 2017 WL 2992739, at *2 n.1; *Poel*, 2014 WL 12884088, at *4. Accordingly, Plaintiff's failure to monitor claim is likewise **GRANTED** as to Plaintiff's claim for Failure to Monitor (Count VII).

---

[10] The court expresses no view on the sufficiency of the 2019 Plan Document's relevant language.

**CIVIL MINUTES – GENERAL**                                        **20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                     Date: February 5, 2024
Title: Mary Nguyen v. Westlake Services Holding Company *et al.*

## IV.   Disposition

For the reasons stated, the Motion is **GRANTED IN PART AND DENIED IN PART**.
The Motion is **DENIED** as to Plaintiff's second breach of fiduciary duty claim and prohibited
transaction claim (Counts IV, V).  The Motion is **GRANTED** as to Plaintiff's other claims for
unlawful denial of benefits, violation of ERISA's anti-cutback provision, equitable relief under
Section 502(a)(3), improper indemnification, and failure to monitor (Counts I, II, VI, VII, and
VIII), as well as Plaintiff's first breach of fiduciary duty claim (Count III).  The latter seven
claims are **DISMISSED WITH LEAVE TO AMEND**.  *See Moss v. U.S. Secret Serv.*, 572
F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice
so requires, and requests for leave should be granted with extreme liberality.") (internal
quotation marks omitted) (citing, *inter alia*, Fed. R. Civ. P. 15(a)(2)).  An amended complaint
that comports with the rulings in this Order **SHALL BE FILED** within **thirty (30) days** of this
Order.  If no amended complaint is timely filed, the court may dismiss this action with prejudice
without further notice.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999); Fed.
R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku