Ronald S. Kravitz (SBN 129704)
MILLER SHAH LLP
19712 MacArthur Blvd.
Suite 222
Irvine, CA 92612
Tel.: +1.866.545.5505
Fax: +1.866.300.7367
Email: rskravitz@millershah.com

*Attorneys for Plaintiff Mary Nguyen and the*
*Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff**,**<br><br>    vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; DON HANKEY; BRET HANKEY; IAN ANDERSON; PAUL KERWIN, EUGENE LEYDIKER, GRACIA ANG, and DOES 1 - 50.<br><br>    Defendants. | Case No.: 8:23-cv-00854-FWS-ADS<br><br>**PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  August 8, 2024<br>TIME:   10:00 a.m.<br>COURTROOM:  10D<br>JUDGE: Hon. Fred W. Slaughter<br><br>Complaint Filed: May 15, 2023 |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES............................…..…7

I.    INTRODUCTION AND PROCEDURAL HISTORY……..……...………7

II.   THE PROPOSED SETTLEMENT……………………………………8

LEGAL ARGUMENT……………………………………………………......8

III.  THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23……………………………………………8

    A. The Settlement Class Is Sufficiently Numerous…………………………9

    B. There are Common Questions of Law and Fact…………………………9

    C. The Representative Plaintiff's Claims Are Typical……………………11

    D. The Representative Plaintiff Has Fairly And Adequately Protected The Interests Of The Settlement Class……………………………………….....12

    E. The Proposed Class Satisfies Rule 23(b)(1)'s Requirements…………..12

IV.  THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL……………………………………………………………..13

    A. Adequate Representation by Class Representative and Class Counsel…………………………………………………..………………..17

    B. Arm's-Length Negotiations……………………………………..…...17

    C. Adequate Relief for the Class…………………………………..........18

    D. Churchill Factors and Fear of Collusion……………………….…21

V.  Churchill Factors and Fear of Collusion…………………………..…22

VI.  THE COURT SHOULD APPROVE THE PROPOSED NOTICE………..23

    A. The Proposed Methods For Providing Notice Meet The Requirements For Approval……………………………………………………………23

    B. The Proposed Content Of The Notice Meets The Requirements For Approval……………………………………………………………...24

VII. CONCLUSION………………………………………………………25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaniz v. California Processors, Inc.*,
73 F.R.D. 269 (N.D. Cal. 1976)................................................................. 21

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997).................................................................... 12, 21

*Bayat v. Bank of the West*,
2015 WL 17443542 (N.D. Cal. Apr. 15, 2015) .................................. 26

*Bower v. Cycle Gear, Inc.*,
2016 WL 4439875 (N.D. Cal. Aug. 23, 2016) .................................... 22

*Brown v. Brewer*,
2012 WL 12882380(C.D. Cal. Jan. 18, 2012) .................................... 23

*Butler v. Home Depot, Inc.*,
1996 WL 421436 (N.D. Cal. Jan. 25, 1996) ....................................... 16

*Chao v. Aurora Loan Servs., LLC*,
2014 WL 4421308 (N.D. Cal. Sept. 5, 2014) ..................................... 28

*Ching v. Siemens Indus., Inc.*,
2014 WL 2926210 (N.D. Cal. June 27, 2014) .................................... 24

*Churchill Vill., LLC v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004)................................................. 17, 20, 28

*Cryer v. Franklin Templeton Ress., Inc.*,
2017 WL 4023149 (N.D. Cal. July 26, 2017)..................................... 14

*Glass v. UBS Fin. Serv., Inc.*,
2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ...................................... 24

*Grannan v. Alliant Law Grp., P.C.*,
2012 WL 216522 (N.D. Cal. Jan. 24, 2019) ...................................... 27

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1995) ........................................................................ 15

*Harris v. Vector Mktg. Corp.*,
   2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ............................................. 22

*In re Activision Sec. Litig.*,
   723 F.Supp. 1373 (N.D. Cal. 1989) ............................................................. 24

*In re Bluetooth Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ................................................................. 20, 26

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*,
   2019 WL 536661 (N.D. Cal. Feb. 11, 2019) ............................................... 13

*In re Diasonics Securities Litig.*,
   599 F.Supp. 447 (N.D. Cal. 1984) ............................................................... 13

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   2013 WL 12333442 (N.D. Cal. Jan. 8, 2013) .............................................. 14

*In re Elec. Data Sys. Corp. ERISA Litig.*,
   224 F.R.D. 613 (E.D.Tex. 2004) .................................................................. 17

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
   2011 WL 5244707 (S.D.N.Y. Nov. 2, 2011) ............................................... 23

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................. 17

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ........................................................................... 18

*In re MyFord Touch Consumer Litig.*,
   2019 WL 1411510 (N.D. Cal. Mar. 28, 2019) ............................................. 20

*In re Northrop Grumman Corp. ERISA Litig.*,
   2011 WL 3505264 (C.D. Cal. Mar. 29, 2011) ........................................ 14, 16

*In re NVIDIA Corp. Derivative Litig.*,
  2008 WL 5382544 (N.D. Cal. Dec. 22, 2008) ....................................................... 17

*In re Omnivision Techs., Inc.*,
  559 F.Supp. 2d 1036 (N.D. Cal. 2008) .......................................................... 23, 25

*In re Pacific Enters. Sec. Litig.*,
  47 F.3d at 379 ........................................................................................................ 24

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*,
  229 F.Supp. 3d 1052 (N.D. Cal. 2017) .................................................................. 20

*Kanawi v. Bechtel Corp.*,
  254 F.R.D. 102 (N.D. Cal. 2008) ............................................................................ 14

*Keele v. Wexler*,
  149 F.3d 589 (9th Cir. 1998) ................................................................................... 15

*Linney v. Cellular Alaska P'Ship*,
  1997 WL 450064 (N.D. Cal. July 18, 1997) .......................................................... 24

*Litty v. Merrill Lynch & Co., Inc.*,
  2015 WL 4698475 (C.D. Cal. Apr. 27, 2015) ........................................................ 18

*Mehling v. New York Life Ins. Co.*,
  246 F.R.D. 467 (E.D. Pa. 2007) .............................................................................. 17

*Mendoza v. Tucson Sch. Dist. No.*,
  623 F.2d 1338 (9th Cir. 1980) ................................................................................ 28

*Miletak v. Allstate Ins. Co.*, No. C,
  2010 WL 809579 ..................................................................................................... 13

*MWS Wire Indus., Inc. v. California Fine Wire Co.*,
  797 F.2d 799 (9th Cir.1986) .................................................................................... 17

*Narouz v. Charter Commc'ns, LLC*,
  591 F.3d 1261 (9th Cir.2010) .................................................................................. 18

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES

*Ogbuehi v. Comcast of California / Colorado / Florida / Oregon, Inc.*,
   303 F.R.D. 337 (E.D. Cal. 2014) ........................................................ 18

*Rieckborn v. Velti PLC*,
   2015 WL 468329 (N.D. Cal. Feb. 3, 2015) ........................................ 23

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ........................................................... 14

*Satchell v. Fed. Express Corp.*,
   2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ............................... 22, 26

*Scott v. United States Auto. Ass'n.*,
   2013 WL 1225170 (W.D. Wash. Jan. 7, 2013) ................................. 19

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001) .............................................................. 13

*Tibble v. Edison Intern.*,
   2009 WL 6764541 (C.D. Cal. June 30, 2009) .............................. 14, 17

*Vandervort v. Balboa Capital Corp.*,
   8 F.Supp. 3d 1200 (C.D. Cal. 2014) ................................................. 24

*Vasquez v. Coast Valley Roofing, Inc.*,
   266 F.R.D. 482 (E.D. Cal. 2010) ...................................................... 24

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .......................................................................... 21

*Williams v. First Nat'l Bank*,
   216 U.S. 582 (1910) .......................................................................... 17

*Wright v. Linkus Enters.*,
   259 F.R.D. 468 (E.D. Cal. 2009) ...................................................... 18

**Rules**

Fed. R. Civ. P. 23(a)(4) ........................................................................ 16
Fed. R. Civ. P. 23(e)(1)(B)(i) ............................................................... 13

Fed. R. Civ. P. 23(e)(1)(B)(ii), and (2) ..................................................... 13
Fed. R. Civ. P. 23(e)(2)(A) ........................................................................ 21
Fed. R. Civ. P. 23(e)(2)(C)(ii) ................................................................... 23
Fed. R. Civ. P. 23(g)(1)(A) ........................................................................ 27
Fed. R. Civ. P. 23(e)(2)(B) ........................................................................ 22
Fed. R. Civ. P.  23(e) ........................................................................... Passim
Rule 23 ................................................................................................ Passim
Rule 23(a) ..................................................................... 12, 13, 15, 16
Rule 23(a)(3) ............................................................................................... 15
Rule 23(b) ................................................................................................... 12
Rule 23(b)(1) .......................................................................... 8, 12, 16, 17
Rule 23(b)(1) or (2) .................................................................................... 17
Rule 23(c)(1)(B) ......................................................................................... 26
Rule 23(c)(2) ............................................................................................... 27
Rule 23(c)(2)(A) ............................................................................ 27, 28, 29
Rule 23(c), Rule 23(e) ................................................................................ 28
Rule 23(e)(1) ................................................................................... 27, 29
Rule 23(e)(1)(B)(i–ii) ................................................................................ 19
Rule 23(e)(2) ................................................................................. 19, 20, 25
Rule 23(e)(2)(C) ......................................................................................... 22
Rule 23(e)(3); and (D) ...................................................................... 20, 23
Rule 23(g) ........................................................................................... 26, 27

## Other Authorities

Manual for Complex Litigation (Fourth) § 21.61 (2004) ........................................ 18
Manual for Complex Litigation (Fourth) § 30.41 (1995) ........................................ 19
Manual for Complex Litigation (Fourth), § 21.61 (4th ed. 2004) ........................... 18
Manual for Complex Litigation § 21.632 (4th ed. 2004) ...................................... 12

## **NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Mary Nguyen, individually, on behalf of the proposed Settlement Class ("Plaintiff"), will and hereby does move the Court to grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion").[1]

Defendants are Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan (the "Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee (the "Committee"), Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "Defendants").

The Defendants do not oppose this Motion.

The hearing on this Motion will be held on August 8, 2024, at 10:00 a.m. in the Courtroom of the Honorable Fred W. Slaughter, located at the United States District Court for the Central District of California, 411 West 4th Street, Room 1053, Santa Ana, California.

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 23(e) and seeks an Order granting this Motion.

The Motion is based on this Notice of Motion and Motion; the Supporting Memorandum of Points and Authorities; the attached Declaration of Ronald S. Kravitz (including supporting exhibits) ("Kravitz Decl."); the pleadings, records, and papers on file in this action; and all other matter properly before this Court.

Plaintiff moves for the Court to enter an Order granting:

    a) class certification of the following proposed settlement class

---

[1] Note that terms not defined herein shall have the same meaning as in the Settlement Agreement.

under Rule 23(b)(1): All Plan participants whose employment with Westlake or any of its affiliates terminated between January 1, 2019, and March 31, 2020, with account balances greater than $5,000 in the Plan, and the beneficiaries of such participants (as applicable).

b) appointment of Miller Shah LLP as Class Counsel and Mary Nguyen, the Named Plaintiff, as the Class Representative;

c) approval of the proposed settlement as fair, reasonable, and adequate;

d) approval of the Notice to Class Members and the Class Member Payment Election Form to be disseminated to settlement class members in the form and manner proposed by the Plaintiff and the Defendants (the "Parties") as set forth in the settlement and exhibits thereto;

e) approval of the form CAFA notices;

f) appointment of Strategic Claims Services to serve as the Settlement Administrator;

g) approval of the Plan of Allocation proposed by Plaintiff and Class Counsel for allocating the Settlement Amount to Class Members as likely to receive final approval;

h) the request for deadlines for class notice to be sent, exclusion, and objection deadlines, and a hearing date and schedule for final approval of the Settlement and consideration of Class Counsel's fee application as follows:

i) the setting of a Fairness Hearing by no later than 120 calendar days after the date the Motion for Entry of the Preliminary Order is approved;

ii) leave for Class Counsel to file a motion for Final

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 8:23-cv-00854-FWS-ADS          -9-

1              Approval of the Settlement and for awards of Attorneys'

2              Fees and Class Representative Compensation at least 45

3              days prior to the Fairness Hearing;

4    iii)  that any objections and notice of intent to appear or supporting

5    documents be filed at least 28 days prior to the scheduled Fairness

6    Hearing; and

7    iv)  leave for Class Counsel to submit to the Court a mutually

8    agreed upon motion for entry of the Final Approval Order by no

9    later than 10 business days before the Fairness Hearing.

10

11 Dated: June 28, 2024

12

13                */s/ Ronald S. Kravitz*

14                Ronald S. Kravitz

15                MILLER SHAH LLP

16                456 Montgomery Street, Suite 1900

                  San Francisco, CA 94104

17                Telephone: (866) 540-5505

18                Facsimile: (866) 300-7367

                  mail: rskravitz@millershah.com

19                *Attorneys for Plaintiff and the Class*

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS
AND AUTHORITIES
CASE NO.: 8:23-cv-00854-FWS-ADS      -10-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Mary Nguyen ("Plaintiff") commenced this action on May 15, 2023, against Defendants Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan (the "Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee (the "Committee"), Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "Defendants").  The Defendants and Plaintiff are collectively referred to herein as the "Parties".

In the operative First Amended Complaint ("Complaint"), Plaintiff alleges, *inter alia*, that the Defendants failed to pay benefits under the terms of the Plan, breached their fiduciary duties in relation to the Plan, failed to follow the terms of the Plan, and/or abused their discretion in the management of the Plan and the interpretation of the Plan.  As a remedy, Plaintiff seeks recovery for: (i) the benefits owed to Plaintiff; (ii) losses to the Plan resulting from Defendants' fiduciary breaches; and (iii) the restoration to the Plan of any profits that may have been made by the breaching fiduciaries and parties in interest through the use of Plan assets.  The Complaint asserts seven individual counts.

Defendants deny all of Plaintiff's allegations.

Following initial discovery, which included the production of essential documents and participant data related to the Plan, the Parties requested a stay of certain deadlines in the Action pending a mediation.  ECF No. 41.  The Court granted in part and denied in part the requested stay and allowed Plaintiff and Defendants to engage in mediation.  ECF No. 42.

The Parties mediated the case with a well-respected neutral mediator, Robert A. Meyer (JAMS), on March 5, 2024, and April 29, 2024.

The Parties were able to reach a settlement agreement on June 28, 2024.  *See* Declaration of Ronald S. Kravitz ("Kravitz Decl."), Exhibit A.

## II.  THE PROPOSED SETTLEMENT

The Defendants have agreed to pay a Gross Settlement Amount of $1,250,000 to resolve Plaintiff's claims, inclusive of all claims for attorneys' fees and costs, as well as payment of the Class Representative's Compensation and the costs of administering the Settlement Agreement.

The amount paid to former participants in the Plan will be determined by a method of allocation that is based on the number of shares of company stock the participant owned as of March 31, 2020, the date of the Special Valuation. Participants will have the option of receiving the distribution as a rollover into a qualified account or directly by check.

## **LEGAL ARGUMENT**

## III.  THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23

Under Fed. R. Civ. P. 23(e), "claims, issues, or defenses of . . . a class proposed to be certified for purposes of settlement . . . may be settled . . . only with the court's approval."

Court approval of class action settlements under Rule 23(b)(1) occurs in three steps: (1) preliminary approval of the proposed settlement, including (if the class has not already been certified) conditional certification of the class for settlement purposes; (2) notice to the class providing the members with an opportunity to object to the settlement; and (3) a final fairness hearing concerning the fairness, adequacy, and reasonableness of the settlement. *See* Fed. R. Civ. P. 23(e); Manual for Complex Litigation § 21.632 (4th ed. 2004).

Certification of a settlement class is appropriate where the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are satisfied.  *See* Fed. R. Civ. P. 23(e).

In addition to the foregoing, a settlement class must satisfy one of the three subsections of Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614,

620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.  But other specifications of the rule . . . demand undiluted . . . attention in the settlement context.").

To receive court approval to send notice to the Class, the Parties must provide "sufficient" information for the court to determine that it will "likely" be able to (1) certify the class for purposes of judgment, Fed. R. Civ. P. 23(e)(1)(B)(ii), and (2) approve the settlement, Fed. R. Civ. P. 23(e)(1)(B)(i).

In turn, the Court evaluates whether certification of a settlement class is appropriate and whether the settlement is fundamentally fair, adequate, and reasonable. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 17-MD-02777- EMC, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019).

This Court should preliminarily certify the proposed Class for the purpose of settlement because it meets the requirements of Federal Rule of Civil Procedure 23.

**A. The Settlement Class Is Sufficiently Numerous**

The proposed class consists of 185 former participants in the Plan (Kravitz Decl. ¶ 6).

"[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2010 WL 809579, at *!0 (N.D. Cal. Mar. 5, 2010) (citing *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001).).

Thus, the numerosity requirement is satisfied.  *In re Diasonics Securities Litig.*, 599 F.Supp. 447, 451 (N.D. Cal. 1984) (finding that numerosity is established where there are potentially hundreds of class members).

**B. There are Common Questions of Law and Fact**

1
2
3
4

"[A] finding of commonality does not require that all class members share identical claims."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, 2013 WL 12333442, at *45 (N.D. Cal. Jan. 8, 2013) (citation and quotation marks omitted).

5
6
7

"The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Rodriguez v. Hayes*, 591 F.3d 1105, 1112 (9th Cir. 2010).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, several common questions of fact and law exist that pertain to the central issue in this matter – that is whether the Defendants breached their ERISA fiduciary duties in connection with the special valuation and segregation of company stock and the alleged failure to follow the terms of the Plan.  Courts in this Circuit routinely hold that the commonality element is satisfied in ERISA and other, similar cases.  *See Cryer v. Franklin Templeton Ress., Inc.*, No. C 16-4265 CW, 2017 WL 4023149, at *5 (N.D. Cal. July 26, 2017) (citing *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008) (finding that "[t]he common focus will be 'on the conduct of Hyatt Defendants: whether they breached their fiduciary duties to the Plan as a whole by paying excessive fees, whether they made imprudent investment decisions'"); *see also Tibble v. Edison Intern.*, No. CV 07–5359 SVW (AGRx), 2009 WL 6764541, at *3-*4 (C.D. Cal. June 30, 2009) (finding commonality satisfied where common issues included, *inter alia,* "[w]hether Hyatt Defendants breached the terms of the Plan documents by offsetting the costs of the recordkeeping and trustee services with certain fees and interest earned on Plan assets" and "[w]hether Hyatt Defendants chose certain investment options in order to maximize the amount of recordkeeping offsets the Hyatt Defendants could obtain from the mutual funds, rather than to maximize the return to the Plan participants"); *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *8-*9 (C.D. Cal. Mar. 29, 2011) (collecting cases).

Plaintiff has asserted breach of fiduciary duty claims and, therefore, the common questions are:

>    (a)    whether Defendants failed to discharge their duties with respect to the Plan solely in the interest of the Plan's participants for the exclusive purpose of providing benefits to participants and their beneficiaries;

>    (b)    whether Defendants breached their fiduciary duties under ERISA by implementing the special valuation of company stock as of March 31, 2020 and by failing to comply with the terms of the Plan;

>    (c) whether Plaintiff and the Class received less than fair market value for their Westlake shares;

>    (d)    Whether Defendants engaged in a prohibited transaction in connection with the segregation of Westlake stock; and

>    (e)    whether and what form of relief should be afforded to Plaintiff and the Class.

As explained above, the proposed Settlement Class satisfies Rule 23(a)'s commonality requirement for settlement.

**C. The Representative Plaintiff's Claims Are Typical**

"The purpose of [Rule 23(a)(3)'s] typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1995). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (9th Cir. 1998).

Here, Plaintiff's claims are typical of all other Class Members in that Plaintiff was a participant in the same Plan as all other Class Members and alleges that the Defendants engaged in ERISA violations in the same manner with respect to the Plan and all of its participants (*i.e.*, Plaintiff and the Class).

Plaintiff asserts the same legal claims on behalf of herself and the proposed

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 8:23-cv-00854-FWS-ADS        -15-

Class; namely, Class Members that sustained damages as a result of the Defendants' common course of conduct.

These similarities satisfy Rule 23(a)'s typicality requirements. *See In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL 3505264, at *10 (noting that courts have usually found typicality satisfied "in defined contribution cases despite the fact that participants have individual accounts and select their investment fund from a variety of available options") (internal citations omitted) (collecting cases holding the same).

**D. The Representative Plaintiff Has Fairly And Adequately Protected The Interests Of The Settlement Class**

The Representative Plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

The adequacy prong is satisfied when "the representative party's attorney [is] qualified, experienced and generally able to conduct the litigation; and [] the suit [is] not collusive and that the representative plaintiffs' interests [are] not antagonistic to those of the remainder of the class." *Butler v. Home Depot, Inc.*, No. C-94-4335 SI, 1996 WL 421436, at *3 (N.D. Cal. Jan. 25, 1996).

Here, Plaintiff and the Class she seeks to represent share common interests with respect to seeking compensation for the Defendants' alleged breaches of fiduciary duty. By proving her own claims, Plaintiff will necessarily help to prove the claims of her fellow Class Members. In addition, Plaintiff has no interests that are antagonistic to the Class, and she has actively participated in prosecuting the case and the mediation. (Kravitz Decl. ¶5.)

Further, Class Counsel are experienced class action litigators, including ERISA class actions, familiar with the legal and factual issues involved, and are highly qualified. (Kravitz Decl. ¶9.) Thus, the adequacy requirement is satisfied.

**E. The Proposed Class Satisfies Rule 23(b)(1)'s Requirements**

"[A] class action can be maintained if prosecuting separate actions by

individual class members would create a risk of either (A) inconsistent and varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." *Tibble*, 2009 WL 6764541, at *2. "Courts have noted that 'ERISA [fiduciary litigation] . . . presents a paradigmatic example of a (b)(1) class.'" *Id*. at *7 (quoting *In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436, 453 (S.D.N.Y. 2004); *see also In re Elec. Data Sys. Corp. ERISA Litig.,* 224 F.R.D. 613, 628 (E.D.Tex. 2004) ("Claims brought under ERISA section 502(a)(2) are typically certified under Rule 23(b)(1) or (2)."); *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 476 (E.D. Pa. 2007) (Because Plaintiffs are alleging a breach of fiduciary duty, any finding as to Defendants' alleged breach in an individual suit will affect the interests of Plan participants not parties to the suit).

Thus, the proposed Settlement meets the requirements of Fed.R.Civ.P. 23(b)(1), given the nature of this case and the relief sought on behalf of the Class.

## IV.   THE   SETTLEMENT   SATISFIES   THE   CRITERIA   FOR PRELIMINARY APPROVAL

Settlement spares litigants the uncertainty, delay, and expense of a trial, and reduces the burden on judicial resources. As a result, "[c]ompromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). "There is a strong policy favoring compromises that resolve litigation, and case law in the Ninth Circuit reflects that strong policy." *In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008) (referencing *MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799, 802 (9th Cir.1986) ("There is an overriding public interest in settling and quieting litigation."); *see also Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566,

576 (9th Cir. 2004) (noting that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Settlements are favored "particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Id.* (citing *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995)).

"Review of a proposed class action settlement generally involves two hearings." *Ogbuehi v. Comcast of California / Colorado / Florida / Oregon, Inc.*, 303 F.R.D. 337, 344 (E.D. Cal. 2014) (citing Manual for Complex Litigation (Fourth), § 21.61 (4th ed. 2004)). First, parties submit the terms of the settlement to the court and "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and the date of the final fairness hearing." Manual for Complex Litigation (Fourth) § 21.61 (2004). After the preliminary approval and notice to the class, the court shall conduct a final approbal hearing regarding the proposd settlement. *Id.*; *see also Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir.2010).

At the preliminary approval stage, the Court simply needs to ensure that the proposed settlement appears to be reasonable and within the range of what is fair. *See Litty v. Merrill Lynch & Co., Inc.*, 2015 WL 4698475, at *8 (C.D. Cal. Apr. 27, 2015) (explaining that at the preliminary approval phase, "the court need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval and, thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate" (quoting *Wright v. Linkus Enters.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009))). "Generally, preliminary approval will be granted if it appears to fall 'within the range of possible judicial approval' and 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class

representatives or of segments of the class, or excessive compensation for attorneys.' *Scott v. United States Auto. Ass'n.*, 2013 WL 1225170, at *1 (W.D. Wash. Jan. 7, 2013) (citing Newberg on Class Actions (Fourth) § 11:25 (2010) (quoting Manual for Complex Litigation (Fourth) § 30.41 (1995))).

New amendments to Rule 23 took effect on December 1, 2018.  These amendments provide further teaching on the standards that guide a court's preliminary approval analysis.[2]  Under the new Rule 23(e), in weighing a grant of preliminary approval, district courts must determine whether "giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(i–ii).  Because Rule 23(e)(2) sets forth the factors that a court must consider when weighing final approval, it appears that courts, in essence, must assess, at the preliminary approval stage, whether the parties have shown that the court will likely find that the factors weigh in favor of final settlement approval.

The amended Rule 23(e)(2) requires courts to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of

---

[2]Among other things, the new amendments set forth standards under Rule 23(e)(1)(B)(i–ii) that a district court must ensure are met prior to granting of preliminary approval of a proposed settlement, and factors under Rule 23(e)(2) that a district court must now consider when evaluating whether to grant final approval of a proposed settlement.  *See* Fed. R. Civ. P. 23(e).

payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

(Fed. R. Civ. P. 23(e)(2). *see In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at \*5 (N.D. Cal. Mar. 28, 2019).

Additionally, courts in the Ninth Circuit have traditionally considered eight factors to assist in weighing final approval and determining whether a settlement is substantively fair, reasonable, and adequate.  These factors are:

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Additionally, when settlements are negotiated prior to class certification, "courts must evaluate the settlement for evidence of collusion" among the negotiating parties.  *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 229 F.Supp. 3d 1052, 1064 (N.D. Cal. 2017) (citing *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

The discussion of the Rule 23(e) considerations will inevitably touch on several of the *Churchill* factors, including the risk, expense, complexity, and likely duration of further litigation.  The relevant factors under *Churchill* and Rule 23(e)(2) weigh in favor of the Settlement proposed here.

The Settlement Agreement is fair, adequate, and reasonable.  Additionally, this Settlement is certainly not the product of any collusion between the parties, but rather is a fair agreement between Parties reached after discovery and two days of

mediation.  Therefore, this Court should preliminarily approve the Settlement and certify the Settlement Class.

Plaintiff respectfully requests that this Court preliminarily approve the Settlement Agreement with the Defendants, appoint Plaintiff's counsel as Class Counsel, and authorize the issuance of Notice to Settlement Class Members.

## A.    Adequate Representation by Class Representative and Class Counsel

The adequacy inquiry looks to whether "the interests of the class representatives are antagonistic to those of the class and whether counsel for the named plaintiffs possess the requisite ability and expertise to conduct the litigation." *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 276 (N.D. Cal. 1976).

One of the purposes of assessing adequate representation is to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625.

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (citations and quotations omitted).

The Plaintiff has no antagonistic interests, has participated in discovery and a mediation, and assisted counsel and diligently represented the Class.

Class Counsel have investigated the action, reviewed significant discovery, worked with an expert, engaged in extensive conferences with opposing counsel, and negotiated the Settlement before the Court with the Defendants (Kravitz Decl**.,** ¶¶ 10-11**)**.

Moreover, Class Counsel are experienced ERISA practitioners.  (*See* Kravitz Decl. ¶ 12.)  As such, the Court should deem the representation to be adequate and in satisfaction of the requirements of Fed. R. Civ. P. 23(e)(2)(A).

## B.    Arm's-Length Negotiations

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 8:23-cv-00854-FWS-ADS          -21-

Here, the Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of Mediator Robert Meyer of JAMS, who the Parties met with on two  occasions.  (Kravitz Decl. ¶ 11.)  Plaintiff was represented in the Settlement negotiations by a team of attorneys who have considerable experience in ERISA litigation, and who are, therefore, well-versed in the legal and factual issues here.  (*Id.*)  The  Defendants were similarly represented by counsel with extensive experience defending complex litigation, including ERISA class actions.  The Settlement negotiations were contested and conducted in good faith. (*Id.*)

The participation of a well-respected mediator in this case is further assurance that the Settlement is the result of arm's-length negotiations.  *See Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's length bargaining."); *see also Satchell v. Fed. Express Corp.*, No 03-cv-2659-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2016 WL 4439875, at *5 (N.D. Cal. Aug. 23, 2016) ("[T]he parties reached their settlement after two full-day mediation sessions before impartial and experienced mediators, which strongly suggests the absence of collusion or bad faith by the parties or counsel.").

Accordingly, this factor weighs in favor of granting final approval and the requirements of Fed.R.Civ.P. 23(e)(2)(B) are also satisfied.

## C.    Adequate Relief for the Class

In assessing whether the proposed Settlement provides adequate relief for the putative class under Rule 23(e)(2)(C), the Court must  consider: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class

Member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

While Plaintiff believes that she would ultimately prevail, she recognizes the risks associated with complex litigation. This litigation involves complex factual and legal issues under ERISA. The Parties were fully aware of the risks of litigation and the complex issues involved, making this Settlement a reasonable and fair result under the circumstances. Moreover, there is a substantial likelihood of appeal from any final judgment. A certain result for Class Members now, rather than a possibly larger, but contingent one at some indefinite time years in the future, weighs in favor of approval of the Settlement.

The next factor looks at the method of distributing relief to class members. Fed. R. Civ. P. 23(e)(2)(C)(ii). "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23 Advisory Committee's note to 2018 amendment.

The method used in the present action is set forth in the Settlement Agreement. "Approval of a method of allocation of settlement proceeds in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable, and adequate. It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015) (citing *In re Omnivision Techs., Inc.*, 559 F.Supp. 2d 1036, 1045 (N.D. Cal. 2008)). "As numerous courts have held, a method of allocation need not be perfect." *Brown v. Brewer*, CV 06-3731-GHK (SHx), 2012 WL 12882380, at *1 (C.D. Cal. Jan. 18, 2012) (citing *In re Giant Interactive Grp., Inc. Sec. Litig.*, No. 07 Civ. 10588 (PAE), 2011 WL 5244707, at *8 (S.D.N.Y. Nov. 2, 2011)).

1    Under the Settlement, the Method of allocation is straightforward and fair to
2    all Class Members.  The Settlement Administrator will determine the amount of
3    the Settlement Allocation for each former participant based on the number shares
4    of company stock that they had in the Plan as of March 31, 2020, the date of the
5    special valuation.   The allocations are made in a manner proportionate to the size
6    of the losses resulting from the reduction in the share price of the Company's
7    shares as a result of the special valuation.

8    The next factor is the terms of any attorneys' fee award.  Class Counsel will
9    seek approval from the Court of their attorneys' fees not to exceed one third of the
10   Gross Settlement Fund, as well as litigation costs and expenses advanced and
11   carried by Class Counsel during this litigation.  Class Counsel's fee request falls
12   well within established Ninth Circuit precedent and that is manifestly reasonable in
13   light of the facts and circumstances of the case, including, among other things, the
14   results achieved, the skill and quality of work, the contingent nature of the fee, and
15   awards made in similar cases.  *See, e.g.*, *Vandervort v. Balboa Capital Corp.*, 8
16   F.Supp. 3d 1200, 1210 (C.D. Cal. 2014) (finding "33% award of fees and costs is
17   warranted"); *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *8 (N.D. Cal.
18   June 27, 2014) (finding "the request for attorneys' fees in the amount of 30% of
19   the common fund falls within the range of acceptable attorneys' fees in Ninth
20   Circuit cases"); *Glass v. UBS Fin. Serv., Inc.*, 2007 WL 221862, at *4 (N.D. Cal.
21   Jan. 26, 2007) (determining settlement of a wage and hour class action for 25 to
22   35% of the claimed damages to be reasonable in light of the uncertainties involved
23   in the litigation); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D.
24   Cal. 2010) (noting that "[t]he typical range of acceptable attorneys' fees in the
25   Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered
26   the benchmark"); *In re Pacific Enters. Sec. Litig.*, 47 F.3d at 379 (affirming fee
27   award equal to 33% of fund); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1375
28   (N.D. Cal. 1989) (affirming award of 32.8% fee); and *Linney v. Cellular Alaska*

*P'Ship*, 1997 WL 450064, at *7 (N.D. Cal. July 18, 1997) (permitting attorneys' fees in the amount 33.3% of $6,000,000 common fund and noting that "[c]ourts in this district have consistently approved attorneys' fees which amount to approximately one-third of the relief procured for the class").

Consideration of the next Rule 23(e)(2) factor, that class members are treated equitably, "could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 amendment. As set forth above, the Method of allocation is fair, and Class Members are being treated equitably.

**D.     Churchill Factors and Fear of Collusion**

The applicable *Churchill* factors favor preliminary approval. With regard to the first and fifth factors, Plaintiff's case is strong, and the Parties settled the action after exchanging substantial documents and information during the administrative review of Plaintiff's claims and the initial discovery conducted after Plaintiff filed the complaint. The second factor, the risk, expense, complexity, and potential for further duration, points in favor of settlement. The case is complex and involves novel issues relating to the valuation of shares of an employee stock ownership plan during the pandemic. While the case has resolved early in the litigation process, there nonetheless existed the potential for further litigation, including trial, post-trial motions, and a likely appeal. Additionally, the amount of the settlement, the fourth *Churchill* factor, is a strong achievement, especially given the nature of the claims and defenses and the uncertainty of trial. The Gross Settlement Amount is $1,250,000, and will provide significant recompense to former Plan participants. With respect to the sixth *Churchill* factor, all counsel in this case support the Settlement Agreement. *See In re Omnivision*, 559 F.Supp. 2d at 1043 (holding "[t]he recommendations of plaintiffs' counsel should be given a presumption of

reasonableness").  Counsel for both Plaintiff and the Defendants have broad experience litigating ERISA claims, and their knowledge regarding the case is strong considering the discovery conducted and the number of issues contested in this case.

Finally, the Settlement is clearly the result of arm's-length negotiations between experienced counsel for the Parties.  There is absolutely no concern of collusion in this case.  As explained above, "class counsel are not slated to receive a disproportionate distribution of the settlement."  *Bayat v. Bank of the West*, 2015 WL 17443542, at *7 (N.D. Cal. Apr. 15, 2015) (citation omitted).  Also, "because any attorneys' fees award will come out of the common fund, there is no 'clear sailing' agreement here that would warrant against settlement approval."  *Id.* (citing *In re Bluetooth*, 654 F.3d at 947 (noting the concern that such arrangements providing for the payment of fees separate from the class could signal an agreement between counsel to pay class counsel excessive fees, leaving the class with a subpar settlement)).  Moreover, the Parties negotiated before a respected mediator, Robert Meyer of JAMS.  *See Satchell*, 2007 WL 1114010, at *4 ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  In addition, the Settlement terms reached at mediation will be reviewed and approved by an independent fiduciary.   This agreement is the result of arm's-length negotiations, and there should be no concern of collusion among the Parties.

## V.  THIS COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

Rule 23(c)(1)(B) states that an order certifying a class action "must appoint class counsel under Rule 23(g)."  The court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

1  (iv) the resources counsel will commit to representing the class."  Fed. R. Civ. P.

2  23(g)(1)(A).

3       Plaintiff's counsel have considerable experience in litigating complex class

4  actions, including ERISA class actions.  Moreover, Plaintiff's counsel is willing to,

5  and does, take class actions to trial when a reasonable resolution cannot be

6  reached.   The work performed by Plaintiff's counsel in this matter, as well as their

7  substantial experience, provides more than an ample basis for finding that they

8  satisfy each applicable criterion under Rule 23(g), and are well qualified to serve

9  as Class Counsel.  (Kravitz Decl. ¶¶10-12.)  Plaintiff's counsel investigated the

10  action, conferred with an expert, engaged in extensive informal discovery, and

11  mediated the action.  Accordingly, Plaintiff's counsel should be appointed Class

12  Counsel.

13      **VI.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE**

14       The Parties also seek this Court's approval of the Notice procedures set out

15  in the Settlement and in full detail in the Kravitz Declaration.  Under the proposed

16  Notice plan, Strategic Claims Services will send direct Notice by email or by first

17  class mail to members of the Settlement Class and post the notice on a website

18  established for the case.  The manner in which this notice is disseminated, as well

19  as its content, must satisfy Rule 23(c)(2) (governing class certification notice),

20  Rule 23(e)(1) (governing settlement notice), and due process.  *See Grannan v.*

21  *Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522, at *3 (N.D. Cal.

22  Jan. 24, 2019).

23       Rule 23(c)(2)(A) provides that the Court may direct appropriate notice to the

24  class.  Fed. R. Civ. P. 23(c)(2)(A).  Similarly, Rule 23(e)(1) states that "[t]he court

25  must direct notice in a reasonable manner to all class members who would be

26  bound by the propos[ed] [settlement]."  Fed. R. Civ. P. 23(e)(1).

27      **A.    The Proposed Methods For Providing Notice Meet The**
               **Requirements For Approval**

28

The Parties propose that the Settlement Administrator mail an individual Notice to each Class Member.  (Kravitz Decl. ¶ 2, Ex. A – 1.)  Further, the Parties propose that the Settlement Administrator publish Notice on a dedicated website.  (*Id.* ¶ 2, Ex. A.)  These proposed methods of providing notice fully satisfy Rule 23(c), Rule 23(e), and due process.

## B.  The Proposed Content Of The Notice Meets The Requirements For Approval

The proposed content of the Notice also satisfies both Rule 23 and due process.  To satisfy Rule 23(c)(2)(A), the Notice must be appropriate. Fed. R. Civ. P. 23(c)(2)(A).  In addition, Rule 23(e) and due process require that notice of a proposed settlement must inform class members about the settlement's general terms, that the class members can seek complete information from the court files, and that any class member may appear and be heard at a final approval hearing.  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'  *Churchill Vill.*, 361 F.3d at 575 (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Notice meets these requirements.  The proposed mail and website Notice is written in plain English and describes: (1) the nature of the claims in the case; (2) a description of the Settlement Class; (3) a description of the Settlement and the relief to be provided; and (4) how to get more information from this Court about the Settlement, the parties involved and the procedures to follow to object.  (Kravitz Decl. ¶ 2, Ex. A -1.)  The Notice will include the deadline to object to the Settlement and the date of the Fairness Hearing.  (*Id.*)  The Notice states that Class Members can enter an appearance through their own counsel if desired.  Accordingly, the contents of the Notice meet all requirements and fully apprises Class Members about their options.  *See Chao v. Aurora Loan Servs.*,

*LLC*, 2014 WL 4421308, at *6 (N.D. Cal. Sept. 5, 2014) (approving notice which "describes the nature of the action, summarizes the terms of the settlement, identifies the different classes and provides instruction on how to opt out and object, and the proposed fees and expenses to be paid to Plaintiff's counsel and the claims administrator").

Class Counsel propose a Notice that will maximize the opportunity for members of the Class to understand the nature of the Class, the Settlement, and to respond appropriately if they so choose. The costs of the Notice will be paid out of the Gross Settlement Fund. Plaintiff has endeavored to secure the most efficient Notice program possible, which can be done using the addresses of the Plan's former Participants.

Such Notice plans are commonly used in class action settlements like this one and constitute valid, due, and sufficient notice to class members, and satisfy both Rule 23(c)(2)(A)'s appropriateness standard and Rule 23(e)(1)'s "notice in a reasonable manner" standard. *See, e.g.*, Moore's Federal Practice - Civil § 23.102[3][a]-[c]. The parties therefore respectfully move this Court to approve the proposed form and manner of Notice to the Settlement Class.

## VII.   CONCLUSION

Plaintiff, individually, on behalf of the proposed Settlement Class and the Defendants, respectfully submits this Memorandum of Points and Authorities in Support of her  Unopposed Motion for Preliminary Approval of Class Action Settlement, requests the Court issue an Order that: (1) preliminarily approves the Settlement; (2) preliminarily certifies the proposed Settlement Class; (3) approves the proposed Notice Plan  in the  Settlement Agreement and proposed Preliminary Approval Order; and (4) sets a final approval hearing on a date convenient for the Court at least 120 calendar days after entry of the proposed Preliminary Approval Order.

1

2  Dated: June 28, 2024            */s/ Ronald S. Kravitz*

3                                 Ronald S. Kravitz

4                                 MILLER SHAH, LLP
                                   19712 MacArthur Blvd.
                                   Suite 222
5                                  Irvine, CA 92612
                                   Tel.: +1.866.545.5505
6                                  Fax: +1.866.300.7367

7                                  Email: rskravitz@millershah.com

8                                  *Attorneys for Plaintiff Mary Nguyen  and the*
                                   *Putative Class*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS
AND AUTHORITIES
CASE NO.: 8:23-cv-00854-FWS-ADS            -30-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Ronald. S. Kravitz*