Ronald S. Kravitz (SBN 129704)
MILLER SHAH LLP
19712 MacArthur Blvd.
Suite 222
Irvine, CA 92612
Tel.: +1.866.545.5505
Fax: +1.866.300.7367
Email: rskravitz@millershah.com

*Attorneys for Plaintiff Mary Nguyen and the
Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; DON HANKEY; BRET HANKEY; IAN ANDERSON; PAUL KERWIN, EUGENE LEYDIKER, GRACIA ANG, and DOES 1 - 50.<br><br>Defendants. | Case No.: 8:23-cv-00854-FWS-ADS<br><br>**DECLARATION OF RONALD S. KRAVITZ IN SUPPORT OF PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF CLASS NOTICE**<br><br>Judge: Hon. Fred W. Slaughter<br><br>Complaint Filed: May 15, 2023 |

I, Ronald S. Kravitz, hereby declare under penalty of perjury under the laws of the United States as follows:

1

1. I am an attorney at Miller Shah LLP ("Miller Shah") and am Class Counsel for Plaintiff, Mary Nguyen ("Plaintiff"), in the above-captioned action (the "Action").  I am admitted to practice law in the State of California and have personal knowledge of the facts set forth herein. Capitalized terms contained in this declaration have the same meaning as set forth in the Settlement Agreement, unless otherwise noted herein.

2. Attached as **Exhibit "A"** is a true and correct copy of the Settlement Agreement dated June 28, 2024.[1]  The exhibits to the Settlement Agreement include:

**Exhibit 1** – [Proposed] Notice;

**Exhibit 2** – [Proposed] Payment Election Form;

**Exhibit 3 - [**Proposed] Preliminary Approval Order;

**Exhibit 4** – [Proposed] Final Approval Order; and

**Exhibit 5** – [Proposed] CAFA Notice

3. Plaintiff Mary Nguyen and Defendants Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan (the "Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee (the "Committee"), Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "Defendants") (the "Parties") have agreed to treat this case as a class action for settlement purposes, as doing so will provide important benefits in terms of, *inter alia*, settlement administration. First, Class Members will receive the protections inherent in a class action settlement and the benefit of this Court's review and

---

[1] Terms not defined herein shall have the same meaning as in the Settlement Agreement.

RONALD S. KRAVITZ DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED AMENDED
MOTION FOR PRELIMINARY APPROVAL
CASE NO. 8:23-CV-00854-FWS-ADS

approval of the Settlement. Second, the Settlement will ensure that Class Members receive adequate notice regarding the Settlement, the claims they are releasing, and how they may object to the Settlement. Third, treatment of the Action as a class action for settlement purposes provides a means for reliable administration of the Settlement by Strategic Claims Services ("SCS"), the neutral Settlement Administrator discussed below, and a review by an Independent Fiduciary. Fourth, consistent with claims in this Action being asserted on behalf of Plaintiff, the Class, and the Plan, the effect of certifying the Class as defined in the First Amended Complaint ("Complaint") accomplishes the same objective sought throughout the litigation—a recovery on behalf of former participants in the Plan. In addition, and importantly, for the reasons set forth in the contemporaneously-filed Memorandum of Law accompanying Plaintiff's Motion for Preliminary Approval of the Class Action Settlement, Plaintiff respectfully submits that this case meets all of the requirements for certification of a class action under Federal Rule of Civil Procedure 23.

4. The Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of the Mediator, Robert A. Meyer, Esquire, of JAMS, a well-respected and experienced neutral mediator who the Parties met with formally and informally on several occasions. Plaintiff was represented in the Settlement negotiations by a team of attorneys with considerable experience in ERISA litigation, who have engaged extensively in fact discovery in this case, and who are well-versed in the legal and factual issues in this Action. Defendants were similarly represented by counsel with extensive experience defending complex litigation, including ERISA class actions. The settlement negotiations were contested and conducted in good faith.

RONALD S. KRAVITZ DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED AMENDED
MOTION FOR PRELIMINARY APPROVAL
CASE NO. 8:23-CV-00854-FWS-ADS

5.      Plaintiff has actively participated in the Action from the onset and (i) assisted Class Counsel in drafting the pleadings and other papers filed in the Class Action; (ii) consulted with Class Counsel as needed; (iii) answered informal discovery requests; (iv) provided additional information relating to the administration of the Plan; (v) participated in strategy and settlement discussions with Class Counsel; (vi) participated in the mediation sessions; and (vii) otherwise assisted in representing the interests of the Plan and the Class members.  Plaintiff also participated in regular conference calls with Class Counsel to ensure that she remained fully apprised of all developments in the Action. Plaintiff fully understands the nature of her claims, as well as her duties and responsibilities as a Class Representative to the Plan, and she has no interests antagonistic to the Plan or members of the Settlement Class.

6.      Based upon the number of accounts in the Plan during the Class Period and communications with defense counsel, Class Counsel estimates that there are approximately 185 Settlement Class members.

7.      To engage a settlement administrator, Class Counsel has selected (and the Parties have agreed upon) SCS to be the Settlement Administrator.  SCS has more than 20 years of experience administering class action settlements and has successfully administered a number of complex ERISA class action settlements in an efficient and effective manner. *See* **Exhibit "B,"** which provides a description of the services provided by SCS and the resume of Paul Mulholland, CPA, the principal of SCS. SCS also has robust procedures for handling Class Member data, and insurance protection.

8.      This Settlement is consistent with other settlements involving analogous ERISA breach of fiduciary duty claims administered by SCS. *See* **Exhibit "C," w**hich provides a breakdown of examples of ERISA settlements

4

administered by SCS in the past 10 years by (i) total settlement fund; (ii) number of class members; (iii) potential class members to whom notice was sent; (iv) method of notice; (v) claims percentage; (vi) average recovery per class member; (vii) *cy pres* distributions, administrative costs; (viii) attorneys' fees and costs, and injunctive and non-monetary relief; as well as (ix) a list of examples of cases in which SCS was engaged by Miller Shah.

9.    Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide.[2]  In ERISA class and representative actions, James E. Miller, Ronald S. Kravitz, Laurie Rubinow and Alec J. Berin of Miller Shah have served as lead or co-lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on behalf of retirement plans and their participants, including *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.,* No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young and resulting in a settlement valued at more than $400 million for a class of retirement plans); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway, Inc.*, No.

[2] *See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

RONALD S. KRAVITZ DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL
CASE NO. 8:23-CV-00854-FWS-ADS

4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *Jones v. Coca-Cola Consolidated, Inc*., No. 3:20-cv-00988 (W.D.N.C.) (settlement of $3.5 million for class of plan participants); *Barcenas v. Rush Univ. Medical Ctr.*, No. 22-cv-00366 (N.D. Ill.) (settlement of $2.95 million for class of plan participants); *Allison v. L Brands, Inc.*, No. 2:20-cv-06018-EAS-CMV (S.D. Ohio) (settlement of $2.75 million for class of plan participants); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv-00988 (W.D. Tex.) (settlement of $1.875 million for class of plan participants); *Hay v. Gucci, Inc*., No. 2:17-cv-07148 (D.N.J.) ($1.2 million settlement for class of plan participants in small defined contribution retirement plan); and *Baird v. Hyatt Corporation et. al., No.* Case No.: 2:22-cv-01620-DSF(Ex) ($1.475,000 settlement for class). Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to represent the interests of the Plan and the Settlement Class in this case.

10.     During the course of this Action and the settlement negotiations, the Parties exchanged information sufficient to enable counsel to evaluate the strength of the claims and risks of continued litigation. Specifically, Defendants produced and Plaintiff and Class Counsel reviewed relevant documents and communications reflecting the relationships between and among fiduciaries, Defendants' management and administration of the Plan, and Defendants' process for administering the Plan. These documents included Plan documents, summary Plan descriptions, and amendments to the Plan, as well as materials related to the special valuation.

11.     Prior to reaching the Settlement, the Parties also communicated their respective positions concerning Plaintiff's likelihood of success on the claims and potential recovery on behalf of the Plan; conducted independent analyses to

support their claims and defenses and evaluate potential resolutions; and participated in two mediation sessions on March 5, 2024 and April 29, 2024. The final terms of the Settlement were reached in the weeks following the mediation session.  There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

12.   As noted above, Class Counsel have significant experience in similar litigation and are well-informed as to the specifics of this Class Action. Class Counsel's thorough investigation, coupled with the document discovery conducted in this Action, has afforded them a significant understanding of the merits of the claims asserted herein, the strength of Defendants' defenses, and the values of theoretical outcomes of the case.

13.   Based upon the claims remaining in the case, Plaintiff estimates the realistic and supportable losses to the Class are approximately $3.4 million based on distributions using the December 31, 2019, pre-special valuation share price of $39.70 per share.

14.   Class Counsel have fully investigated and developed this Action, reviewed document productions sufficient to meaningfully assess the strength of Plaintiff's claims and worked with an expert to evaluate the strength of the losses and the potential damages.  Class Counsel will continue to represent vigorously the interests of the Plan and the Settlement Class.

15.   Class Counsel anticipates seeking an award of attorneys' fees of up to one third of the Gross Settlement Amount, plus litigation expenses. Class Counsel prosecuted the Action on a contingent basis and advanced all associated costs, with no expectation of recovery in the event the litigation did not result in a recovery for the Settlement Class.

RONALD S. KRAVITZ DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED AMENDED
MOTION FOR PRELIMINARY APPROVAL
CASE NO. 8:23-CV-00854-FWS-ADS

16.     Class Counsel's collective lodestar to date exceeds $350,000 with Miller Shah having devoted more than 540 hours of work to this engagement. In addition, Class Counsel expect to devote at least $30,000 to $60,000 in additional lodestar to resolve this matter fully and successfully, including addressing inquiries from members of the Settlement Class throughout the Settlement administration process. Thus, Class Counsel anticipate requesting a modest multiplier of less than their lodestar at the time they submit their formal application for an award of attorneys' fees and expenses. In addition, Class Counsel has incurred expenses in excess of $25,000 to date, with the significant majority of those expenses devoted to the mediation. Class Counsel also will continue to incur significant expenses in connection with the remaining work to be performed to fully effectuate the Settlement if the Court approves it.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of June, 2024, at San Francisco, California.

Dated: June 28, 2024

                                        /s/ *Ronald S. Kravitz*
                                        Ronald S. Kravitz

# EXHIBIT A

MORGAN, LEWIS & BOCKIUS LLP
Julianne G. Park, Bar No. 312791
julianne.park@morganlewis.com
300 South Grand Ave., 22nd Fl.
Los Angeles, CA 90071
Tel.: +1.213.612.2500
Fax.: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Matthew J. Sharbaugh, Bar No. 260830
matthew.sharbaugh@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: +1.202.739.3000
Fax.: +1.202.739.3001

MORGAN, LEWIS & BOCKIUS, LLP
Jeremy P. Blumenfeld (*pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: +1.215.963.5000
Fax: +1.215.963.5001

*Attorneys for Defendants*

MILLER SHAH LLP
Ronald S. Kravitz (SBN 129704)
rskravitz@millershah.com
19712 MacArthur Blvd.
Suite 222
Irvine, CA 92612
Tel.: +1.866.545.5505
Fax: +1.866.300.7367

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY, *et al.*,<br><br>Defendant | Case No. 8:23-cv-854-FWS-ADS<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

This class action settlement agreement ("Settlement Agreement") is entered into between and among, on the one hand, Class Representative Mary Nguyen (the "Class Representative"), on her own behalf and, subject to Court approval, on behalf of all putative Class Members (as defined below), and, on the other hand, Defendants Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan (the "Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee (the "Committee"), Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "Defendants," and together with the Class Representative and Class Members, the "Settling Parties"), in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

## 1.    ARTICLE 1 – RECITALS

**1.1.**    On May 15, 2023, the Class Representative filed a class action complaint (the "Complaint") (ECF No. 1) in the United States District Court for the Central District of California, asserting claims against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, in relation to the Plan, seeking recovery for the alleged diminution in the value of Plan assets.  The Complaint asserted eight individual counts.

**1.2.**    On July 18, 2023, Defendants filed a motion to dismiss the Complaint. ECF No. 12.

**1.3.**    On February 5, 2024, the Court entered an order granting in part and denying in part Defendants' motion to dismiss.  ECF No. 37.  The Court granted dismissal of Counts I, II, III, VI, VII, and VIII, and denied dismissal of Counts IV and V.

**1.4.**    On March 4, 2024, Plaintiff filed an amended complaint (the "Amended Complaint").  ECF No. 38.  The Amended Complaint asserted seven of the eight claims asserted in the Complaint, but did not reassert Count VIII.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CLASS ACTION SETTLEMENT
AGREEMENT

**1.5.**    Following initial discovery, which included the production of essential documents and participant data related to the Plan, the Settling Parties requested a stay of certain deadlines in the Action pending a mediation.  ECF No. 41.  The Court granted in part and denied in part the requested stay, and allowed the Class Representative and Defendants to engage in mediation.  ECF No. 42.

**1.6.**    On April 29, 2024, the Class Representative and Defendants engaged in a full-day private mediation before Robert A. Meyer of JAMS.  This followed an initial half-day mediation session on March 5, 2024.  Through participation in mediation, the Settling Parties were able to candidly exchange positions and supporting information concerning the claims and defenses in the Action and the alleged losses. On the day of the April 29 mediation, the Class Representative and Defendants reached an agreement in principle to resolve this Action.  The entire terms of the settlement are memorialized in this Settlement Agreement.

**1.7.**    The Class Representative and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate, and that this Settlement will result in significant benefits to the Class as defined herein.

**1.8.**    Defendants deny all liability to the Class Representative, deny all of the Claims made in the Action, deny all allegations of wrongdoing made in the Complaint and Amended Complaint in this Action, and deny that the Class Representative, the Plan, or any of the Plan's current or former participants, Class Members, or Beneficiaries suffered any losses.  Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plan.  This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' part (or the part of any officers, directors, or employees of Defendants with responsibility for the Plan) of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CLASS ACTION SETTLEMENT
AGREEMENT

1   any fault or liability whatsoever.

2       **1.9.** To avoid the risks and uncertainty of further litigation, and after

3   consulting with their respective counsel and considering the facts and applicable law,

4   the Settling Parties wish to fully and finally resolve this Action upon the terms and

5   conditions set forth in this Settlement Agreement.

6       **1.10.** Therefore, the Settling Parties, in consideration of the promises,

7   covenants, and agreements herein described, acknowledged by each of them to be

8   satisfactory and adequate, and intending to be legally bound, do hereby mutually

9   agree to the terms of this Settlement Agreement.

10  **2.     ARTICLE 2 – DEFINITIONS**

11      As used in this Settlement Agreement and the Exhibits hereto (as listed in

12  Paragraph 12.16), unless otherwise defined, the following terms have the meanings

13  as specified below:

14      **2.1.** "Action" means the action captioned *Nguyen v. Westlake Services*

15  *Holding Company et. al.*, Case No. 8:23-cv-00854, pending in the United States

16  District Court for the Central District of California.

17      **2.2.** "Administrative Expenses" means expenses incurred in the

18  administration of this Settlement Agreement, including (1) all fees, expenses, and

19  costs associated with providing the Class Notice and Class Member Payment

20  Election Form to the Class; (2) related tax expenses (including taxes and tax expenses

21  as described in Paragraph 5.3); (3) all expenses and costs associated with the

22  calculations pursuant to the Plan of Allocation and distribution of funds under the

23  Plan of Allocation, including but not limited to the fees of the Plan's recordkeeper

24  associated with implementing this Settlement Agreement, facilitating the distribution

25  of funds under the Plan of Allocation, and gathering the data necessary to prepare the

26  Plan of Allocation; (4) all fees and expenses associated with the Settlement Website

27  and telephone support line described in Article 11; (5) all other fees and expenses of

28  the Settlement Administrator, Independent Fiduciary (including the Independent

Fiduciary Fees and Costs as defined below), and the Escrow Agent; and (6) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715 ("CAFA"). Excluded from Administrative Expenses are Defendants' internal expenses, recordkeeping expenses (other than those described in subparagraph (3) above), and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

2.3. "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action, all of which shall be recovered from the Gross Settlement Amount.

2.4. "Beneficiary" means a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Class Member's interest in the Plan. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual, entity, or trust designated by the Class Member as determined under the terms of the Plan who currently is entitled to a benefit.

2.5. "Business Days" refers to the days between Monday and Friday of each week, inclusive, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

2.6. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.7. "Claims" means the claims asserted in the Action.

2.8. "Claims Deadline" means a date that is no later than twenty-one (21) calendar days before the Fairness Hearing.

2.9. "Class" or "Class Members" means each of the individuals in the Settlement Class. Where applicable, such as with regard to the notice and payment provisions of this Settlement Agreement, this term shall apply to either the former employee participants or the beneficiaries of such participants, whomever of which

is to receive an allocation of the Net Settlement Amount.

**2.10.** "Class Counsel" means Miller Shah, LLP, 465 Montgomery Street, Suite 1900, San Francisco, CA 94104.

**2.11.** "Class Member Payment Election Form" means the form described generally in Article 3 and substantially in the form attached as Exhibit 2.

**2.12.** "Class Notice" means the form of notice provided to the Class Members that complies with the requirements of Article 3 in this Agreement, Rule 23, and as approved by the Court. The Class Notice shall inform Class Members of the Claims Deadline by which they must file a completed Class Member Payment Election Form to be eligible for a rollover distribution in accordance with the Plan of Allocation.

**2.13.** "Class Representative" means Mary Nguyen.

**2.14.** "Class Representative Compensation" means the amount awarded by the Court as compensation for the services provided by the Class Representative in the Action and the risks assumed by the Class Representative in the Action, all of which shall be recovered from the Gross Settlement Amount.

**2.15.** "Confidentiality Order" means the stipulated protective order entered by the Court in this Action on January 9, 2024. ECF No. 34.

**2.16.** "Court" means the United States District Court for the Central District of California.

**2.17.** "Defendants" means Westlake Services Holding Company, Westlake Services Holding Company Employee Stock Ownership Plan, Westlake Services Holding Company Employee Stock Ownership Plan Committee, Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang.

**2.18.** "Defendants' Counsel" means counsel for Defendants, Morgan, Lewis & Bockius LLP.

**2.19.** "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the

1  initiation of a Review Proceeding, or, if a Review Proceeding has been timely
2  initiated, that it has been fully and finally resolved, either by court action or by
3  voluntary action of any party, without any possibility of a reversal, vacatur, or
4  modification of any judicial ruling, order, or judgment, including the exhaustion of
5  all proceedings in any remand or subsequent appeal and remand.  The Settling Parties
6  agree that absent an appeal or other attempted Review Proceeding, the Final
7  Approval Order becomes Effective thirty-five (35) calendar days after its entry.

8       **2.20.**  "Effective Approval Order" means the Final Approval Order once it
9  becomes Effective.

10      **2.21.**  "ERISA" means the Employee Retirement Income Security Act of
11  1974, 29 U.S.C. § 1001 *et seq.*, as amended.

12      **2.22.**  "Escrow Agent" means the entity chosen and approved by the Settling
13  Parties to act as escrow agent for any portion of the Settlement Amount deposited in
14  or accruing in the Settlement Fund pursuant to this Settlement Agreement.

15      **2.23.**  "Fairness Hearing" means the hearing scheduled by the Court to
16  consider (1) any objections from Class Members to the Settlement Agreement; (2)
17  Class Counsel's request for Attorneys' Fees, Costs, and Administrative Expenses;
18  and the Class Representative's request for Class Representative Compensation; and
19  (3) whether to finally approve the Settlement pursuant to Fed. R. Civ. P. 23.

20      **2.24.**  "Final Approval" means the entry of the Final Approval Order.

21      **2.25.**  "Final Approval Order" means the order and final judgment approving
22  the Settlement Agreement, implementing the terms of this Settlement Agreement,
23  and dismissing the Action with prejudice, to be proposed by the Settling Parties for
24  approval by the Court, in substantially the form attached as Exhibit 4 hereto.

25      **2.26.**  "Gross Settlement Amount" means the sum of One Million Two-
26  Hundred-Fifty Thousand Dollars and No Cents ($1,250,000), contributed to the
27  Qualified Settlement Fund pursuant to Article 5.  The Gross Settlement Amount shall
28  be the full and sole monetary payment made on behalf of Defendants in connection

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CLASS ACTION SETTLEMENT
AGREEMENT

with the Settlement effectuated through this Settlement Agreement, pursuant to Paragraph 5.6.

2.27. "Independent Fiduciary" means the person or entity selected by Defendants to serve as an independent fiduciary to the Plan with respect to the Settlement Agreement for the purpose of rendering the determination described in Article 3 herein.

2.28. "Independent Fiduciary Fees and Costs" means all reasonable fees, costs, and expenses of the Independent Fiduciary, all of which shall be recovered from the Gross Settlement Amount. The Independent Fiduciary Fees and Costs shall be paid from the Settlement Fund after such funds are deposited with the Escrow Agent and upon receipt of an invoice from the Independent Fiduciary.

2.29. "March 2020 Valuation" means the valuation of Westlake Shares as of March 31, 2020, as performed by the Plan's auditor on or around April 22, 2020.

2.30. "Net Settlement Amount" means the Gross Settlement Amount minus: (1) all Attorneys' Fees and Costs approved by the Court; (2) all Class Representative Compensation approved by the Court; (3) all Administrative Expenses approved by the Court and all tax-related expenses pursuant to Paragraph 5.3.

2.31. The "Plan" means the Westlake Services Holding Company Employee Stock Ownership Plan.

2.32. "Plan of Allocation" means the framework for allocating the Settlement Fund that is approved by the Court as set forth below in Paragraph 6.

2.33. "Plan Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

2.34. "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 3.

2.35. "Qualified Settlement Fund" or "Settlement Fund" means the interest-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CLASS ACTION SETTLEMENT
AGREEMENT

bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 herein as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.36.** "Released Claims" means any and all claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, including both known and unknown claims, whether class, derivative, or individual in nature against any of the Released Parties and Defendants' Counsel from the beginning of time through the date of the Final Approval Order:

      a.     That were asserted in the Action, or that arise out of, relate to, or are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences that are alleged or asserted in the Action or could have been alleged or asserted based on the same factual predicate, whether or not pleaded in the Complaint or Amended Complaint, including but not limited to those that arise out of, relate in any way to, are based on, or have any connection with: (1) Class Members' participation in the Plan and their benefits under the Plan, including but not limited to any Westlake stock benefits or dividends, (2) Westlake's alleged breach of fiduciary duty or alleged prohibited transactions with respect to their Plan assets and any claimed diminution in value from those alleged acts; and (3) Westlake's valuation, calculation, payment, or distribution of any Plan benefits, including but not limited to any Westlake stock benefits or dividends; or

      b.     That would be barred by res judicata based on entry by the Court of the Final Approval Order; or

      c.     That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation or to any action taken or not taken by the Settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

CLASS ACTION SETTLEMENT
AGREEMENT

Administrator in the course of administering the Settlement; or

d. That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone; and

e. The Class Representative, Class Members, and the Plan expressly waive and relinquish all rights and benefits afforded to them by Section 1542 of the Civil Code of the State of California and do so understanding and acknowledging the significance and consequence of such specific waiver of Section 1542. Section 1542 states as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge of the Releasees, and each of them, Class Representative, Class Members, and the Plan expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all claims which Class Representative, Class Members, and the Plan do not know or suspect to exist in their favor at the time of execution hereof, and that this Agreement contemplates and intends the extinguishment of any and all such claims. In particular, Class Representative, Class Members, and the Plan understand that the claims asserted in the Action could change, based on information learned in discovery in the Action or otherwise, and that their obligations under this Agreement, including their release in favor of the Defendants and the Plan would bar such new, modified, or added claims.

**2.37.** "Released Claims" specifically exclude any claims wholly unrelated to this Settlement or this Action that the Class Representative or Class Members have to the value of their respective vested account balances under the terms of the Plan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

CLASS ACTION SETTLEMENT
AGREEMENT

1   and according to the Plan's records as of the date of the Effective Approval Order.

2      **2.38.** "Released Parties" means (1) each Defendant; (2) each Defendants'

3   past, present, and future parent corporation(s); (3) each Defendants' past, present,

4   and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors,

5   successors-in-interest, and assigns; (4) with respect to (1) through (3) above, all of

6   their employee benefit plan fiduciaries (with the exception of the Independent

7   Fiduciary), administrators, service providers (including their owners and employees),

8   consultants, subcontractors, boards of trustees, boards of directors, officers, trustees,

9   directors, partners, agents, managers, members, employees, representatives,

10  attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants,

11  auditors, advisors, personal representatives, heirs, executors, administrators,

12  associates, and all persons acting under, by, through, or in concert with any of them;

13  and (5) the Plan and any and all administrators, fiduciaries, advisors, consultants,

14  service providers, parties in interest, and trustees of the Plan.

15     **2.39.** "Settlement" or "Settlement Agreement" refers to the agreement

16  embodied in this agreement and its exhibits.

17     **2.40.** "Settlement Administrator" means Strategic Claims Services, an

18  independent contractor to be retained by Class Counsel and approved by the Court

19  for purposes of providing the Class Notice and Class Member Payment Election

20  Form to the Class, preparing and sending notices required by CAFA, establishing the

21  Settlement Website and telephone support line, and administering the Settlement as

22  provided in this Settlement Agreement.

23     **2.41.** "Settlement Agreement Execution Date" means that date on which the

24  final signature is affixed to this Settlement Agreement.

25     **2.42.** "Settlement Class" or "Class" means the following class to be certified

26  by the Court:

27      All Plan participants whose employment with Westlake or any of its

28      affiliates terminated between January 1, 2019, and March 31, 2020,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

with account balances greater than $5,000, and the beneficiaries of such participants (as applicable).

**2.43.** "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 10.

**2.44.** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

**2.45.** "Settlement Website" means the internet website established pursuant to Paragraph 11.1.

**2.46.** "Settling Parties" means Defendants and the Class Representative, on behalf of themselves, the Plan, and each of the Class Members.

**2.47.** "Westlake" means Westlake Services Holding Company and all of its past, present, and future parent, subsidiary and affiliated corporations, organizations and entities, and all of their respective past, present and future affiliates, partners, joint ventures, stockholders, predecessors, successors, assigns, insurers, officers, directors, employees, agents, representatives, attorneys, administrators, adjustors and independent contractors of all such released individuals, corporations, organizations and entities, as well as their employee benefit plans, and the trustees, administrators, fiduciaries and insurers of such plans.

**2.48.** "Westlake Shares" means the shares of Westlake stock held by the Plan as of the date of the March 2020 Valuation.

**3.   ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

**3.1.**   The Independent Fiduciary shall be retained by Defendants, on behalf of the Plan, to determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

**3.1.1.** The Independent Fiduciary shall comply with all relevant

conditions set forth in Prohibited Transaction Exemption 2003-39, "Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination for the purpose of Defendants' reliance on PTE 2003-39.

**3.1.2.** The Independent Fiduciary shall notify Defendants of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3.** All fees and expenses associated with the Independent Fiduciary's retention and determination will constitute Administrative Expenses to be deducted from the Gross Settlement Amount. The Independent Fiduciary shall provide a copy of its, his, or her invoices to Class Counsel to review.

**3.1.4.** Defendants, Defendants' Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.2.** Promptly upon execution of this Settlement Agreement, the Class Representative, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement, and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit 3. The Preliminary Approval Order to be presented to the Court shall, among other things:

**3.2.1.** Certify the Settlement Class for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

**3.2.2.** Approve the text of the Class Notice and Class Member Payment Election Form for distribution to Class Members;

**3.2.3.** Order the Settlement Administrator to mail by first class mail a Class Notice to each Class Member identified by the Settlement Administrator,

and the Class Member Payment Election Form to each Class Member identified by the Settlement Administrator, based upon the data provided by the Plan's recordkeeper;

**3.2.4.** Hold that mailing the Class Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process;

**3.2.5.** Set a deadline of no later than the date of twenty-one (21) calendar days prior to the Fairness Hearing by which each Class Member must file a Class Member Payment Election Form with the Settlement Administrator in order to receive payment by way of direct rollover in accordance with the Plan of Allocation;

**3.2.6.** Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**3.2.7.** Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan;

**3.2.8.** Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order, in order to determine whether (1) the Court should approve the Settlement as fair,

reasonable, and adequate, (2) the Court should enter the Final Approval Order, and (3) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

**3.2.9.** Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to the Settlement Administrator at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing;

**3.2.10.** Provide that any party to this Settlement Agreement may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing;

**3.2.11.** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website, be adjourned or continued by order of the Court; and

**3.2.12.** Approve the form of the CAFA notices attached as Exhibit 5 and order that upon mailing of the CAFA notices by the Settlement Administrator, Defendants shall have fulfilled their obligations under CAFA.

**3.3.** Within forty-five (45) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1.** Cause to be mailed to each Class Member a Class Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court. The Class Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14                    CLASS ACTION SETTLEMENT
AGREEMENT

provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee). The Settlement Administrator also shall post a copy of the Class Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Class Notice is returned and re-mail such documents one additional time.

**3.3.2.** Cause the Class Member Payment Election Form, which shall be in substantially the form attached as Exhibit 2, or a form subsequently agreed to by the Settling Parties and approved by the Court, to be included with the Class Notice that is mailed to the Class Members.

**3.4.** The Settlement Administrator shall also, within ten (10) calendar days of the Class Representative's filing of the Settlement Agreement and proposed Preliminary Approval Order, have prepared and provided CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715. The costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses. The Settlement Administrator shall provide the Settling Parties with notice in writing upon completion of the provision of CAFA notices to the above-referenced entities and/or persons.

**3.5.** Defendants shall cause the Plan's recordkeeper or its designee(s) to provide the Settlement Administrator with all information necessary to send the Class Notice no later than ten (10) Business Days before the Class Notices are to be distributed.  Thereafter, Defendants and/or the Plan's recordkeeper shall respond timely to all written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to implement the Plan of Allocation and disburse the Net Settlement amount to eligible members of the Settlement Class.  The actual and reasonable expenses of any third party, including

15

CLASS ACTION SETTLEMENT AGREEMENT

the Plan's recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.5.1.** The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

**3.5.2.** The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.5.3.** The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.    ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

**4.1.**   No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit 4) in the form approved by Class Counsel and Defendants, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement.  The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1.** For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2.** For a determination that mailing the Class Notice and maintaining the Settlement Website constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members was provided, consistent with Federal Rules of Civil Procedure 23 and the requirements of due process;

**4.1.3.** For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Class Representative on her own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4.** That the Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Class Member Payment Election Form, whether or not such Class Members actually received the Class Notice, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

CLASS ACTION SETTLEMENT
AGREEMENT

**4.1.5.** That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

**4.1.6.** That the Class Representative and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7.** That all applicable CAFA requirements have been satisfied;

**4.1.8.** That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member pursuant to the Plan of Allocation;

**4.1.9.** That, with respect to payments or distributions to Authorized Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Class Member Payment Election Form should be accepted in the first instance;

**4.1.10.** That within twenty-eight (28) calendar days following the

issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2.**    The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.  Such retention of jurisdiction shall not affect the finality of the Court's judgment.

**4.3.**    The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Approval Order.

**5.**    **ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

**5.1.**    No later than ten (10) Business Days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account.  The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1.   In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2.**    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be

the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3.** Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2));

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

CLASS ACTION SETTLEMENT
AGREEMENT

neither Defendants, Defendants' Counsel, nor Class Counsel is responsible, nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4.    Within ten (10) Business Days after the Preliminary Approval Order is entered, Defendants shall deposit the Gross Settlement Amount of $1,250,000 into the Qualified Settlement Fund.

5.5.    Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall Defendants be required to make any payments or incur any expenses in excess of the Gross Settlement Amount.  The Gross Settlement Amount shall be the only amount paid by Defendants under this Settlement Agreement, and Defendants shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement, including but not limited to any payments that the Class Representative or Class Members may claim they are entitled to under the Plan as a result of this Settlement or any Class Representative's or Class member's recovery under this Settlement.

5.6.    The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.7.    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defendants' Counsel.  Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

CLASS ACTION SETTLEMENT
AGREEMENT

**5.8.**    After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel no later than eight (8) calendar days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid no later than eight (8) calendar days after the Settlement Effective Date; (c) third, any Class Representative Case Contribution Award ordered by the Court shall be paid no later eight (8) calendar days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, no earlier than fourteen (14) business days after the Settlement Effective Date, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation; and (f) sixth, any funds from the Net Settlement Amount that remain uncashed or otherwise undistributed, after efforts to locate Class Members have been exhausted by the Settlement Administrator in the manner set forth in Section 3.3.1, will be returned to the Settlement Fund by the Settlement Administrator to be distributed as described in the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.9**    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.10**   No later than February 15 of the year following the calendar year in which Defendants or their agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, Defendants or their agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund.

## 6.   ARTICLE 6 – PLAN OF ALLOCATION

**6.1.**   After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Class Members in keeping with the timing describing in Paragraph 5.8 above, and in the manner set forth in Paragraph 6.5 below.

**6.2.**   To be eligible for a distribution from the Net Settlement Amount, a person must be a Class Member, or a Beneficiary of such a person.

**6.3.**   Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Class Member with respect to which the payment is made. .   The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4.**   Payments to Class Members (including Beneficiaries) shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

**6.4.1.** In order to perform the calculations required under this Settlement Agreement, and pursuant to Paragraph 3.5, the Settlement Administrator shall obtain from Westlake or the Plan's recordkeeper the total number of vested Westlake Shares held by the Class Members as of March 31, 2020.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

CLASS ACTION SETTLEMENT
AGREEMENT

**6.4.2.** The Settlement Administrator shall then determine the total settlement payment available to each Class Member by calculating each such Class Member's pro-rata share of the Net Settlement Fund based on the number of Westlake shares held in each Class Member's Plan account as of March 31, 2020.  If the dollar amount of the settlement payment to a Class Member is calculated by the Settlement Administrator to be less than $5.00, then that Class Member's pro-rata share shall be zero for all purposes, and his or her share shall be reallocated amongst the other Class Members.

**6.4.3.** The Settlement Administrator shall utilize the calculations required to be performed herein for making the required payments to Class Members under Paragraph 6.5 of the Settlement Agreement.

**6.4.4.** The total amount of all checks to be written by the Settlement Administrator for Class Members, plus the total amount of all allocations that the Plan's recordkeeper is instructed to make to Class Members for the purpose of a rollover may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro-rata changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.5.    Payments to Class Members**.   For each Class Member, the Class Member will have the opportunity to elect a tax-qualified rollover of his or her settlement payment to an individual retirement account or other eligible employer plan, provided that the Class Member supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Class Member will receive his or her settlement payment directly by check. The distributions shall be issued as follows:

**6.5.1.** The Settlement Administrator will either effect the rollover from the Qualified Settlement Fund elected by the Authorized Class Member in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CLASS ACTION SETTLEMENT
AGREEMENT

Payment Election Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect these settlement distributions by rollover, or issue a check from the Qualified Settlement Fund to the Class Member and mail the check to the address of such Class Member as determined by the Settlement Administrator using information provided by Westlake and commercially reasonable means.

**6.5.2.** With respect to settlement payments that are not rolled over to a qualified account, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Class Member; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Class Member.

**6.5.3.** Neither the Defendants, Defendants' Counsel, Class Counsel, the Class Representative, nor the Released Parties shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Class Members.

**6.5.4.** Class Members who receive a check from the Settlement Administrator must deposit or cash their checks within one-hundred-and-eighty (180) calendar days of issuance.  If they do not do so, the checks will be void, and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund.  This limitation shall be printed on the face of each check.  Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation.  The voidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

**6.6.**    Within ten (10) Business Days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defendants' Counsel, and Defendants one or more affidavits stating the following: (1) the name of each Class Member to whom the Settlement Administrator sent the Class Notice, and the address of such mailing; (2) the date(s) upon which the Settlement Administrator sent the Class Notice; (3) the name of each Class Member whose Class Notice was returned as undeliverable; (4) the efforts made by the Settlement Administrator to find the correct address and to deliver the Class Notice for each such Class Member; (5) the efforts made by the Settlement Administrator to determine the correct address of each Class Member and to deliver a check to that address, excluding those Class Members who elect to receive a rollover; and (6) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**6.7.**    The Settling Parties acknowledge that any payments to Class Members may be subject to applicable tax laws. Defendants, Defendants' Counsel, Class Counsel, and the Class Representative will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement.  To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax.  Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

**6.8.**    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by

CLASS ACTION SETTLEMENT AGREEMENT

such person. Each Class Member shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representative, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representative, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.9.    Any funds associated with checks that are not cashed within one-hundred-and-eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Qualified Settlement Fund by the Settlement Administrator and shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. Under no circumstances shall any portion of the Net Settlement Amount revert to Defendants.

6.10.   The Net Settlement Amount to be allocated and distributed to Class Members in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 or all purposes.

## 7.    ARTICLE 7 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVE COMPENSATION

7.1.    Class Counsel may file a motion for an award of Attorneys' Fees and Costs, and Administrative Expenses, at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Class Representative may also seek an award of Class Representative Compensation.  Any such awards shall be paid from the Gross Settlement Amount.  Defendants shall have no independent

responsibility or liability for any amounts awarded by the Court.

**7.2.** The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, so long as the requested Attorneys' Fees do not exceed one third of the Gross Settlement Fund and the requested Class Representative Compensation does not exceed $17,500 for the Class Representative.

**7.3.** Notwithstanding any other provision of this Settlement Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Motion for Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation to be paid out of the Gross Settlement Fund shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the award of Attorneys' Fees and Expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

**8.    ARTICLE 8 – RELEASE AND COVENANT NOT TO SUE**

**8.1.** As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), Class Representative, and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and all Released Parties from the Released Claims, whether or not such Class Members have executed and delivered a Class Member Payment Election Form, whether or not such Class Members have actually received or read the Settlement Notices, whether or not such Class Members have filed an objection to the Settlement or to any application by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

CLASS ACTION SETTLEMENT
AGREEMENT

Class Counsel for an award of Attorneys' Fees and Costs, whether or not Class Members have actually received checks for settlement payments following the Settlement Administrator's commercially reasonable efforts to determine each Class Member's address and deliver a check to that address, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

**8.2.**    As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim adverse to the Released Parties on the basis of, connected with, or arising out of any of the Released Claims.   Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

**8.3.**    The Class Representative, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with respect to Defendants, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the Settlement Effective Date of the Final Approval Order, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Class Members and the Plan acknowledge and shall be

deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**8.4.** Upon the Settlement Effective Date, the Class Representative, Class Members, and the Plan shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representative and Class Members with respect to the Released Claims shall, upon the Effective Approval Order, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**9.  ARTICLE 9 – REPRESENTATIONS AND WARRANTIES**

**9.1.** The Settling Parties represent:

**9.1.1.** That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

30

CLASS ACTION SETTLEMENT
AGREEMENT

**9.1.2.** That they assume the risk of mistake as to facts or law;

**9.1.3.** That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4.** That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5.** That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2.** Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.   ARTICLE 10 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**10.1.** The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect, if:

**10.1.1.** Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not fully approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

31

CLASS ACTION SETTLEMENT
AGREEMENT

**10.1.2.**     This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**10.1.3.**     The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties; or

**10.1.4.**     The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

**10.1.5.**     The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications.

**10.2.**  If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Action and the Released Claims asserted by the Class Representative and Class Members shall for all purposes revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, or its agents pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 10.4.

**10.3.**  The Court's denial, in whole or in part, of Class Counsel's request for Attorneys' Fees and Costs and/or the Class Representative Compensation shall not be deemed a failure to approve the Settlement Agreement and shall not cause the Settlement Agreement to be terminated.

**10.4.**  In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

32

CLASS ACTION SETTLEMENT
AGREEMENT

split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand.

**11.   ARTICLE 11 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT**

**11.1.**  On or before the date that the Class Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Complaint, Settlement Agreement and Exhibits thereto, Class Member Payment Election Form, Preliminary Approval Order and any other Court orders related to the Settlement, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation (and any documents submitted in support).  No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

**11.2.**  On or before the date that the Class Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

**11.3.**  The Class Representative agrees that she will not at any time publicly disparage or encourage or induce others to publicly disparage Defendants or any of the Released Parties as to the Action or the Settlement.

**12.   ARTICLE 12 – GENERAL PROVISIONS**

**12.1.**  Class Counsel and Defendants' Counsel, on behalf of themselves and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

33

CLASS ACTION SETTLEMENT
AGREEMENT

the Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

**12.2.**  Within sixty (60) calendar days after the close of the Settlement Period, the Settling Parties shall either return to the producing parties, or destroy, all documents, communications, or things produced by the opposing party in discovery under a claim of confidentiality pursuant to the Confidentiality Order entered in the Action, including but not limited to documents, communications, or things produced under a claim of privilege.  Each Settling Party shall serve a written notice to each producing party certifying that the Settling Party has carried out the obligations imposed by this Paragraph 12.2. The Settling Parties, Class Counsel, and Defendants' Counsel agree that at all times they will honor the requirements of the Confidentiality Order, notwithstanding the settlement of the Action.

**12.3.**  The Class Representative, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants or Released Parties of any wrongdoing, fault, or liability whatsoever by any of Defendants or Released Parties, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or any other proceeding, and Defendants and Released Parties admit no wrongdoing or liability with respect to any of the allegations or claims in the Action.  The Class Representative, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

34

CLASS ACTION SETTLEMENT
AGREEMENT

**12.4.**   Neither the Defendants, the Released Parties, the Class Representative, Class Counsel, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (2) the determination of the Independent Fiduciary; (3) the management, investment, or distribution of the Qualified Settlement Fund; (4) the Plan of Allocation as approved by the Court; (5) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (6) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (7) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns.  Further, neither Defendants nor Defendants' Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

**12.5.**   Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Class Representative, Class Members, or the Plan.  Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them.  Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request.   Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

**12.6.**   This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law.

**12.7.**   Class Counsel, Defendants' Counsel, and the Settling Parties agree that

any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

12.7.1.     If Class Counsel, Defendants' Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning compliance with the Settlement Agreement, the party raising the dispute shall first promptly give written notice (also electronic notice by e-mail) under the Settlement Agreement to the other party, including in such notice: (1) a reference to all specific provisions of the Settlement Agreement that are involved; (2) a statement of the alleged non-compliance; (3) a statement of the remedial action sought; and (4) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

12.7.2.     Within ten (10) Business Days after receiving the notice described in Paragraph 12.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

12.7.3.     For a period of not more than ten (10) Business Days following mailing and electronic notice of the response described in Paragraph 12.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

12.7.4.     If the dispute is not resolved during the period described in Paragraph 12.7.3, either party may request that the Court resolve the dispute;

12.7.5.     In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs.

**12.8.** The Settling Parties agree that the Court has personal jurisdiction over

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

36                    CLASS ACTION SETTLEMENT
AGREEMENT

the Class Representative, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

**12.9.**  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**12.10.**  Each Settling Party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel before executing this Settlement Agreement, and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

**12.11.**  Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**12.12.**  This Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

**12.13.**  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**12.14.**  The provisions of this Settlement Agreement may be waived only by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

37                    CLASS ACTION SETTLEMENT
                            AGREEMENT

an instrument in writing executed by the waiving party and specifically waiving such provisions.  The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**12.15.**   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**12.16.**   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing; Exhibit 2 – Class Member Payment Election Form; Exhibit 3 – Preliminary Approval Order; Exhibit 4 – Final Approval Order; Exhibit 5 – CAFA Notice.

**12.17.**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**12.18.**   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE CLASS REPRESENTATIVE:
    MILLER SHAH LLP
    Ronald S. Kravitz (SBN 129704)
    rskravitz@millershah.com

CLASS ACTION SETTLEMENT AGREEMENT

19712 MacArthur Blvd.
Suite 222
Irvine, CA 92612
Tel.: +1.866.545.5505
Fax: +1.866.300.7367

IF TO DEFENDANT:

MORGAN, LEWIS & BOCKIUS LLP
Matthew J. Sharbaugh, Bar No. 260830
matthew.sharbaugh@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: +1.202.739.3000
Fax.: +1.202.739.3001

[SIGNATURE PAGES TO FOLLOW]

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

39

CLASS ACTION SETTLEMENT
AGREEMENT

1    SIGNED ON BEHALF OF CLASS REPRESENTATIVE Mary Nguyen,

2    Individually and as Representative of the Class

3

4    Dated: June 28, 2024

5                                             Ronald S. Kravitz
                                              MILLER SHAH LLP
6                                             rskravitz@millershah.com
                                              19712 MacArthur Blvd.
7                                             Suite 222
                                              Irvine, CA 92612
8                                             Tel.: +1.866.545.5505
9                                             Fax: +1.866.300.7367

10
                                    *Attorney for the Class Representative and the Class*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
                                          40                CLASS ACTION SETTLEMENT
                                                                AGREEMENT

SIGNED ON BEHALF OF DEFENDANTS

Dated: _June 28, 2024_____    _____
                                 Matthew J. Sharbaugh
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 matthew.sharbaugh@morganlewis.com
                                 1111 Pennsylvania Avenue, NW
                                 Washington, DC 20004
                                 Tel.: +1.202.739.3000
                                 Fax.: +1.202.739.3001

                                 *Attorney for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

41

CLASS ACTION SETTLEMENT
AGREEMENT

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**If you were a participant in the Westlake Services Holding Company Employee Stock Ownership Plan whose employment with Westlake or any of its affiliates terminated between January 1, 2019, and March 31, 2020, at which time you had an account balance in the Plan greater than $5,000, your legal rights will be affected by this class action settlement.**

***The case is called Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS. *A Court authorized this Notice. This is not a solicitation from a lawyer.***

This Notice advises you of the settlement ("Settlement") of a lawsuit by Plaintiff Mary Nguyen ("Plaintiff") against Westlake Services Holding Co., Westlake Services Holding Co. Employee Stock Ownership Plan, Westlake Services Holding Co. Stock Ownership Plan Committee, Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (together, "Defendants") (collectively, "Parties"). In the lawsuit, Plaintiff alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, breaching the terms of the Westlake Services Holding Company Stock Ownership Plan ("Plan") and improperly authorizing a Special Valuation of the company stock. Defendants deny these allegations and deny that they engaged in any improper conduct. You should read this entire Notice carefully because your legal rights will be affected by whether you act or not.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ............................................................................................... **1**

1. Why did I get this notice? .................................................................................... 1
2. What is this lawsuit about? ................................................................................. 1
3. What is a class action lawsuit? ........................................................................... 1
4. Why is there a Settlement? ................................................................................. 2
5. How do I get more information about the Settlement? ....................................... 2
6. Who will administer the Settlement? ................................................................. 2

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE** ....... **2**

7. What does the Settlement provide? .................................................................... 2
8. How may I benefit from the Settlement?............................................................ 2
9. What is the Plaintiff receiving from the Settlement? ........................................ 3

**THE LAWYERS REPRESENTING YOU** ............................................................... **3**

10. Do I have a lawyer in this case? ....................................................................... 3
11. How will the lawyers (Class Counsel) be paid? .............................................. 3

**OPTING OUT OF THE SETTLEMENT** ................................................................ **3**

12. Can I exclude myself from the Class? .............................................................. 3

**OBJECTING TO THE SETTLEMENT** .................................................................. **3**

13. What does it mean to object? ........................................................................... 3
14. What is the procedure for objecting to the Settlement or attorneys' fees? ...........................4

**THE COURT'S FAIRNESS HEARING** ................................................................ **5**

15. When/where will the Court decide whether to approve the Settlement? ........................... 5
16. Do I have to attend the Fairness Hearing? ...................................................... 5
17. May I speak at the Fairness Hearing? .............................................................. 5

**IF YOU DO NOTHING** ........................................................................................ **5**

18. What happens if I do nothing at all? ................................................................ 5

## BASIC INFORMATION

**1.      Why did I get this Notice?**

You are receiving this Notice because you have a right to know about the proposed Settlement of a class action lawsuit in which you are a class member. The lawsuit is pending in the United States District Court for the Central District of California (the "Court"). It is known as *Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS and is brought against the Defendants.

You are receiving this Notice before the court decides whether to approve the Settlement. You have been identified as a participant in the Plan whose employment with Westlake or any of its affiliates terminated between  January 1, 2019, and March 31, 2020, who had an account balance in the Plan greater than $5,000, or you were a beneficiary or alternate payee of any such participant (a "Settlement Class Member").

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.      What is this lawsuit about?**

On May 15, 2023, Plaintiff filed an action against the Defendants, alleging that they violated ERISA by, among other things, failing to pay benefits under the terms of the Plan, failing to follow the terms of the Plan, and/or abusing their discretion in the management of the Plan and the interpretation of the Plan in connection with the Special Valuation of the company stock as of March 31,2020.  Since the filing of the action, the Parties engaged in litigation, including exchanging substantial documentation and engaging in extensive discovery and a lengthy mediation. In the mediation, the Parties ultimately were able to reach the terms of the Settlement explained in this Notice.

The Westlake Defendants have denied and continue to deny any wrongdoing or liability and would continue to vigorously defend the lawsuit if the proposed Settlement is not approved.

**3.      What is a class action lawsuit?**

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege may have similar claims. One court resolves all the issues for all class members in a single lawsuit. Plaintiff is the class representative in this lawsuit, and is sometimes referred to in this Notice as the "Class Representative" or as the "Plaintiff."

**4.      Why is there a Settlement?**

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to a Settlement, the Parties avoid the costs and risks of further litigation, and Plaintiff and the other members of

1

the Class will get compensation. Plaintiff's attorneys ("Class Counsel") have conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiff and Class Counsel agree that the Settlement is in the best interest of the Class. The Court has not made any finding that Defendants have done anything wrong or violated any law or regulation.

**5.     How do I get more information about the Settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.WestlakeESOPclass.com, by contacting Class Counsel (*see* answer to question 12 for contact information) or the settlement administrator Strategic Claims Services ( "Settlement Administrator") (*see* answer to question 6 for contact information), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, 411 West 4th Street, Room 1053, Santa Ana, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**6.     Who will administer the Settlement?**

The Settlement Administrator will administer the Settlement. You may contact the Settlement Administrator by: (a) sending a letter to Westlake ESOP Settlement Administrator, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; (b) sending an e-mail to info@strategicclaims.net; (c) visiting the Settlement website at www. WestlakeESOPclass.com,**;** or (d) calling 866-274-4004.

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE**

**7.     What does the Settlement provide?**

Defendants have agreed to pay a total of $1,250,000 ("Gross Settlement Fund") to settle the Class Action. Up to one third of the Gross Settlement Fund will be paid to Class Counsel in attorneys' fees (to the extent approved by the Court). The Gross Settlement Fund will also be used to reimburse Class Counsel's costs, including expert costs, to pay  for the costs of the Settlement Administrator, and to pay up to $17,500 to the Class Representative (to the extent approved by the Court). The amount that will be available for distribution to Class Members (known as the "Net Settlement Amount") will be the Settlement Amount *minus* the amounts used for other settlement purposes (Class Representative Compensation, Court-approved Attorneys' Fees and Costs to Class Counsel, Administration Expenses, and certain taxes and tax-related costs relating to the administration of the Gross Settlement Fund).

**8.     How may I benefit from the Settlement?**

You may benefit by receiving payment of a portion of the Net Settlement Amount. For each Class Member, the Class Member will have the opportunity to elect a tax-qualified rollover of his or her settlement payment to an individual retirement account or other eligible employer plan, provided that the Class Member supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Class Member will receive his or her settlement payment directly by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to former participants of the Plan shall be valid for 180 days from the date of issue. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

### 9.     What is the Plaintiff receiving from the Settlement?

In this case, there is one Class Representatives, Mary Nguyen. Class Counsel intends to ask the Court to award the Class Representative a Case Contribution Award of $17,500 in recognition of the work and effort she expended on behalf of the Class.


## THE LAWYERS REPRESENTING YOU

### 10.     Do I have a lawyer in this case?

Yes. The Court has appointed the law firms of Miller Shah LLP as Class Counsel. You will not be charged for the work of these lawyers beyond any award of Attorneys' Fees and Costs as determined by the Court and as described in Section 11 below. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

### 11.     How will the lawyers (Class Counsel) be paid?

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to one third of the Gross Settlement Amount plus expenses, based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

### 12.     Can I exclude myself from the Class?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the lawsuit or are otherwise included as Released Claims as defined in the Settlement Agreement. If you wish to object to any part of the Settlement, you may (as discussed below) submit your objection to the Settlement Administrator and counsel about why you object to the Settlement. The Settlement Administrator will submit your objection to the Court. DO NOT SUBMIT ANY OBJECTION DIRECTLY TO THE COURT.

**OBJECTING TO THE SETTLEMENT**

**13.    What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if the Court approves it.

**14.    What is the procedure for objecting to the Settlement?**

You can ask the Court to deny approval by submitting an objection to the Settlement Administrator. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you submit a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS, (b) be submitted to the Settlement Administrator by email, info@strategicclaims.net, or mail, 600 N. Jackson Street, Suite 205, Media, PA 19063  (c) be sent to Class Counsel and Defense Counsel at the below addresses, and (d) be filed or postmarked on or before 30 calendar days before the Fairness Hearing. Your objection must also include (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's name and contact information; (2) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (3) a statement of the position(s) the objector wishes to assert; and (4) copies of any other documents that the objector wishes to submit in support of his/her/its position.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| **Class Counsel** | **Defense Counsel** |
|---|---|
| Ronald S. Kravitz<br>Miller Shah LLP<br>19712 MacArthur Blvd.<br>Suite 222<br>Irvine, CA 92612<br>Tel.: +1.866.545.5505<br>rskravitz@millershah.com | Matthew J. Sharbaugh<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>matthew.sharbaugh@morganlewis.com<br>Tel.: +1.202.739.3000 |

## THE COURT'S FAIRNESS HEARING

**15.     When/where will the Court decide whether to approve the Settlement?**

On **[date],** 2023 at **[time]** __.m., in Courtroom 10D of the United States District Court for the Central District of California, 411 West 4th Street, Room 1053, Santa Ana, California  the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The hearing may be continued from time to time by the Court without further notice.

**16.     Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense. If you submit an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is submitted to the Settlement Administrator by **[date]** and you comply with the requirements in answer to question 15 above, the Court will consider it. You also may send your own lawyer to attend the Fairness Hearing.

**17.     May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing. Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at your own expense.

**IF YOU DO NOTHING**

**18.     What happens if I do nothing at all?**

You will receive a settlement payment, to the extent you are due such a benefit under the plan of allocation in the Agreement. Each Member of the Class gives the Westlake Defendants a "release." A release means you give up your rights to sue the Westlake Defendants or receive any benefits from any other lawsuit against the Westlake Defendants if the lawsuit asserts claims or relates in any way to the issues in this lawsuit. You can read the full release www.WestlakeESOPclass. Com.

DATED: _____, 2024

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER
OF THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

EXHIBIT 2

Westlake ERISA Settlement

**Class Member Payment Election Form**

If you were a participant in a defined contribution retirement plan known as the Westlake Services Holding Company Employee Stock Ownership Plan whose employment with Westlake or any of its affiliates terminated during the period January 1, 2019 through March 31, 2020 (the "Class Period"), or are a Beneficiary or Alternate Payee (in the case of a person subject to a Qualified Domestic Relations Order) of such a participant, and would like the amount payable to you to be paid to your retirement account as a rollover, you must complete the form below and mail it to:

Westlake ERISA Settlement Administrator

600 N. Jackson Street, Suite 205, Media, PA 19063

to be received NO LATER THAN_____, 2024.

"Beneficiary" or "Alternate Payee" means, for the purposes of this Class Member Payment Election Form, a Beneficiary or Alternate Payee of a participant in the Plan who maintained a positive account balance in the Plan during the Class Period.

## PARTICIPANT INFORMATION

First Name_____ M.I. _____Last Name _____

Mailing Address:

Participant's Social Security Number:

Email Address:

Phone:

Participant's Date of Birth:

## PAYMENT ELECTION

**_____I WANT A CHECK MADE PAYABLE TO ME AND MAILED TO ME.** Choosing this option entails the Settlement Administrator withholding 20% or more of your total payment for tax withholdings. The Settlement Administrator will mail your check to the Name and Address listed above.

**_____I WANT A CHECK MADE PAYABLE TO MY RETIREMENT ACCOUNT AS A ROLLOVER**

Account Name:

Account Number:

Contact or Trustee (if required):

Mailing Address:

**DISTRIBUTION NOTE**: There is no promise or assurance that these funds are eligible for rollover or tax-preferred treatment. The decision to seek rollover treatment is yours alone. Any questions about taxation or rollover treatment must be directed to your tax advisor or accountant. No one associated with this case can provide you with assistance or advice of any kind in this regard or answer any tax questions.

**REQUIRED CERTIFICATION REGARDING QUALIFIED DOMESTIC RELATIONS ORDER ("QDRO")**:

I hereby certify and represent under penalty of perjury that no portion of the payment to be received hereunder is subject to a QDRO, or, that a true, accurate, and current copy of any applicable QDRO is attached hereto along with the name and address of any payee other than the Class Member. Payment will be made in accordance with any QDRO supplied.

Signature (Required) _____

Date Signed (Required) _____

### DECEASED CLASS MEMBERS

Deceased Class Members are not eligible for rollover treatment. A Beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, including executors, heirs, assigns, estates, personal representatives, or successors-in interest, must provide the following information with this Class Member Payment Election Form to Westlake ERISA Settlement Administrator:

• Evidence that such person is authorized to receive distribution of the deceased Class Member's settlement payment, and the name and, if applicable, the percentage entitlement of each person entitled to receive distribution;

• Social Security Number of each person entitled to receive payment;

• Current mailing address of each person entitled to receive payment; and

• Person(s) to whom check(s) should be made payable, and amount(s) of check(s).

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      PLAINTIFF,<br><br>      vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; DON HANKEY; BRET HANKEY; IAN ANDERSON; PAUL KERWIN, EUGENE LEYDIKER, GRACIA ANG, and DOES 1 - 50.<br><br>      DEFENDANTS. | Case No.: 8:23-cv-00854-FWS-ADS<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER**<br><br>Judge: Hon. Fred W. Slaughter<br><br>DATE:   August 8, 2024<br>TIME:   10 a.m.<br>DEPT.:  10D<br>JUDGE: Hon. Fred W. Slaughter<br><br>Complaint filed: March 10, 2022 |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

**(1)    GRANTING PRELIMINARY CERTIFICATION OF THE CLASS;**

**(2)    GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**

**(3)    APPOINTING A SETTLEMENT ADMINISTRATOR;**

**(4)    ENJOINING CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**

**(5)  DIRECTING NOTICE TO CLASS MEMBERS AND APPROVING THE FORM AND MANNER OF NOTICE;**

**(6)  APPROVING THE PLAN OF ALLOCATION;**

**(7)  SCHEDULING A FINAL APPROVAL HEARING; AND**

**(8)  SCHEDULING A HEARING ON CLASS COUNSEL'S FEE AND COSTS APPLICATION AND PLAINTIFF'S REQUEST FOR A CASE CONTRIBUTION AWARD.**

The Court, having received and considered: (1) the Unopposed Motion for a Preliminary Approval Order (the "Motion") by Plaintiff Mary Nguyen ("Plaintiff") in *Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS (the "Class Action"), on her own behalf and on behalf of the Class, on the one hand, and Defendants Westlake Services Holding Co., Westlake Services Holding Co. Employee Stock Ownership Plan, Westlake Services Holding Co. Stock Ownership Plan Committee, Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, the "Defendants") on the other hand, (2) the Settlement Agreement and Release dated June 28, 2024 and all exhibits thereto (the "Agreement"), (3) the declaration of counsel, and having further considered the arguments of counsel and the pleadings and record in the Class Action, the Court finds good cause for granting the Motion, and **HEREBY ORDERS AS FOLLOWS:**

   1.  Capitalized terms not defined in this Order shall have the meaning ascribed to them in Article 2 of the Agreement.

   2.  This Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

   3.  Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.  The Court finds, on a preliminary basis and for the purposes of settlement only, that the requirements for certification under Rule 23(a) and Rule 23(b)(1) are satisfied:

a)  The Settlement Class meets the numerosity requirement of Rule 23(a)(1), as it consists of approximately 185 Class Members;

b)  The Class Representative has asserted claims that have at least one common question of law or fact to the Class and relate to the management of the Plan as a whole;

c)  The Class Representative is typical of other Class Members;

d)  The Class Representative has no conflicts with other Class Members, is adequate to represent the Settlement Class, and has retained experienced and qualified counsel to represent the Settlement Class.

5.  Class certification is appropriate under Rule 23(b)(1) because the Class Representative asserts claims on behalf of the Plan as a whole, and prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and would be dispositive of the interests of other class members as a practical matter, or would substantially impair or impede their ability to protect their interests.

a)  The Court appoints Miller Shah LLP as Class Counsel and appoints Mary Nguyen, the Named Plaintiff, as the Class Representative.

b)  The non-opt out Class will be preliminarily certified for settlement purposes only, under the terms of the Settlement Agreement ("Agreement"). The Settlement Class is defined as: All Plan participants whose employment with Westlake or any of its affiliates terminated between January 1, 2019, and March 31, 2020, with account balances greater than $5,000, and the beneficiaries of such participants (as applicable).

c)  If the Court does not issue the Final Approval Order and Judgment, then the certification will be vacated, and Defendants shall not be

3

deemed to have admitted the propriety of Class certification under any provision of Federal Rule 23.

d) The terms set forth in the Agreement are preliminarily approved, subject to further consideration at the hearing the Court will hold pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below (the "Fairness Hearing"). Having considered the terms of the Settlement and the submissions in support of preliminary approval, the Court determines, in accordance with Fed. R. Civ. P. 23(e)(1)(B), that it is likely that the Court will be able to grant final approval of the Settlement under Fed. R. Civ. P. 23(e)(2) following notice and a hearing.  The Agreement therefore is sufficiently within the range of reasonableness to warrant the preliminary approval of the Agreement, the scheduling of the Final Approval Hearing, and the mailing of Notice to Class Members, each as provided for in this Order.

6.     The Court approves the retention by Class Counsel of Strategic Claims Services as the Settlement Administrator.

7.     In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiff, all Class Members and the Plan are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, individually, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, arbitration forum, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including, but not limited to actions pending as of the date of this Order), including, without limitation, any unknown claims, that arise out of or relate in any way to the Released Claims or the Action.

8.     The Court approves the Notice to Class Members and the Class Member Payment Election Form in substantially the form attached as Exhibits 1

[PROPOSED] PRELIMINARY APPROVAL ORDER

and 2, respectively, to the Agreement. The Court approves the form and content of the Notice as appropriate and finds that it fairly and adequately:

    a.   Summarizes the claims that are asserted;

    b.   Identifies the Settlement Class;

    c.   Describes the terms and effect of the Settlement Agreement, including the benefits of the Settlement and the class release;

    d.   Provides information regarding who is required to submit an Election Form and the process for doing so;

    e.   Notifies the Settlement Class that Class Counsel will seek compensation from the Net Settlement Amount for Administrative Expenses, Attorneys' Fees and Costs, and a Class Representative Compensation Award;

    f.   Describes how the recipients of the Class Notice may object to the Settlement, or any requested Administrative Expenses, Attorneys' Fees and Costs, or Case Contribution Award; and

    g.   Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear.

9.    The Court finds that the Plan of Allocation proposed by Plaintiff and Class Counsel for allocating the Settlement Amount to Class Members, as described in Article 6 of the Agreement, is likely to receive final approval and that the Agreement is within the range of reasonableness to warrant preliminary approval.

10.    The Court approves the Class Member Payment Election Form and orders that each Class Member must file a Class Member Payment Election Form with the Settlement Administrator no later than the date of twenty-one (21) calendar

[PROPOSED] PRELIMINARY APPROVAL ORDER

days prior to the Fairness Hearing to receive payment by way of direct rollover in accordance with the Plan of Allocation.

11.    The Court approves the form of the CAFA notices attached as Exhibit 5 to the Settlement Agreement and finds that upon mailing of the CAFA notices by the Settlement Administrator, Defendants shall have fulfilled their obligations under CAFA.

12.    The Court sets the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order, in order to determine whether (1) the Court should approve the Settlement as fair, reasonable, and adequate, (2) the Court should enter the Final Approval Order, and (3) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

## **Manner of Giving Notice**

13.    Defendants shall cause the Plan's recordkeeper or its designee(s) to provide the Settlement Administrator with all information necessary to send the Class Notice no later than ten (10) Business Days before the Class Notices are to be distributed.  Thereafter, Defendants and/or the Plan's recordkeeper shall respond timely to all written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to implement the Plan of Allocation and disburse the Net Settlement amount to eligible members of the Settlement Class.

14.    On or before the date that the Class Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Complaint, Settlement Agreement and Exhibits thereto, Class Member Payment Election Form,

[PROPOSED] PRELIMINARY APPROVAL ORDER

Preliminary Approval Order and any other Court orders related to the Settlement, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

15. On or before the date that the Class Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period that the Settlement Website is active.

16. Within 45 calendar days after entry of this Order, or as may be modified by the Court, the Settlement Administrator shall cause copies of the Notice and Payment Election Form to be sent by first-class mail or electronic mail (if available) to all Class Members through the notice procedure described in the Agreement.

17. The Court finds that the Notice to be provided as set forth in this Order is appropriate under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to the Settlement Class, and is in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

18. All reasonable costs incurred by the Settlement Administrator for providing the Notice, as well as for administering the Settlement, shall be paid as set forth in the Agreement.

[PROPOSED] PRELIMINARY APPROVAL ORDER

## Qualified Settlement Fund

19.     A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund."

20.     The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement Agreement.

21.     Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in facilitating the provision of information that is necessary for Settlement administration as set forth in the Settlement Agreement.

22.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

23.     The Court and the Settlement Administrator recognize that there will be tax payments and withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as a fiduciary of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund or income on distributions.

24.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including for purposes of investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection

by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purpose of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may issue.

### **Final Approval Hearing**

25.    The Court will hold the Final Approval Hearing on _____ in Courtroom 10D, of the United States District Court for the Central District of California, 411 West 4th Street, Room 1053, Santa Ana, California, for the following purposes: (a) to determine whether the non-opt out Settlement Class should be certified for Settlement purposes only; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (c) to determine whether Class Counsel's Fees and Costs Application is reasonable and should be approved; (d) to determine whether Plaintiff's request for a Case Contribution Award is reasonable and should be approved; (e) to determine whether a Final Approval Order and Judgment, substantially in the form attached as **Exhibit 4** to the Agreement, should be entered dismissing with prejudice to all Claims; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in Paragraph 8 of this Order.

The Court may adjourn the Final Approval Hearing and approve the Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

26.    No later than 45 calendar days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Agreement, and in support of Class Counsel's Fee and Costs Application and Plaintiff's request for a Case Contribution Award.

### Objections to the Settlement

27.    The Court will consider written comments and objections to the Settlement, the proposed Motion for Attorneys' Fees and Costs, and to Plaintiff's request for a Class Representative Compensation Award. Any objection to the proposed Settlement must be in writing and must (a) clearly identify the case name and number (*i.e. Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS) , and (b) be submitted to the Settlement Administrator, Class Counsel, and Defendants' Counsel.  To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her/its full name, current address, and current telephone number, and, if represented by counsel, any of his/her/its counsel's name and contact information; (2) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (3) a statement of the position(s) the objector wishes to assert; and (4) copies of any other documents that the objector wishes to submit in support of his/her/its position.

28.    Any Class Members' objections and/or comments must be submitted to the Settlement Administrator no later than 28 calendar days before the Final Approval Hearing.

[PROPOSED] PRELIMINARY APPROVAL ORDER

29.     Any Class Member who does not timely submit a written objection shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Agreement, and any untimely objection shall be barred absent an order from the Court.

30.     Any Class Member who submits a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing, either in person or through qualified counsel retained at their own expense. Any comment or objection that is timely submitted will be considered by the Court even in the absence of a personal appearance by the Class Member or that Class Member's counsel.

31.     Class Counsel shall file any timely submitted objections to the Court at least 14 calendar days prior to the Final Approval Hearing.

32.     The Parties may file written responses to any objections no later than 5 business days before the Final Approval Hearing.

## Termination of Settlement

33.     If the Settlement is terminated in accordance with the terms of the Agreement, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be deemed to have reverted to their respective status in the Class Action Settling Parties immediately before the 2022 Mediation.

## Use of Order

34.     This Order is not admissible as evidence for any purpose against the Released Settling Parties in any pending or future litigation. This Order: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Released Settling Parties of wrongdoing or liability in the Class Action or any other proceeding; (b) is not an

[PROPOSED] PRELIMINARY APPROVAL ORDER

admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Settlement Class that the claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable; and (e) shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated.

35.     This Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

## **<u>Jurisdiction</u>**

36.     The Court may adjourn or continue the Fairness Hearing without further direct notice to the Class Members other than by notice to Class Counsel. The Court retains jurisdiction over(a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and Costs Application and Plaintiff's' request for Case Contribution Award; and (d) the Class Members for all matters relating to the Action. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**SO ORDERED** this _____ day of _____, 2024.

_____
The Honorable Hon. Fred W. Slaughter
United States District Judge

13

[PROPOSED] PRELIMINARY APPROVAL ORDER

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 2:22-cv-01620-DSF-E |
| PLAINTIFF, | **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |
| vs. | |
| WESTLAKE SERVICES HOLDING COMPANY; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; DON HANKEY; BRET HANKEY; IAN ANDERSON; PAUL KERWIN, EUGENE LEYDIKER, GRACIA ANG, and DOES 1 - 50. | Judge: Hon. Fred W. Slaughter |
| | Complaint filed: March 10, 2022 |
| DEFENDANTS. | |

## FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, Plaintiff Mary Nguyen ("Plaintiff") in *Mary Nguyen v. Westlake Services Holdings Company,* et al., C.D. Cal. Case No. 8:23-cv-00854-FWS-ADS individually and on behalf of all others similarly situated, on the one hand, and Defendants Westlake Services Holding Co., Westlake Services Holding Co. Employee Stock Ownership Plan, Westlake Services Holding Co. Stock Ownership Plan Committee, Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, the "Defendants"), on the other hand, have entered into a Settlement Agreement and Release dated

_____(the "Agreement" or the "Settlement Agreement"), which provides for a complete dismissal with prejudice of all claims asserted in the Actions against Defendants by the Settlement Class (the "Class") on the terms and conditions set forth in the Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, the capitalized terms not defined in this Final Approval Order and Judgment shall have the same meaning ascribed to them in the Agreement;

WHEREAS, by Order dated _____ (the "Preliminary Approval Order"), this Court:

(1) preliminarily certified the Class for settlement purposes only;

(2) preliminarily approved the Settlement;

(3) appointed a Settlement Administrator;

(4) directed notice be given to the Class and approved the form and manner of Notice;

(5) approved the Plan of Allocation;

(6) scheduled a Final Approval Hearing; and

(7) scheduled a hearing on Class Counsel's Fee and Costs Application and Plaintiff's request for a Class Representative Compensation;

WHEREAS, the Court conducted a hearing (the "Final Approval Hearing") to consider, among other things:

(1) whether the Class should be certified for settlement purposes only;

(2) whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court;

(3) whether Class Counsel's Attorneys' Fee and Costs application is reasonable and should be approved;

(4) whether Plaintiff's requests for a Class Representative Compensation is reasonable and should be approved; and

(5) whether this Final Approval Order and Judgment should be entered dismissing with prejudice all claims asserted in the Actions against Defendants; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed
and proceedings held herein in the Actions in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Class Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction:** The Court has jurisdiction over the subject matter of the Class Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and Settlement Class Members.

2.      **Incorporation of Settlement Documents:** This Final Approval Order and Judgment incorporates and makes a part hereof: (a) the Agreement filed with the Court on June 28, 2024, including the exhibits submitted therewith; and (b) the Notice approved by the Court on _____.

3.      **Class Certification:** The Court has held that the non-opt out Class should be certified under Federal Rule of Civil Procedure 23(a) and 23(b)(1), under the terms of the Agreement. The Court confirms that the class preliminarily certified under Fed. R. Civ. P. 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, and hereby finally certifies the following non-opt-out class:

All Plan participants whose employment with Westlake or any of its affiliates terminated between January 1, 2019, and March 31, 2020, with account balances greater than $5,000, and the beneficiaries of such participants (as applicable).

4.     **Notice:** The Court finds that the dissemination of the Notice and maintaining the Settlement Website: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted appropriate notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Actions, of the effect of the Settlement (including the releases provided for therein), of their right to object to the Settlement and appear at the Final Approval Hearing, of Class Counsel's Fee and Costs Application, and of Plaintiff's request for Class Representative Compensation; (c) constituted appropriate notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

5.     **Objections:** The Court finds _____.

6.     **Final Settlement Approval:** Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves the Settlement and the terms therein as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action. The Court finds that the Settlement is fair, reasonable, and adequate to the Plan and Settlement Class Members based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

b. The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants in discovery;

c. The Settlement was reviewed and approved by an Independent Fiduciary.

d.  Class Counsel and Plaintiff were well-positioned to evaluate the value of the Action;

e.  If the Settlement had not been achieved, Plaintiff and the Class Members faced significant expense, risk, and uncertainty in connection with the litigation, which likely would have been prolonged;

f.  The amount of the Settlement is fair, reasonable, and adequate in light of the claims that were asserted, the risks of litigation, and settlements in other similar cases, and the Plan of Allocation is also fair, reasonable, and appropriate;

g.  The Class Representative and Class Counsel support the Settlement, and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

h.  Class Members had the opportunity to be heard on all issues relating to the Settlement and the requested Administrative Expenses, Attorneys' Fees and Costs, and Class Representative's Class Representative Compensation by submitting objections to the Settlement Agreement to the Court. There were ___ objections to the Settlement.

i.  The Settlement also was reviewed by an Independent Fiduciary, _____, who has approved and authorized the Settlement.

j.  The Settlement treats Class Members equitably relative to each other.

k.  The   Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released

Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Class Member Payment Election Form, whether or not such Class Members actually received the Class Notice, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

l. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

m. The Class Representative and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

7.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Agreement.

8.      Plaintiff's Motion for Attorneys' Fees and Costs and request for Class Representative Compensation, is hereby approved.

9.      Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement set forth in the Agreement in all respects including, without limitation, the terms of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Actions, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Plaintiff, the Class, and the Plan. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Agreement.

10.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member pursuant to the Plan of Allocation.

11.     Within 21 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

12.     **Dismissal of Claims:** As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the Claims against Defendants are dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

13.     **Binding Effect:** The terms of the Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendants, the Released Settling Parties, Plaintiff, and all Class Members, as well as their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, and as described in the Agreement.

14.     **CAFA:** Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., have been met, and Defendants have fulfilled their obligations under CAFA.

15.     **Releases:** The releases of the Released Claims, as set forth in the Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment.

16.     **No Admissions:** This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court) and any other supporting papers, and any related negotiations or proceedings: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendants or Defendant Released Parties of wrongdoing or liability in the Actions or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement,

8

whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper, or unavailable; and (e) shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated. This Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

17.    **Retention of Jurisdiction:** Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and Costs Application and Plaintiff's' request for Class Representative Compensation; and (d) the Class Members for all matters relating to the Actions.

18.    **Modification of the Agreement:** Without further approval from the Court, Plaintiff and Defendants are authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

19.    **Termination:** If the Settlement does not go into effect or is terminated as provided for in the Agreement, then this Final Approval Order and Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Agreement.

20.     **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order and Judgment as a final judgment with respect to the claims asserted in the Actions. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Approval Order and Judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

     **SO ORDERED** this _____ day of _____ , 2023.


                                        _____
                                        The Honorable Fred W. Slaughter
                                        United States District Judge

# EXHIBIT 5

s

June __, 2024

**VIA USPS**

  **Re:**  *Notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 et seq.,*
     *Mary Nguyen v. Westlake Services Holdings Company, **et al., C.D. Cal. Case***
     **No. 8:23-cv-00854-FWS-ADS**, *U.S. District Court for the Central District of*
     *California.*

    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), I am writing, on behalf of Defendants in the above-referenced matter, to provide your office with notice of the parties' proposed settlement. Please take notice of the following information. With Defendants' consent, Plaintiff in the above-captioned matter filed a motion with the United States District Court for the Central District of California on June 28, 2024, requesting preliminary approval of the parties' proposed settlement. As part of this notice, please find copies of the following documents associated with this matter on the enclosed flash drive:

1. The Complaint and First Amended Complaint;

2. The motion for preliminary approval of the settlement and all of its supporting documents, which include the proposed notice to be distributed to class members and the proposed settlement agreement. Class members do not have rights to request exclusion from the class;

3. At this time, it is not feasible to provide a list of the class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement. However, enclosed is a chart showing the approximate percentage of the estimated class members who reside in each state, based on data regarding former participants in the Westlake Services Holdings Company. Because of the calculations that must be performed to determine class members' allocations, it is not feasible at this time to provide further detail regarding the claims of class members in each state; and

4. A copy of the Court's docket sheet.

    There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement. At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters detailed in this notice. The Court has not yet scheduled the fairness hearing. The preliminary approval conference is scheduled for

June __, 2024
Page 2

_____, 2024, at ____ in courtroom 10D at 411 West 4th Street, Room 1053 Santa Ana, CA 92701-4516.

       If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

       Very truly yours,

       MORGAN LEWIS & BOCKIUS, LLP

       s/Matthew J. Sharbaugh

Enclosure

EXHIBIT B

# STRATEGIC CLAIMS SERVICES

## CLAIMANT COMMUNICATION

### Phone Calls

We tailor our Call Center to the needs of each settlement, we can provide an automated approach using the latest IVR technology or, if counsel perfers, we offer a more personal approach and have one of our highly trained staff answer the phone and help the Class member with any issue they may have. We also offer Call tracking for each case, detailing the claimants question, and reporting on the total number of calls received.

### Email

If a client requests it, we can provide a dedicated email address for each settlement where Class members can correspond and recieve prompt answers from one of our highly trained staff.

### Website

On request, we can provide a dedicated website for a settlement where all pertinent data and forms can be easily accessed by class members. Using these websites counsel can quickly and easily communicatethe class with ongoing updates and status changes in the Settlement.

## DISTRIBUTION

### Checks

We have handled distributions of all sizes and values, ranging from a few hundred checks, to hundreds of thousands of checks worth millions of dollars. We monitor all our bank accounts on a daily basis using a Postive Pay system to ensure our clients that only checks we issued will be cashed

### Taxation

SCS can handle all taxation needs for a settlement. From calculating and paying taxes on the interest earned in the Settlement Fund, to withholding Federal and State taxes on wage cases, our staff of Certified Public Accounts ensure that all filing requirements are met

## KEY INDIVIDUALS

### Paul Mulholland, CPA, CVA
### President

*As the founder, Mr. Mulholland is the key liaison with counsel on all administrative cases. He holds a BS degree in Accounting from Wheeling Jesuit University and is a Certified Public Accountant and a Certified Valuation Analyst. He is a member of the AICPA and NACVA.*

### Matthew Shillady
### Operations Manager

*Mr. Shillady overlooks all areas of operations and systems management. Matthew is an expert in database management and computer systems. Matthew Shillady is a graduate of Penn State University. He holds a BS degree in Information Sciences and Technology Integration with substantial experience in data integration and database systems. Mr. Shillady has been with Strategic Claims since June of 2003.*

### Josephine Bravata
### Quality Assurance Manager

*Ms. Bravata is involved with all areas of claims administration. She supervises the claims processing, database management, notification, bank reconciliations, check distributions and preparation of reports. Ms. Bravata joined the Company in 2001 after graduating from Neumann College. She has a BS degree in Accounting and a Minor in Computer and Information Management.*

"I want to express my appreciation for the excellent work that Strategic Claims Services has provided to-date in administering the Blue Cross settlement. You and your staff have been timely, responsive and have made the claims administration process efficient and effective. Thank you for all your hard work."
Mike Karnuth, Esq.
Krislov & Associates, Ltd.

**Strategic Claims Services**
600 North Jackson Street
Suite 3
Media, PA 19063

PHONE
866.274.4004
610.891.9852

FAX
610.565.7985

EMAIL
pmulholland@strategicclaims.net

"Your able and conscientious handling of this matter is much appreciated."
Honorable William C. Connor
United States District Judge
Southern District of New York
Administration of the Texaco ERISA
Litigation Settlement

Copyright © 2009 Strategic Claims Services

## OUR MISSION

*Strategic Claims Services strives to offer high quality claims administration and unmatched solutions to its clients while maintaining exceptional client relationships.*

*» We supply customized reports and detailed reviews of the Administration process so clients can stay well informed and up-to-date on any aspect of the administration process.*

*» We provide unsurpassed customer relations through our fully trained claims administrators who answer each call personally and assist our clients with their knowledge and expertise.*

*» We tailor a solution to each class action to ensure compliance with all the court and settlement documents.*

*» We strive to be proactive to alert our clients of any shortfalls or hang-ups in the administration process*

## OUR HISTORY

Strategic Claims Services (SCS) was established in 1999 to provide support in managing, planning, implementing and administering class action litigations. The highly skilled staff consists of Certified Public Accountants, Information Technology professionals, experienced managers, bookkeepers and support staff.

With over a decade of experience in hundreds of cases involving notification, claims processing and distribution. SCS develops a custom solution for each and every client to ensure the highest quality service at a competitive price. SCS is devoted to offering paramount quality control throughout all dimensions of the claims administration process.

As an innovator in claims administration services, SCS is a technology driven organization with a proven track record to handle cases of all sizes in a cost-effective and efficient manner. The firm also provides tailored proposals, data management, and consultation.

## CLASS NOTIFICATION

Strategic Claims Services offers many different options for both notices and claim forms. Based on the Client's requirements, SCS can compare the notice documents to ensure compliance with the settlement documents and the Court's require-ments. SCS can also design Claim Forms to ensure Class Members fully understand and comply with the requirements of each settlement.

We can also provide assistance with publishing Legal Notice through *newspapers, press releases, and websites. Using our contacts in the publishing industry we can negotiate favorable rates in most major newspapers, allowing the class to benefit from reduced publication costs.*

*Our Services Include:*
*» Direct Mailed Notice*

*» Email Campaigns*

*» Notice Design and Proofing*

*» Claim Form Design*

*» Custom Websites for each settlement*

*» Customize Class Data*

*» Updating Out-of-Date Class Data (National Change of Address, Skip-tracing methods)*

*» Providing compliance affadavits for publications and direct mailin*

"Strategic Claims Services (SCS) provides excellent customer service, and the best price in the business. SCS's attention to detail, high quality work, quick and accurate turn around are the hallmarks of its true professionalism. Ready access to SCS's president, Paul Mulholland, and his personal involvement assures me everything is done right. You can't beat SCS – they're simply the best in the industry."
John F. Innelli
Innelli & Robertson

## DATA MANAGEMENT

One of the most important steps in class action administration is creating and maintaining accurate class lists. Based on the client's needs we develop a custom database to hold all the class member's pertinent data.

Our Information Technology Specialists can:
*» Convert most data formats for use in the class database*

*» Database Mangement and Design*

*» Website Design and Updates*

*» Design custom reports for clients based on class data*

*» Removal of duplicate records*

*» Class-wide loss calculations*

## CLAIMS PROCESSING

Our staff is well trained in all aspects of claims processing, with a focus on quality control and customer service. Each claim is reviewed in detail to ensure compliance with all settlement requirements. Using our custom built software, we ensure each claim is calculated accurately and quickly. The scope of our work includes, but is not limited to the following:

» Determining the validity of each claim filed

» Calculation of losses for each claim

» Communication with claimants to cure invalid claims

» Quality assurance for all high value claims

» Final reporting to Counsel and the Court

» Electronic Claim Processing

During the administration process we are in constant communication with counsel concerning all matters. We provide regular status reports from the initial mailing through the final disposition of funds.

## SUMMARY OF DATA PROTECTION PROCEDURES FOR STRATEGIC CLAIMS SERVICES

### Technical Controls

All class members data is fully encrypted and all computers require a login to access.   Class members data is restricted to only employees with access permission.  Only authenticated clients can access the file shares (i.e. only trusted devices can access the network).  SCS uses anti-virus, malware protection and other methods to protect data.

### Administrative Policies

SCS has a firewall security system that monitors and controls network traffic and is used as a barrier against untrusted networks.   There are access controls to systems and data.  All employees are briefed on privacy matters and data security.  All terminated/departed employees are immediately cut off from access. SCS is currently implementing additional pre-hire background checks and non-disclosure and confidentiality agreements.

### Crisis and Risk Management

Upon a  data breach SCS will  immediately contact attorneys,  claimants and other stakeholders as well as the proper authorities. Nearly all notice and claims administration work is performed "in-house" with very little outsourcing to vendors, especially as it relates to private information such as tax identification numbers.

### Physical Access Controls Access

SCS servers are secured in a locked room within the office plus there are two other locked doors requiring a key fob to gain entrance into the office.  SCS also has a security camera at its office entrance inside the building.

### Data Collection and Retention

SCS minimizes collection of personal information and obtains personal data collection only if necessary to complete its administration work.  Any transfer of personal data is done securely with password protection.

### Data Destruction

Physical copies are destroyed by shredding with a certification document from a reputable shredding firm.  Electronic files are securely deleted.  Any physical electronic hardware is written over prior to physical drive destruction.   Manager performs periodic checks throughout the year to comply with any court orders regarding destruction of hard copies and electronic files.

**Applicable Laws, Standards and Other Regulations**

**SCS information technology department follows industry standards and complies with privacy regulations and laws.**

**Ethical Rules**

**The SCS staff is made aware of ethical rules and standards of ethical and legal behavior. Violation of ethical rules may lead to termination of employment**.

**Customer Serviced Measures**

**SCS policy does not allow for confidential information to be sent via email.  SCS utilizes email verification software to verify and authenticate email addresses when appropriate.  SCS will be updating its website to include its relevant privacy policies.**

# PAUL MULHOLLAND
## (CURRICULUM VITAE)

Mr. Mulholland is the President and founder of Strategic Claims Services (SCS) in April of 1999.  SCS is a litigation support firm specializing in the administration of class action cases. SCS has administered over 600 class action settlements involving the distribution of over $3 billion in settlement/judgment funds, and the management of more than 3.5 million claims with mailings of notices to over 33 million potential class members.  For more information on SCS visit its website at **www.strategicclaims.net**.

From 1992 to 1999, Mr. Mulholland was Senior Vice President of Valley Forge Administrative Services, Inc.  Mr. Mulholland was responsible for overseeing all aspects preparation of damage/expert reports in class action matters and for claims processing and administration of class action settlements.   He also was responsible for areas of federal and state income taxes for settlement funds and for compliance with all treasury regulations.

From 1986 to 1992, Mr. Mulholland was Chief Financial Officer of Terramics Property Company, a Philadelphia-based regional commercial real estate company with a $150 million real estate portfolio.  He was responsible for asset management, financial reporting, budgets, bank and investor liaison, debt restructurings, refinancings, contract negotiations, tax matters, treasury functions and cash management.

From 1984 to 1986, Mr. Mulholland was Chief Financial Officer of American Health Systems, Inc., a $40 million (revenue) nursing home management company, and was responsible for financial reporting, taxation, budgeting, cash management, cost containment, risk management and regulatory reporting.

From 1980 to 1984, Mr. Mulholland was employed at Coopers & Lybrand.  He planned and directed audit engagements in a variety of industries, including preparation of financial statements, SEC reporting, and evaluation of internal accounting systems and supervision of staff accountants.

Mr. Mulholland holds a BS in Accounting from Wheeling University and is a Certified Public Accountant (inactive). He was an adjunct professor of accounting and finance at Neumann University and currently serves on its business advisory board.

PAUL MULHOLLAND
EXPERT TESTIMONY AND DEPOSITIONS

**Expert Testimony:**

| | |
|---|---|
| Celia L. Hale., et al., v. Wal-Mart Stores, Inc<br>Jackson County, Missouri<br>Case No. 01-CV-218710 (Division 1) | June 2008 |
| | |
| Jitendra V. Singh v. vCustomer Corporation, et al.<br>Eastern District of Pennsylvania<br>Civil Action No.  03-4439 | June 2004 |
| | |
| Barter v. Southmoore Golf Associates<br>(Common Pleas of Northhampton County (No. 199-C-1815) | March 21, 2000 and<br>March 22, 2000 |
| | |
| Pearl and Hoffman v. Geriatric & Medical Center, Inc (Eastern<br>District of Pennsylvania (No.92-CV-5113 and No.93-CV-2129) | March 1995 |

**Depositions:**

| | |
|---|---|
| Fosamax Products<br>Liability Litigation No. 1:06-MD-1789 (JFK)<br>(MDL No. 1789)<br>USDC for the Southern District of New York | June 14, 2007 |
| | |
| Aredia and Zometa Products<br>Liability Litigation No. 3:06-MD-1760<br>(MDL No. 1760)<br>USDC for the Middle District of Tennessee<br>at Nashville | May 31, 2007 |
| | |
| Jitendra V. Singh v. vCustomer Corporation, et al.<br>Eastern District of Pennsylvania<br>Civil Action No.  03-4439 | June 2004 |
| | |
| In Re: Curative Health Services, Inc. Securities Litigation<br>(Master File No. CV99-2074) United States District Court<br>Eastern District of New York | February 2002 |
| | |
| Pearl and Hoffman v. Geriatric & Medical Center, Inc (Eastern<br>District of Pennsylvania (No.92-CV-5113 and No.93-CV-2129) | January 1995 |

**Mediation Presentation:**

| | |
|---|---|
| Alibaba Group Holding Limited Securities Litigation<br>Civil Action 1:15-md-02361 (CN)<br>USDC Southern District of New York<br>Mediation Presentation to Honorable Layne R Phillips | March 2019 |

# EXHIBIT C

EXHIBIT C

## INFORMATION CONCERNING ANALOGOUS SETTLEMENTS AND PAST WORK WITH SETTLEMENT ADMINISTRATOR

**I.    INFORMATION CONCERNING ANALOGOUS SETTLEMENTS**

| | *Blackmon, et al.,* v. *Zachry Holdings, Inc., et al.,* No. 5:20-CV-00988-JKP-ESC (W.D. Tex.) | *Jones et al. v. Coca-Cola Consolidated, Inc. et al.,* No. 3:20-CV-00654 (FDW-DSC) (W.D.N.C.) | *Terraza v. Safeway Inc. et al.,* No. 4:16-cv-03994-JST (N.D. Cal.) | *Hay v. Gucci America, Inc.,* No. 2:17-cv-07148 (CCC/CLW) (D.N.J.) |
|---|---|---|---|---|
| **Total Settlement Fund** | $1.875 Million | $3.5 Million | $8.5 Million | $1.2 Million |
| **Number of Class Members and Notices Sent (Active and Former Participants)** | 33,690 | 22,402 | 58,072 | 8,464 |
| **Number of Former Participants** | 19,031 | 9,091 | 31,849 | 4,435 |
| **Method(s) of Notice** | Email, Mail, Online | Email, Mail, Online | Email, Mail, Online | Email, Mail, Online |
| **Number of Claims Filed** | 3,473 | 2,657 | 7,730 | 684 |
| **Percentage of Former Participant who filed a claim** | 18.2% | 29.2% | 24.3% | 15.4% |
| **Average Recovery** | $49.79 | $119.51 | $154.04 | $145.50 |
| **Amounts Distributed to Cy Pres Recipients, If Any** | N.A. | N.A. | N.A. | N.A. |
| **Administrative Costs** | $196,663 (paid from fund) | $157,243 (paid from fund) | $295,000 (paid from fund) | $80,499 (paid from fund) |
| **Attorneys' Fees and Costs** | Fees: $625,000 Costs: $43,372 | Fees: $1,166,667 Costs: $216,134 | Fees: $2,550,000 Costs: $451,258 | Fees: $395,000 Costs: $43,366. |
| **Injunctive and Non-Monetary Relief, If Any** | **Injunctive:** N.A. **Non-Monetary:** N.A. | **Injunctive:** N.A. **Non-Monetary:** N.A. | **Injunctive:** N.A. **Non-Monetary:** N.A. | **Injunctive:** N.A **Non-Monetary:** N.A. |

## II.   WORK WITH STRATEGIC CLAIMS SERVICES OVER LAST TWO YEARS

| MILLER SHAH, LLP |
|---|
| *Blackmon, et al., v. Zachry Holdings, Inc., et al.*, No. 5:20-CV-00988-JKP-ESC (W.D. Tex) |
| *Jones, et al. v. Coca-Cola Consolidated, Inc. et al.,* No. 3:20-CV-00654 (FDW-DSC) (W.D.N.C.) |
| *Terraza v. Safeway Inc. et al.*, No. 4:16-cv-03994-JST (N.D. Cal.) |
| *Allison, et al., v. L Brands, Inc., et al.*, No. 2:20-CV-06018-EAS-CMV (S.D. Ohio) |
| *Boley, et al., v. Universal Health Services, Inc., et al.*, No: 2:20-cv-02644 (E.D. Pa.) |
| *Hawaii Structural Ironworkers Pension Trust Fund v. AMC Entertainment Holdings, Inc. et al.*, No. 1:18-cv-00299-AJN (Consolidated for all purposes with Civil Action No. 1:18-cv-00510-AJN) (S.D.N.Y.). |
| *Reed, et al., v. Bayada Home Health Care, Inc.*, No. 21010208 (Pa. Com. Pl.) |
| *Sandoval, et al., v. Novitex Enterprise Solutions, Inc., et al.*, No. 3:17-cv-1573(MPS) (D. Conn.) |
| *Lance Baird v. Hyatt Corporation et al.,* No. 2:22-cv-01620-DSF-Ex. (C.D. Cal. Case) |