Ronald S. Kravitz (SBN 129704)
MILLER SHAH LLP
155 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com

*Attorneys for Plaintiff Mary Nguyen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NGUYEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff**,**<br><br>    vs.<br><br>WESTLAKE SERVICES HOLDING COMPANY; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; WESTLAKE SERVICES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE; DON HANKEY; BRET HANKEY; IAN ANDERSON; PAUL KERWIN, EUGENE LEYDIKER, GRACIA ANG, and DOES 1 - 50. | Case No.: 8:23-cv-00854-FWS-ADS<br><br>**PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  January 23, 2025<br>TIME:   10:00 a.m.<br>DEPT.:  10D<br>JUDGE: Hon. Fred W. Slaughter<br><br>Complaint Filed: May 15, 2023 |

**TO: THE COURT AND TO ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, Mary Nguyen, ("**Plaintiff**"), hereby moves the Court to grant Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees, Expenses, and Class Contribution Award ("**Motion**") pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling Fairness Hearing September 6, 2024 (hereinafter, "**Preliminary Approval Order**"). (ECF # 51.).

Defendants, Westlake Services Holding Company, Westlake Services Holding Company Employee Stock Ownership Plan, Westlake Services Holding Company Employee Stock Ownership Plan Committee,  Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "**Defendants**," and with Plaintiff, the "**Parties**") do not oppose the Motion.

The hearing on this Motion will be held on January 23, 2025, at 10:00 a.m. in the Courtroom of the Honorable Fred W. Slaughter, located at the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth Street, Courtroom 10D, Santa Ana, CA, 92701-4516.

The Parties have worked cooperatively to effectuate the notice plan, and Plaintiff now moves the Court to enter an order granting Final Approval of the proposed Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class, and granting the related applications. Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 23(e), and it is supported by the below Memorandum of Points and Authorities; the Declaration of Ronald S. Kravitz ("**Kravitz Decl.**"), the Supplemental Declaration of Cornelia Vieira ("**Suppl. Vieira Decl.**") on behalf of the Settlement Administrator, Strategic Claims Services ("**SCS**"), the Supplemental Declaration of Plaintiff Mary Nguyen

("**Suppl**. **Nguyen Decl.**"), and supporting exhibits; the pleadings, records, and papers on file in this action; and all other matters properly before the Court.

Plaintiff stands ready to provide any additional information or materials that the Court may require in connection with consideration of the Motion.

Dated: January 13, 2025              Respectfully submitted,


/s/ *Ronald S. Kravitz*
Ronald S. Kravitz (SBN 129704)
MILLER SHAH LLP
155 Montgomery Street, Ste. 600
San Francisco, CA 94103
Telephone: (415) 429-5275
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS……………………………………………1

TABLE OF AUTHORITIES ............................................................... ii

I.  INTRODUCTION ......................................................................1

II.   BACKGROUND..........................................................................3

    A.   The Settlement.................................................................. 3

        1.   The Settlement and Released Claims ..........................3

        2.   Distribution of Settlement Funds to Class Members ...........................4

    B.   Preliminary Approval of Class Notice .......................................4

    C.   The Settlement and Related Applications Have Been Reviewed and Authorized by an Independent Fiduciary on Behalf of the Plan...............5

III.  THE COURT SHOULD MAINTAIN CERTIFICATION OF THE SETTLEMENT CLASS AND GRANT FINAL APPROVAL OF THE SETTLEMENT ..........................................................................6

    A.   The Court Has Already Provisionally Certified the Settlement Class and Appointed Plaintiff's Counsel as Class Counsel.......................................6

    B.   The Settlement is Fair, Reasonable, and Adequate ....................................6

        1.    The Strength of Plaintiff's Case and the Risk, Expense, and Complexity of Further Litigation ....................................8

        2.    The Settlement Recovery......................................................9

        3.    The Stage of Proceedings and Extent of Discovery Completed .......9

        4.    The Experience and Views of Class Counsel..................................10

        5.    The Reaction of Class Members........................................................11

        6.    Final Administrative Costs and Average Amount Class Members Will Recover……………………………………..……………11

    C.    Plaintiff's Request for Attorneys' Fees, Expenses, and Class Representative Compensation is Fair, Reasonable, and Appropriate…………………………12

IV.  CONCLUSION ........................................................................14

CERTIFICATE OF SERVICE ........................................................16

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>                                                                                                    <u>Page(s)</u>

*Campbell v. Facebook, Inc*.,
   951 F.3d 1106 (9th Cir. 2020)............................................................... 7

*Churchill Village LLC v. Gen. Elec*.,
   361 F.3d 566 (9th Cir. 2004)............................................................... 11

*Cotter v. Lyft, Inc*.,
   193 F. Supp. 3d 1030 (N.D. Cal. 2016) ............................................. 6, 7

*Deaver v. Compass Bank*,
   2015 WL 8526982 (N.D. Cal. 2015) ...................................................... 9

*Does I v. Gap, Inc*.,
   2002 WL 1000073 (D.N. Mar. Is. May 10, 2002) ............................... 10

*Fleming v. Impax Lab'ys Inc*.,
   2021 WL 5447008 (N.D. Cal. 2021) ...................................................... 9

*In re Bluetooth Headset Prod. Liab. Litig*.,
   654 F.3d 935 (9th Cir. 2011) ............................................................... 12

*In re Lithium Ion Batteries Antitrust Litig*.,
   2017 WL 1086331 (N.D. Cal. 2017) ...................................................... 9

*In re Mercury Interactive Corp*.,
   618 F.3d 988 (9th Cir.2010)............................................................... 12

*In re MyFord Touch Consumer Litig*.,
   2019 WL 1411510 (N.D. Cal. 2019) ...................................................... 9

*In re Omnivision Techs., Inc*.,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................ Passim

*In re Online DVD-Rental Antitrust Litig*.,
   779 F.3d 934 (9th Cir. 2015)............................................................... 13

ii

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008)........................................................................ 7

*Johnson v. Fujitsu Tech. and Bus. Of Am., Inc.*,
    2018 WL 2183253 (N.D. Cal. 2018) ........................................................ 8, 14

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009)........................................................................ 13

*Slezak v. City of Palo Alto*,
    2017 WL 2688224 (N.D. Cal. June 22, 2017) ............................................... 8

*State of Fla. v. Dunne*,
    915 F.2d 542 (9th Cir. 1990)........................................................................ 12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003).......................................................................... 7

*Tadepalli v. Uber Techs., Inc.*,
    2015 WL 9196054 (N.D. Cal. Dec. 17, 2015) ............................................... 9

*Urakhchin v. Allianz Mgmt. of Am., L.P.*,
    2018 WL 8334858 (C.D. Cal. July 30, 2018) ................................................ 8

*Urakhchin*,
    2018 WL 3000490 (C.D. Cal. February 6, 2018) ..................................... 8, 10

*Viceral v. Mistras Grp., Inc.*,
    2016 WL 5907869 (N.D. Cal. Oct. 11, 2016)................................................. 8

*Vincent v. Hughes Air W., Inc.*,
    557 F.2d 759 (9th Cir. 1977)........................................................................ 12

*Walsh v. CorePower Yoga* LLC,
    2017 WL 589199 (N.D. Cal. Feb. 14, 2017) ............................................... 10

**Statutes**

28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ...................................................... 5

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO.: 8:23-cv-00854-FWS-ADS

**Rules**

Fed. R. Civ. P. 23 .................................................................................. 6

Federal Rule of Civil Procedure 23(e)............................................... 2

Federal Rule of Civil Procedure 23(g)............................................... 6

Federal Rules of Civil Procedure 23(a) and (b)(1) .................................. 6

Rules 23(e)(2) ........................................................................................ 6

**Other Authorities**

68 Fed. Reg. 75,632 .............................................................................. 6

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO.: 8:23-cv-00854-FWS-ADS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

    This unopposed Motion seeks final approval of the proposed Settlement in this

4 action under the Employee Retirement Income Security Act ("ERISA"), as well as

5 associated awards of Attorneys' Fees, Expenses, and Class Representative

6 Compensation.

7    The Settlement[1] would provide $1,250,000 in monetary relief to members of

8 the Settlement Class, who were participants and beneficiaries in the Plan during the

9 Class Period. Notice has been distributed to the Settlement Class and there have been

10 no objections to any aspect of the Settlement or the related applications to date.

11 (Supp. Vieira Decl. ¶9.). In addition, consistent with Department of Labor

12 regulations pertaining to the release of claims by a qualified retirement plan,

13 Gallagher Fiduciary Advisors, LLC ("Gallagher"), an Independent Fiduciary, was

14 retained on behalf of the Plan to review and authorize the Settlement.  Gallagher's

15 Independent Fiduciary's report dated December 12, 2024, provides an additional

16 touchstone for the Court to assess the fairness and adequacy of the Settlement and

17 the related applications. (Kravitz Decl.,¶5, Exs. 1 and 2.).

18    Moreover, for each Class Member, the Class Member has had  the opportunity

19 to elect a tax-qualified rollover of his or her settlement payment to an individual

20 retirement account or other eligible employer plan, provided that the Class Member

21 has supplied adequate information to the Settlement Administrator to effect the

22 rollover; otherwise, the Class Member will receive his or her settlement payment

23 directly by check.  (See Settlement Agreement ECF #45-1, p. 34.). In light of the

24 meaningful, immediate consideration that would be provided by the Settlement and

25

26

27

28

---

[1] The Settlement Agreement and its exhibits are attached to the Declaration of Ronald S. Kravitz filed in support of Plaintiff's' Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Class Notice, and Memorandum of Points and Authorities in Support Thereof ("Preliminary Approval Motion"). (ECF #45-1). Capitalized terms not otherwise defined herein shall have the same meaning as in the Settlement Agreement.

PLAINTIFF'S NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO.: 8:23-cv-00854-FWS-ADS        -1-

positive reaction and participation of the Settlement Class, Plaintiff respectfully submits the Settlement should be approved and the related applications granted.

On September 6, 2024, the Court entered the Preliminary Approval Order, which preliminarily approved the Settlement Agreement (ECF # 51) between Plaintiff and Defendants and conditionally certified the following class ("Settlement Class") for settlement purposes:

> All Plan participants whose employment with Westlake or any of its affiliates terminated between January 1, 2019, and March 31, 2020, with account balances greater than $5,000 in the Plan, and the beneficiaries of such participants (as applicable).

In addition to conditionally certifying the Class, the Court determined that the Agreement— a hard-fought compromise resulting from adversarial, arm's length negotiations—was sufficiently fair, reasonable, and adequate to warrant provisional approval. (ECF#51, p.19.).

Further, as set forth in Plaintiff's Motion for Attorneys' Fees and Expenses and a Case Contribution Award ("Fee Motion") (ECF # 54)[2], Class Counsel and Plaintiff have spent considerable time, resources, and efforts on the litigation of this action, with no guarantee of recovery. To address the Court's concerns regarding the timing of the payments to Class Counsel and Plaintiff (ECF#55), Plaintiff and Class Counsel request that Section 5.8 of the Settlement Agreement be amended to provide for the payments to Class Counsel and Plaintiff to be made at the same time as the payments to Class Members. (See ECF#45-1, p.32.) Thus, the distributions to Class Members and attorneys' fees, expenses, the Class Representative Compensation will be made no earlier than fourteen (14) business days after the Settlement Effective Date.

Finally, to address the Court's concerns about the Class Representative

---

[2] The Class Representative Compensation is also referred to as a Case Contribution Award in Plaintiff's Fee Motion.

Compensation, Plaintiff supplements her prior declaration supporting the award (ECF#54-4) with a detailed chart describing the work she performed in connection with the prosecution of her claims and the claims of the Class. (Suppl. Nguyen Decl. ¶3, Ex. A.).

## II.    BACKGROUND

The basic facts and procedural history of this action are well-known to the Court and set forth in greater detail in the Court's Preliminary Approval Order. (ECF # 51.). The Settlement Agreement was reached after multiple rounds of negotiations between experienced and informed counsel under the auspices of a well-respected neutral mediator, Robert A. Meyer, Esquire (the "**Mediator**") of JAMS. As a result, Plaintiff and Class Counsel believe the Settlement is fair, reasonable, and adequate and submit that it is in the best interest of the Class.

### A. The Settlement

#### 1.  The Settlement and Released Claims

Following considerable investigation and careful consideration of Plaintiff's claims, the exchange of significant documents and information relating to the administration of the Plan, and the exchange of substantial information regarding liability and damages in connection with the mediation process, the Parties reached agreement on the Settlement.

The release of claims provided in Article 8 of the Settlement Agreement is tailored to the claims pursued in the litigation and for which consideration would be furnished under the Settlement. (ECF #45-1, pp. 38-40.). In exchange for this release of the claims, Defendants have agreed to establish a common fund in the amount of $1,250,000 to benefit participants and beneficiaries in the Plan during the Class Period. Consistent with the Preliminary Approval Order and Notice provided to the Class, the Settlement Fund will be used for the following purposes: (1) compensation to authorized Former Plan Participants, Beneficiaries, and Alternate Payees of the Plan as described in Section 6 of the Settlement Agreement; (2) any Attorneys' Fees

and Expenses approved by the Court; (3) all reasonable costs of administering the Settlement; and (5) payment of Class Representative Compensation to Plaintiff not to exceed $17,500, subject to Court approval. (ECF # 45-1, pp. 33-38.).

## 2. Distribution of Settlement Funds to Class Members

The Settlement Fund will be distributed on a *pro rata* basis to members of the Settlement Class pursuant to the plan of allocation ("Plan of Allocation") set forth in Article 6 of the Settlement Agreement. (ECF #45-1, pp. 33-37.). Former Participants, and Beneficiaries and Alternate Payees will receive a rollover to another qualified account or a check pursuant to the payment election form. (ECF #45-1, p.34).

Any funds associated with checks that are not cashed within one hundred-and-eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Qualified Settlement Fund by the Settlement Administrator and shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. Under no circumstances shall any portion of the Net Settlement Amount revert to Defendants. (ECF #45-1, p.37).

## B. Preliminary Approval of Class Notice

On September 6, 2024, the Court granted preliminary approval of the proposed Settlement Agreement. (ECF #51.).

In compliance with the Preliminary Approval Order, SCS received the Class data from Defense Counsel and completed the mailing of Settlement Notice via first-class mail to 133 Class Members. (Vieira Decl., ECF #54-5 at ¶¶5-6.). As of January 9, 2025, there were no objections to the Settlement. (Suppl. Vieira Decl., at ¶ 9.).

Pursuant to the terms of the Settlement Agreement, by October 21, 2024, SCS also established a website for the Settlement, which provided information about the

case and relevant deadlines and also made available a number of pertinent documents, including the following: (i) Notice; (ii) Benefit Payment Election Form; (iii) Frequently Asked Questions, the Preliminary Approval Order; (iv) the Settlement Agreement including Exhibits; and (v) the First Amended Class Action Complaint. (ECF#54-5, Vieira Decl., at ¶8.).

Further, in accordance with the Settlement Agreement and the Preliminary Approval Order, SCS established a toll-free telephone number, to which Class Members could direct questions about the Settlement. (*Id*. at ¶ 7.). In addition to the foregoing, notice of the Settlement has been distributed to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005. (*Id*. Viera Decl., at ¶ 4.). See also 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

## C. The Settlement and Related Applications Have Been Reviewed and Authorized by an Independent Fiduciary on Behalf of the Plan

To further ensure that the Settlement Agreement is fair, reasonable, and adequate, Defendant Westlake Services Holding Company retained Gallagher, as the Independent Fiduciary to evaluate, approve, and authorize the Settlement on behalf of the Plan pursuant to Department of Labor Regulations pertaining to the release of litigation claims on behalf of a qualified retirement plan. (See Kravitz Decl. ¶5, Ex. 1.).

All Parties and their counsel provided the Independent Fiduciary sufficient information to enable the Independent Fiduciary to review and evaluate the Settlement, including the relevant pleadings and papers filed on the docket, certain discovery materials confidential settlement documents, and any other materials requested. (*Id*., Ex. 2, p.1.).

In addition, counsel for the Parties participated in conference calls and email exchanges with the Independent Fiduciary to review certain matters related to the litigation and Settlement, and the Parties answered follow up questions from the Independent Fiduciary. (*Ibid*.). The Independent Fiduciary complied with the

appropriate criteria in reaching its conclusion that the terms of the settlement are fair, reasonable, and adequate (68 Fed. Reg. 75,632; ECF # 52-1, pp. 169-172.). (*Id.*, Ex. 2, pp 1-5.).

## III.    THE COURT SHOULD MAINTAIN CERTIFICATION OF THE SETTLEMENT CLASS AND GRANT FINAL APPROVAL OF THE SETTLEMENT

### A. The Court Has Already Provisionally Certified the Settlement Class and Appointed Plaintiff's Counsel as Class Counsel

In its September 6, 2024 Order, the Court provisionally certified the Settlement Class upon findings that each of the requirements of Rule 23(a) and 23(b)(1) are met, and appointed Plaintiff as Class Representative and Miller Shah LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). (ECF # 51.). For the reasons identified in the Court's Preliminary Approval Order and in Plaintiff's Unopposed Motion for Preliminary Approval, the above-defined Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(1). None of the circumstances that warranted provisional certification has changed. Thus, the Settlement Class should be maintained through entry of a final judgment.

### B. The Settlement is Fair, Reasonable, and Adequate

"The standard for reviewing class action settlements at the final approval stage is well- settled. Rules 23(e)(2) states that the district court may only approve the settlement if 'it is fair, reasonable, and adequate.'" *Cotter v. Lyft, Inc*., 193 F. Supp. 3d 1030, 1035 (N.D. Cal. 2016) (citing Fed. R. Civ. P. 23). In determining whether a settlement meets these requirements, courts look up factors including the following:

(1) the strength of plaintiff's case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed, and the stage of the proceedings;

(6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co*., 327 F.3d 938, 959 (9th Cir. 2003) (citation and internal quotation marks omitted). The relative importance of these factors depends upon the unique facts and circumstances of a given case, and "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness . . . ." *Cotter*, 193 F. Supp. 3d at 1035 (citations and alterations omitted).

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." In re *Syncor ERISA Litig*., 516 F.3d 1095, 1101 (9th Cir. 2008); see also *Campbell v. Facebook, Inc*., 951 F.3d 1106, 1121 (9th Cir. 2020) (same).

The Court has provisionally certified the Settlement Class and has preliminarily approved the terms set forth in the Settlement Agreement. (ECF #51, p. 21.). The factors considered at final approval mirror those contemplated at preliminary approval. Having already preliminarily approved the terms of the Settlement Agreement, and because there have been no intervening circumstances that would alter that conclusion, the Court should find the same here as Notice has been completed in accordance with the Court's Preliminary Approval Order and all of the relevant factors support final approval of the Settlement as fair, reasonable, and adequate. See *Cotter*, 193 F. Supp. 3d at 1036–37 (recognizing that a Court's inquiry at final approval is equally careful as the preliminary approval analysis).

## 1. The Strength of Plaintiff's Case and the Risk, Expense, and Complexity of Further Litigation

Although Plaintiff believes there is strong legal and factual support for her claims, there is inherent risk in continued litigation of these complex ERISA claims.

See e.g., *Johnson v. Fujitsu Tech. and Bus. Of Am., Inc.*, 2018 WL 2183253, at *5 (N.D. Cal. 2018). When the Parties negotiated the Settlement, further litigation promised to be similarly lengthy, complex, and risky involving numerous competing experts on liability issues concerning Plaintiff's claims and Defendants' defenses as well as the Plan's alleged losses. The Parties likely would have filed additional dispositive, expert exclusion, and other pretrial motions. Trial presentations would rely heavily on competing expert testimony and likely would have given way to a complex appeal. Thus, Plaintiff faced meaningful challenges in her ability to obtain a recovery on behalf of the Plan and Settlement Class, even setting aside the additional complexity and delay of likely appeals, which strongly supports the final approval of the Agreement. See *Urakhchin v. Allianz Mgmt. of Am., L.P.*, 2018 WL 8334858, at *4 (C.D. Cal. July 30, 2018).

The Settlement Agreement is a product of an extensive arm's-length process in recognition of the risks associated with further litigation. See *Urakhchin*, 2018 WL 3000490, at *4 (C.D. Cal. February 6, 2018). "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Viceral v. Mistras Grp., Inc.*, 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016); see also *Slezak v. City of Palo Alto*, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017) (finding the "likelihood of fraud or collusion [wa]s low . . . because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator.").

The Mediator has considerable experience in assessing ERISA disputes and the Parties only reached the Settlement after a full-day mediation and follow-up discussions with the assistance of the Mediator. (See Kravitz Decl., at ¶3, ECF#54-1.). The mediation process also involved the exchange of additional information to assist the Parties in evaluating the strengths and weaknesses of their respective positions. See *id*. Class Counsel and Defendants' counsel are experienced in ERISA litigation, and each possess a thorough understanding of the factual and legal issues

involved in the Action. See *Tadepalli v. Uber Techs., Inc.*, 2015 WL 9196054, at *9 (N.D. Cal. Dec. 17, 2015) ("Settlements are entitled to 'an initial presumption of fairness' because they are the result of arm's-length negotiations among experienced counsel").

### 2. The Settlement Recovery

Class Counsel submit, based on their experience and expertise, that the Settlement Agreement—which provides monetary relief of approximately 35% of Plaintiff's estimated damages -- reflects a substantial outcome for the Class. *See* Preliminary Approval Order, ECF #51-1, p13. *See also Fleming v. Impax Lab'ys Inc.*, 2021 WL 5447008, at *10 (N.D. Cal. 2021) (settlement recovery representing 12.5% of total recoverable damages is "in a range consistent with the median settlement recovery in class actions"); *In re MyFord Touch Consumer Litig.*, 2019 WL 1411510, at *10 (N.D. Cal. 2019)(approving settlement providing for 5.7% of total possible recovery); *Deaver v. Compass Bank*,2015 WL 8526982, at *7 (N.D. Cal. 2015) (10.7% of total damages); *In re Lithium Ion Batteries Antitrust Litig.*, 2017 WL 1086331, at *4 (N.D. Cal. 2017) (overruling objections to settlement amount representing between 2.2% and 11.2% of total possible damages).

### 3. The Stage of Proceedings and Extent of Discovery Completed

"The extent of the information and documents exchanged by the Parties and the stage of the litigation are both indicators of [Class Counsel's] familiarity with the case and of Plaintiffs having enough information to make informed decisions." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008). The Parties exchanged information and documents to understand the nature of claims and extent of the losses when they agreed to mediate the case and enter into the Settlement Agreement.

Class Counsel conducted substantial investigation, both before and during the administrative review process and prior to the filing of the litigation. (Kravitz Decl., ECF #54-1, p.5, at ¶8.). Importantly, "[d]iscovery can be both formal and informal"

and, here, Plaintiffs and Class Counsel engaged in significant investigation of the Parties' claims and defenses even before filing the initial complaint, and since then have continued to exchange significant information and documents relating to the claims of Plaintiff and the Class. See *Urakhchin*, 2018 WL 3000490, at *4.

### 4. The Experience and Views of Class Counsel

Class Counsel has considerable experience in class action litigation generally and ERISA breach of fiduciary duty litigation in particular, and they are of the opinion that the Settlement Agreement is fair and reasonable. "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Omnivision*, 559 F. Supp. 2d at 1043. This presumption is especially warranted based on the opinion of "experienced plaintiffs' advocates and class action lawyers." *Does I v. Gap, Inc.*, 2002 WL 1000073, at *13 (D.N. Mar. Is. May 10, 2002); *Walsh v. CorePower Yoga* LLC, 2017 WL 589199, at *10 (N.D. Cal. Feb. 14, 2017) (holding that experience of counsel favored settlement approval). Class Counsel have analyzed the claims and defenses at issue in the litigation, as well as the Plan's potential associated losses, and are of the opinion that the Settlement represents a favorable compromise in the face of significant litigation risk. Further, the Parties have submitted the Settlement Agreement to the Independent Fiduciary, which has found that the proposed applications are reasonable, providing an additional touchstone beyond the opinion and experience of Class Counsel. *Urakhchin*, 2018 WL 3000490, at *5 (finding independent fiduciary approval supports granting applications for attorneys' fees, expenses, and case contribution awards).

In sum, the Settlement Agreement (i) is the product of arm's-length negotiation by experienced and well-informed counsel, (ii) adequately reflects the strength of the parties' claims and defenses, (iii) is based on sufficient discovery and information, and (iv) provides significant relief to the Settlement Class. Accordingly, the Court should find the Settlement is fair, reasonable, and adequate,

and merits final approval.

### 5.  The Reaction of Class Members

The reaction of the Settlement Class to the Settlement strongly supports final approval of the Settlement. Indeed, "[a] small number of objections at the time of the fairness hearing may raise a presumption that the settlement is favorable to the class." *Omnivision*, 559 F. Supp. 2d at 1043 (approving settlement where three of over 57,000 potential class members objected); see also *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent). Notice of the Settlement with specific information about its material terms, as well as each of the associated applications, has been distributed to 133 Settlement Class members and zero objections have been submitted. (Suppl. Vieira Decl., ¶9.)

Related to the reaction of the Settlement Class, the Independent Fiduciary reviewed and authorized the terms of the Amended Settlement Agreement and the proposed applications for case fees and costs, finding:

> After a thorough review of the pleadings and interviews with the parties' counsel and the mediator, Gallagher has concluded that an arm's-length Settlement was achieved after hard-fought negotiations between the parties and is reasonable, given the uncertainties of a larger recovery for the Class at trial. The fee request is also reasonable in light of the effort expended by Plaintiffs' counsel in the Litigation.

(Kravitz Decl. ¶5, Ex. 2, p. 3.).

### 6.  Final Administrative Costs and Average Amount Class Members Will Recover

The administrative costs that have been paid out or will be paid out of the Settlement Fund include: (i) $15,000 to the Independent Fiduciary Gallagher; and (ii) $24,996.63 to the Settlement Administrator SCS for settlement administration fees.  (Suppl. Vieira Decl. ¶8.). Thus, assuming the Court awards the attorneys' fees,

1  attorneys' expenses, and Class Representative Compensation requested in Plaintiff's

2  Fee Motion (ECF#54),   the amount the 133 Class Members would recover on

3  average is approximately $5,762.53.  (See Suppl. Vieira Decl. ¶7.).[3]

4  **C.    Plaintiff's Request for Attorneys' Fees, Expenses, and Class**

5  **      Representative Compensation is Fair, Reasonable, and Appropriate**

6      As set forth in Plaintiff's Fee Motion (ECF #54),  "[i]t is well established that

7  a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve

8  a fund to which others also have a claim is entitled to recover from the fund the costs

9  of his litigation, including attorneys' fees." *Omnivision*, 559 F. Supp. 2d at 1046

10  (quoting *Vincent v. Hughes Air W., Inc*., 557 F.2d 759, 769 (9th Cir. 1977)) (internal

11  quotation marks omitted). "Where a settlement produces a common fund for the

12  benefit of the entire class, courts have discretion to employ either the lodestar

13  method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab.*

14  *Litig*., 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp*., 618

15  F.3d 988, 992 (9th Cir.2010)). In the Ninth Circuit, the percentage method is the

16  prevailing method by which district courts assess and award fees from a common

17  fund in class action litigation. See *Omnivision*, 559 F. Supp. 2d at 1046. Regardless

18  of the method used, the Ninth Circuit requires only that fee awards in common fund

19  cases be reasonable under the circumstances. *State of Fla. v. Dunne*, 915 F.2d 542,

20  545 (9th Cir. 1990).

21      As discussed in Plaintiff's Fee Motion and confirmed by Gallagher, the fees

22

23  _____

24  [3]Based on the SCS's calculations, the Gross Settlement Fund is $1,250,000 plus
    earned interest of $15,665.75 for a total of $1,265,665.75.  Assuming the Court

25  awards the requested fees, expenses, and Class Representative Compensation,
    $499,249.31 would be deducted from Gross Settlement Fund, leaving a Net

26  Settlement Fund of $766,416.44 to be distributed to the 133 Class Members pursuant
    to the Plan of Allocation.  The $499,249.36 is comprised of (i) attorneys' fees of

27  $416,625; (ii) attorneys' fees interest of $5,221.39; (iii) attorneys' expenses of
    $19,906.29; (iv) SCS expenses of $24,996.63; (v) Independent Fiduciary fees of

28  $15,000; and vi) Class Representative Compensation of $17,500.

and costs requested are reasonable in light of: (i) the results achieved; (ii) the risk of litigation; (iii) the skill required and the quality of work; (iv) the contingent nature of the fee and the financial burden carried by the plaintiff's and class counsel]; (v) awards made in similar cases (see *Omnivision*, 559 F. Supp. 2d at 1046), and (vi) the lodestar cross check.

In addition, the requested Class Representative Compensation is reasonable in light of the efforts of Plaintiff. Case contribution "awards that are intended to compensate class Representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (citation omitted). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).

As described in Plaintiff's Declaration in Support of Case Contribution Award (ECF #54-4) and Plaintiff's Supplemental Declaration in Support of Class Representative Compensation, Plaintiff has actively participated in the litigation and assisted Class Counsel in prosecuting the case. Ms. Nguyen provided approximately 140 hours of time working on issues relating to this case, including (i) investigating the claims against Defendants; (ii) communicating with Department of Labor in an effort to investigate her claims; (iii) evaluating the Plan and her account statements as well as the account statement of other participants in the Plan; (iv) talking to Plan participants about the claims; (v) multiple meetings and telephone conferences with Class Counsel to draft the class action complaint and help prosecute the action; (vi) alerting Class Counsel to relevant  developments and information relating to Defendants; (vii) reviewing and approving the amended class action complaint and other pleadings filed in the action; (viii) reviewing court orders and participating in regular discussions with Class Counsel concerning the case status and strategy; (ix)

searching for and reviewing relevant documents; (x) preparing for and attending the mediation; and (xi) working with counsel on the administrative claim and appeal, the complaint and First Amended Complaint, the terms of the Settlement Agreement, and the related motions.  (Nguyen Decl., ¶ 8; ECF #54-4; Suppl. Nguyen Decl. ¶3, Ex. A.).

Consistent with awards regularly granted under similar circumstances, Plaintiff should be compensated for her work done in support of the litigation and for assisting Class Counsel in achieving a strong settlement on behalf of the Class, as well as the reputational and other risks they undertook in bringing this Action. *See Johnson*, 2018 WL 2183253, at *8 (granting case contribution awards based on class counsel's attestation as "to each class representative's cooperation and work" in the case, including providing information to counsel, producing documents and responding to discovery request, communicating with counsel and remaining informed about the case, participating in the mediation process, and approving the settlement agreement).

Lastly, notice of the anticipated requests for fees, expenses, and Class Representative Compensation was provided to all members of the Settlement Class and there were no objections to the awards. (Suppl. Vieira Decl., ¶ 9.). Accordingly, Plaintiff respectfully requests that the Court grant the requests for Attorneys' Fees, Expenses, and Class Representative Compensation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Unopposed Motion for Final Approval of the Settlement and Fee Motion.

1   Dated: January 13, 2025          */s/ Ronald S. Kravitz*
2                                     Ronald S. Kravitz
                                     MILLER SHAH, LLP
3                                     155 Montgomery Street, Suite 600
                                     San Francisco, CA 94104
4                                     Telephone: (866) 540-5505
                                     Facsimile: (866) 300-7367
5                                     Email: rskravitz@millershah.com
6
7                                     *Attorneys for Plaintiff Mary Nguyen and the*
                                     *Putative Class*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Ronald. S. Kravitz*