# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT [56] AND
GRANTING IN SUBSTANTIAL PART MOTION FOR ATTORNEY
FEES, EXPENSES, AND A CASE CONTRIBUTION AWARD [54]**

In this putative class action, Plaintiff Mary Nguyen ("Plaintiff") brings claims against Defendants Westlake Services Holding Company ("Westlake"), Westlake Services Holding Company Employee Stock Ownership Plan (the "Plan"), Westlake Services Holding Company Employee Stock Ownership Plan Committee, Don Hankey, Bret Hankey, Ian Anderson, Paul Kerwin, Eugene Leydiker, and Gracia Ang (collectively, "Defendants") under the Employee Retirement Income Security Act ("ERISA") relating to Defendants' alleged "failure to pay benefits under the terms of the Plan, failure to follow the terms of the Plan, and/or abuse of their discretion in the management of the Plan and the interpretation of the Plan." (Dkt. 38 (First Amended Complaint, "FAC") ¶ 3.) The parties reached a proposed settlement agreement (the "Settlement"). (Dkt. 45-1, Ex. A ("SA").) The court granted preliminarily approval of the Settlement, (Dkt. 51 ("Preliminary Approval Order" or "Prelim. App. Order")), and the court-appointed settlement administrator, Strategic Claims Services ("SCS"), gave class members notice of the Settlement, (*see generally* Dkt. 56-4 (Supplemental Declaration of Cornelia Vieira, "Supp. Vieira Decl.")). The deadline to postmark objections to the Settlement, Plan of Allocation, or counsel's application for attorney fees and expenses passed on December 26,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

2024, and no class member objected.  (Supp. Vieira Decl. ¶ 9; Dkt. 56-1 (Declaration of Ronald S. Kravitz, "Kravitz Decl.") ¶ 7.)  In addition, an independent fiduciary, Gallagher Fiduciary Advisors, LLC ("Gallagher") reviewed the Settlement and opined that its terms are fair, reasonable, and adequate.  (Kravitz Decl. ¶ 5, Exs. 1 and 2.)

Now before the court are two motions: (1) Motion for Final Approval of Class Action Settlement (Dkt. 56, "Final Approval Motion" or "FA Mot."), and (2) Motion for Attorney Fees, Expenses, and a Case Contribution Award (Dkt. 54, "Fee Motion" or "Fee Mot.").  No opposition to the Final Approval Motion or the Fee Motion has been filed.  (*See generally* Dkt.)  The court held a hearing on the Final Approval Motion and the Fee Motion on January 23, 2025.  (Dkt. 57.)  Based on the state of the record, as applied to the applicable law, the Final Approval Motion is **GRANTED** and the Fee Motion is **GRANTED IN SUBSTANTIAL PART**.

I.      **Background**

        A.      **Factual and Procedural Background**

        Plaintiff filed this case on May 15, 2023.  (Dkt. 1 ("Complaint" or "Compl.").)  The court detailed the facts alleged in the Complaint in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss.  (Dkt. 37 ("MTD Order").)  In summary, Plaintiff alleged in the Complaint that Defendants failed to follow and pay benefits according to the Plan's terms, breached their fiduciary duties, and abused their discretion in Plan management and Plan interpretation.  (*See generally* Compl.)  In the MTD order, the court denied Defendants' motion to dismiss as to Plaintiff's second breach of fiduciary duty claim and prohibited transaction claim (Counts IV and V), and granted Defendants' motion to dismiss as to Plaintiff's other claims for unlawful denial of benefits, violation of ERISA's anti-cutback provision, equitable relief under Section 502(a)(3), improper indemnification, and failure to monitor (Counts I, II, VI, VII, and VIII), as well as Plaintiff's first breach of fiduciary duty claim (Count III), dismissing these latter claims with leave to amend.  (MTD Order at 21; *see* SA ¶ 1.3.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                              Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

On March 4, 2024, Plaintiff filed the FAC.  (Dkt. 38; *see* SA ¶ 1.4.)  In the FAC, Plaintiff again alleges that Defendants failed to follow and pay benefits according to the Plan's terms, breached their fiduciary duties, and abused their discretion.  (*See generally* FAC.)  Plaintiff seeks to recover benefits owed, losses the Plan sustained due to Defendants' breaches of fiduciary duty, and restoration to the Plan of any profits that may have been made by the breaching fiduciaries and parties in interest through the use of Plan assets.  (*Id.* at 35-37.)

"Following initial discovery, which included the production of essential documents and participant data related to the Plan, the Parties requested a stay of certain deadlines in the Action pending a mediation."  (Dkt. 45 (Motion for Preliminary Approval, "Prelim. Appr. Mot.") at 11 (citing Dkt. 41); SA ¶ 1.5; *see also* FA Mot. at 3 ("Following considerable investigation and careful consideration of Plaintiff's claims, the exchange of significant documents and information relating to the administration of the Plan, and the exchange of substantial information regarding liability and damages in connection with the mediation process, the Parties reached agreement on the Settlement.").)  "The Court granted in part and denied in part the requested stay and allowed Plaintiff and Defendants to engage in mediation."  (Prelim. Appr. Mot. at 11 (citing Dkt. 42); SA ¶ 1.5.)  "The Parties mediated the case with a well-respected neutral mediator, Robert A. Meyer (JAMS), on March 5, 2024, and April 29, 2024."  (Prelim. Appr. Mot. at 11; *see id.* at 26; *see* SA ¶ 1.6.)  "The Parties were able to reach a settlement agreement on June 28, 2024."  (Prelim. Appr. Mot. at 11; *see generally* SA.)

**B.    The Proposed Settlement**

Under the Settlement, Defendants agree to establish a common fund of a Gross Settlement Amount of $1,250,000 to resolve Plaintiff's claims, including all claims for attorney fees and costs, as well as payment of class representative compensation and the costs of administering the Settlement.  (SA ¶ 2.26; SA Ex. 1 ("Proposed Notice") ¶ 7; FA Mot. at 3-4.)  The Net Settlement Amount—the Gross Settlement Amount minus court-approved attorney fees and costs, administrative expenses, and class representative incentive awards—will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                              Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

distributed to eligible class members according to the Plan of Allocation, which allocates settlement proceeds among class members based on the total number of vested Westlake Shares the class member held as of March 31, 2020, the date of the special valuation. (*See* SA ¶ 6.4; FA Mot. at 4.) Participants have the option of receiving the distribution as a tax-qualified rollover into a qualified account or directly by check. (Proposed Notice ¶ 8; *see* FA Mot. at 1.)

In exchange for the Settlement's benefits, participating class members agree to release claims that "were asserted in the Action, or that arise out of, relate to, or are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences that are alleged or asserted in the Action or could have been alleged or asserted based on the same factual predicate, whether or not pleaded in the Complaint or Amended Complaint," "[t]hat would be barred by res judicata based on entry by the Court of the Final Approval Order," "[t]hat relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation or to any action taken or not taken by the Settlement Administrator in the course of administering the Settlement," or "[t]hat relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone." (SA ¶ 2.36.) The claims released "specifically exclude any claims wholly unrelated to this Settlement or this Action that the Class Representative or Class Members have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date of the Effective Approval Order." (*Id.* ¶ 2.37.)

C.    **Notice to the Class and the Class' Response**

After the court granted preliminary approval of the Settlement, (*see generally* Prelim. Appr. Order), SCS mailed notice to the 133 class members. (Dkt. 54-5 (Declaration of Cornelia Vieira, "Vieira Decl.") ¶ 5, Ex. B (Class Notice and Class Member Payment Election Form).) "Out of the 133 notices mailed, seven were returned as undeliverable." (Supp. Vieira Decl. ¶ 4.) Six of those seven were "skip-traced" to obtain updated addresses and re-mailed to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

updated addresses.  (*Id.*)  SCS also created a settlement website and a toll-free phone number
dedicated to the Settlement.  (Vieira Decl. ¶¶ 7-8; Supp. Vieira Decl. ¶ 5.)

Class members had until December 26, 2024, to postmark any objections to the
Settlement, the Plan of Allocation, or the requests in the Fee Motion.  (Supp. Vieira Decl. ¶ 9.)
No objections were received.  (*Id.*)  In addition, the deadline by which Class Member Payment
Election Forms had to be received was January 2, 2025, and SCS received 27.  (*Id.* ¶ 6.)  (Class
members not submitting that form will receive their Settlement payments directly by check.
(FA Mot. at 1.))

## II.  Discussion

In deciding whether to grant the Final Approval Motion and Fee Motion, the court
analyzes (1) whether to certify a class for settlement purposes and (2) the fairness of the
Settlement.

### A. Class Certification

Plaintiff seeks to certify the following class:

> All Plan participants whose employment with Westlake or any of its
> affiliates terminated between January 1, 2019, and March 31, 2020,
> with account balances greater than $5,000 in the Plan, and the
> beneficiaries of such participants (as applicable).

(Prelim. Appr. Mot. at 9; SA ¶ 2.42.)  When a plaintiff seeks provisional class certification for
settlement purposes, a court must ensure Federal Rule of Civil Procedure 23(a)'s four
requirements and at least one of Rule 23(b)'s requirements are met.  *See Amchem Prods., Inc. v.
Windsor*, 521 U.S. 591, 620 (1997); *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir.
2003); Fed. R. Civ. P. 23(e)(1)(B)(i) (stating that notice to the class must be given "if giving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                         Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

notice is justified by the parties' showing that the court will likely be able to . . . certify the class for purposes of judgment on the proposal"). In this case, Plaintiff seeks certification under Rule 23(b)(1). Rule 23(b)(1)(A) allows certification "if prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." *Id.* 23(b)(1)(A). Rule 23(b)(1)(B) allows certification "if prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." *Id.* 23(b)(1)(B). In other words, "Rule 23(b)(1)(A) considers possible prejudice to a defendant, while 23(b)(1)(B) looks to prejudice to the putative class members." *Urakhchin v. Allianz Asset Mgmt. of Am., L.P. ("Allianz I")*, 2017 WL 2655678, at *7 (C.D. Cal. June 15, 2017) (internal quotation omitted).

The court previously concluded that Plaintiff presented sufficient evidence to show "that certification is appropriate under Rule 23(b)(1)." (Prelim. Appr. Order at 4-9.) Having reviewed the requirements again, the court adopts its prior analysis regarding class certification and grants certification of the proposed class for settlement purposes only. *See Atzin v. Anthem, Inc.*, 2022 WL 4238053, at *3 (C.D. Cal. Sept. 14, 2022) ("Nothing has changed to disturb that conclusion, and class certification remains appropriate."); (*see also* FA Mot. at 6 ("None of the circumstances that warranted provisional certification has changed. Thus, the Settlement Class should be maintained through entry of a final judgment.")).

B.      **Fairness of the Settlement**

Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), a settlement of class claims requires court approval. Fed. R. Civ. P. 23(e). This is because "[i]ncentives inhere in class-action settlement negotiations that can, unless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

checked through careful district court review of the resulting settlement, result in a decree in which the rights of class members, including the named plaintiffs, may not be given due regard by the negotiating parties." *Staton*, 327 F.3d at 959 (cleaned up).

Rule 23(e) governs class action settlement approval. Courts may approve class action settlements only when they are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, courts must consider whether (A) the class representatives and class counsel have adequately represented the class, (B) the proposal was negotiated at arm's length, (C) the relief provided for the class is adequate, and (D) the proposal treats class members equitably relative to each other. *Id.* 23(e)(2)(A–D).

### 1.     Adequacy of Class Representatives and Class Counsel

For reasons including those explained in the court's analysis of the Rule 23(a) factors at the preliminary approval stage, the court finds Plaintiff and Class Counsel have ably represented the class to date and have secured a significant settlement. (Prelim. Appr. Order at 10-11.) "The Court is unaware of any conflict of interest between Plaintiff[] and the proposed class." *Dean v. China Agritech*, 2012 WL 1835708, at *5 (C.D. Cal. May 3, 2012). "Plaintiff's claims are identical to those of the class and she has every incentive to vigorously pursue those claims." *Becerra-S. v. Howroyd-Wright Emp. Agency, Inc.*, 2020 WL 8571838, at *3 (C.D. Cal. Oct. 5, 2020). "Nor is there any evidence that [Class Counsel] will not adequately represent or protect the interests of the class." *Id.* Class Counsel has extensive experience litigating ERISA class actions, (Dkt. 45-1 ¶ 9; Fee Mot. at 8; Kravitz Decl. ¶¶ 15-18), has been appointed as counsel in ERISA class action settlements, *see, e.g.*, *Shin v. Plantronics, Inc.*, 2019 WL 8638832, at *3 (N.D. Cal. Aug. 13, 2019), and appears "qualified and competent." *Hanlon*, 150 F.3d at 1020. Accordingly, the court finds this factor weighs in favor of granting final approval.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

### 2.      Arm's Length Negotiation

Rule 23(e)(2)(B) requires that "the proposal was negotiated at arm's length."  Fed. R. Civ. P. 23(e)(2)(B).  Plaintiff represents that "[t]he Settlement Agreement was reached after multiple rounds of negotiations between experienced and informed counsel under the auspices of a well-respected neutral mediator, Robert A. Meyer, Esquire of JAMS."  (FA Mot. at 3 (internal definition omitted).)  Gallagher also opines that "[t]he Settlement is at least as favorable as an arms-length transaction agreed to by unrelated parties would likely have been. Counsel for both sides and the mediator confirmed that the Settlement was the product of hard fought, extensive negotiations."  (Dkt. 56-3 at 3.)

The court finds that the Settlement is the result of arms-length negotiations between the parties.  The settlement negotiations occurred before a neutral private mediator who has "experience with ERISA mediations."  *Gruber v. Grifols Shared Servs. N. Am., Inc.*, 2023 WL 8610504, at *1 (C.D. Cal. Nov. 2, 2023) (describing Mr. Meyer); *Mandi Peterson v. Vivendi Ticketing US LLC*, 2024 WL 3915154, at *5 (C.D. Cal. June 20, 2024) ("The negotiation was under the direction of mutually agreed-upon mediator, Robert Meyers of JAMS, who has extensive experience mediating and managing multiparty and multifaceted cases, which tends to support that the agreement was non-collusive."); *see Bluetooth*, 654 F.3d at 948 (explaining that although the "mere presence of a neutral mediator . . . is not on its own dispositive," it is "a factor weighing in favor of a finding of non-collusiveness"); *Hashemi v. Bosley, Inc.*, 2022 WL 2155117, at *6 (C.D. Cal. Feb. 22, 2022) ("The parties extensively negotiated the Settlement over several months prior to mediation and ultimately reached a final agreement only after arms-length negotiations before [the] mediator.").  The settlement negotiations also occurred between experienced counsel.  *See Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *3 (C.D. Cal. May 6, 2014) ("The fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") (cleaned up). Moreover, as further explained in Section II.B.3.c., *infra*, although the Settlement contains a clear sailing arrangement, it does not appear to have any other "subtle signs" of collusion that courts must police, and the clear sailing arrangement does not appear indicative of collusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

*See Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1048 (9th Cir. 2019). The court
concludes that this factor weighs in favor of granting final approval.

### 3.    Adequacy of Class Relief

In determining whether class relief is "adequate," courts consider "(i) the costs, risks, and
delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to
the class, including the method of processing class-member claims; (iii) the terms of any
proposed award of attorney's fees, including timing of payment; and (iv) any agreement
required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).[1]

### a.    The Costs, Risks, and Delay of Trial and Appeal

The court finds that $1.25 million Settlement reflects a substantial outcome for class
members. (*See* Prelim. Appr. Mot. at 25 ("[T]he amount of the settlement . . . is a strong
achievement, especially given the nature of the claims and defenses and the uncertainty of trial .
. . , and will provide significant recompense to former Plan participants.").) If the court awards
all of the requested fees, costs, class representative compensation, and administrative expenses,

---

[1] Before Congress codified these factors in 2018, the Ninth Circuit instructed district courts to
apply the following factors in determining whether a settlement agreement was fair, reasonable,
and accurate: "[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely
duration of further litigation; [3] the risk of maintaining class action status throughout the trial;
[4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the
proceedings; [6] the experience and views of counsel; [7] the presence of a governmental
participant; and [8] the reaction of the class members to the proposed settlement." *Roes, 1-2*,
944 F.3d at 1048; *Staton*, 327 F.3d at 959. The court still considers these factors to the extent
that they shed light on the Rule 23(e) inquiry. *See Wong v. Arlo Techs., Inc.*, 2021 WL
1531171, at *8 (N.D. Cal. Apr. 19, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00854-FWS-ADS                                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

the 133 class members will receive an average award of $5,762.53.  (FA Mot. at 12 (citing
Supp. Vieira Decl. ¶ 7); *id.* at 12 n.12.)

The court further finds the benefits class members will receive under the Settlement
present a fair compromise given the costs, risks, and delay of trial and appeal.  Although
litigation had not progressed far in this case, the parties had the benefit of the previously
described experience, research, informal discovery, and substantive motion practice.  (*See* FA
Mot. at 3; Prelim. Appr. Mot. at 25 ("[T]he Parties settled the action after exchanging
substantial documents and information during the administrative review of Plaintiff's claims
and the initial discovery conducted after Plaintiff filed the complaint.").  With that information,
the parties were able to realistically value the scope of Defendants' potential liability and assess
the costs, risks, and delay of moving forward with class certification, motion practice, and trial.
*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (explaining that
approving the settlement is favored when the "parties have sufficient information to make an
informed decision about settlement" (cleaned up)).

The court observes that those costs and risks are not insignificant.  Because this case is in
the beginning stages, substantial litigation costs would be required to take this case to trial.
"Numerous depositions and document and other written discovery would be required if the case
continued."  *Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *7 (C.D. Cal. July 24,
2023).  "Extensive and expensive expert discovery would also be necessary."  *Id.*  And there
would be significant costs and risks associated with class certification, summary judgment, and
trial.  *See In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26,
2007) ("Additional consideration of increased expenses of fact and expert discovery and the
inherent risks of proceeding to summary judgment, trial and appeal also support the
settlement."); *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013)
("The notion that a district court could decertify a class at any time is one that weighs in favor
of settlement." (citation omitted)).  Even if Plaintiff were able to certify a class, there would
also be a risk that the court could later decertify the class.  *See In re Netflix Privacy Litig.*, 2013
WL 1120801, at *6 ("The notion that a district court could decertify a class at any time is one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                           Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

that weighs in favor of settlement.").  These considerations are even more acute in this ERISA
case given that "ERISA is a complex field that involves difficult and novel legal theories and
often leads to lengthy litigation."  *Krueger v. Ameriprise Fin., Inc.*, 2015 WL 4246879, at *1
(D. Minn. July 13, 2015).  Indeed, "[a]lthough Plaintiff believes there is strong legal and factual
support for her claims," she recognizes "there is inherent risk in continued litigation of these
complex ERISA claims."  (FA Mot. at 7; *see also* Prelim. Appr. Mot. at 23, 25 ("This litigation
involves complex factual and legal issues under ERISA," including "novel issues relating to the
valuation of shares of an employee stock ownership plan during the pandemic.").)  And in this
case specifically, "Class Counsel faced numerous hurdles and risks from the outset, including
the fact that the only other reported pandemic-related special valuation case resulted in
summary judgment in favor of the defendants."  (Fee Mot. at 2 (citing *Lipshires v. Behan Bros.,
Inc. Retirement Plan*, 557 F. Supp. 3d 359, 365 (D.R.I. 2021)).)

In addition, even if Plaintiff could secure a better result than the Settlement represents at
trial, any result obtained after additional litigation or trial would take significantly longer and
there is a risk that Plaintiff could have received much less, or nothing at all.  *See In re
Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041–42 (N.D. Cal. 2008) (discussing how a
class action settlement offered an "immediate and certain award" in light of significant
obstacles posed through continued litigation); (FA Mot. at 23 ("A certain result for Class
Members now, rather than a possibly larger, but contingent one at some indefinite time years in
the future, weighs in favor of approval of the Settlement.").  Moreover, Plaintiff represents that
"there is a substantial likelihood of appeal from any final judgment."  (Prelim. Appr. Mot. at 23;
*see also* FA Mot. at 8 (referencing "likely appeals").)

The Settlement removes these costs and risks "by ensuring class members a recovery that
is certain and immediate, eliminating the risk that class members would be left without any
recovery at all."  *Graves v. United Indus. Corp.*, 2020 WL 953210, at *7 (C.D. Cal. Feb. 24,
2020) (cleaned up); *see In re Cobra Sexual Energy Sales Pracs. Litig.*, 2021 WL 4535790, at *6
(C.D. Cal. Apr. 7, 2021); *see also Kruger v. Novant Health, Inc.*, 2016 WL 6769066, at *5
(M.D.N.C. Sept. 29, 2016) (noting that early settlement of an ERISA "case benefits the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

employees and retirees" because (1) "the class will receive compensation and be able to invest those funds immediately, rather than having to wait as long as a decade as other classes in similar 401(k) cases have had to do," (2) "the affirmative relief . . . will go into effect now, as opposed to several years from now, which allows a class to achieve substantial savings and be able to invest those savings immediately – enjoying years' worth of returns that would not otherwise be available," and (3) "by settling this case before entering into the formal discovery stage, let alone trial, Class Counsel avoided substantial litigation costs and expenses to the class"). "It also secures a settlement now rather than imposing the delay of additional litigation, which in this case could span years." *Farrar*, 2023 WL 5505981, at *7.

The court concludes that the elimination of all of these costs, risks, and delays weighs heavily in favor of approving the Settlement. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Curtis-Bauer v. Morgan Stanley & Co., Inc*., 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.").

        **b.**    **The Effectiveness of the Proposed Method of Distribution of Class Relief**

Next, the court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C). "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.*

In this case, the relief distribution is straightforward. "For each Class Member, the Class Member will have the opportunity to elect a tax-qualified rollover of his or her settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                                      Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

payment to an individual retirement account or other eligible employer plan, provided that the
Class Member supplies adequate information to the Settlement Administrator to effect the
rollover.  Otherwise, the Class Member will receive his or her settlement payment directly by
check."  (SA ¶ 6.5.)  SCS received 27 Class Member Payment Election Forms.  (Supp. Vieira
Decl. ¶ 6.)  The court finds this procedure is not unduly demanding and therefore concludes that
this factor weighs in favor of granting final approval.

> ### c.    Award of Attorney Fees and Costs

Next, the court must consider "the terms of any proposed award of attorneys' fees,
including timing of payment," in determining whether the class's relief is adequate.  Fed. R.
Civ. P. 23(e)(2)(c).  When reviewing attorney fee requests in class action settlements, courts
have discretion to apply the percentage-of-the-fund method or the lodestar method to determine
reasonable attorney fees.  *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *In re
Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011).  In considering the
proposed attorney fee award, the court must also scrutinize the Settlement for three factors that
tend to show collusion: (1) when counsel receives a disproportionate distribution of the
settlement, (2) when the parties negotiate a "clear sailing arrangement," under which the
defendant agrees not to challenge a request for agreed-upon attorney fees, and (3) when the
agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant,
rather than the class.  *Briseno v. ConAgra Foods, Inc.*, 998 F.3d 1014, 1022 (9th Cir. 2021).

Here, Class Counsel seeks one-third of the $1,250,000 Gross Settlement Amount, or
$416,625.00.  (Fee Mot. at 2, 16.)  Regarding the factors tending to show collusion, the court
previously raised for the parties' attention the Settlement's "clear sailing" arrangement.
(Prelim. Appr. Order at 16-17 (citing SA ¶ 7.2).)  While this arrangement is concerning, it is not
a "death knell," *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021), and after
"peer[ing] into the provision and scrutiniz[ing] closely the relationship between attorneys' fees
and benefit to the class," *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021) (citation omitted),
the court determines that the presence of the clear sailing arrangement does not indicate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

collusion in this case.  As the court has explained, the Settlement provides a substantial recovery for the class, with class members receiving an average award of $5,762.53.  (Supp. Vieira Decl. ¶ 7); *see Singh v. Roadrunner Intermodal Servs. LLC*, 2019 WL 316814, at *7–8 (E.D. Cal. Jan 24, 2019) (granting final approval despite clear sailing provision, finding "that the requested fees are justified and do not betray the class's interests" and that "[o]n balance, the court is satisfied that the settlement is not the product of collusion").  Moreover, the inference of collusion from a clear sailing arrangement is diminished when class counsel's fees are "to be made from the settlement fund," *Rodriguez*, 563 F.3d at 958, and "when the agreement lacks a reversionary or 'kicker provision,'" *In re Toys "R" Us-Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 458 (C.D. Cal. 2014) (citation omitted).  *See also Swain v. Anders Grp., LLC*, 2023 WL 2976368, at *10 (E.D. Cal. Apr. 17, 2023) ("Moreover, the collusion concerns raised by the clear sailing provision are minimized, however, because any fees not awarded will be distributed to the class, not revert to Anders."); *Musgrove v. Jackson Nurse Pros., LLC*, 2022 WL 18231364, at *6 (C.D. Cal. June 24, 2022) (similar).  That is the case here.  (*See generally* SA; FA Mot. at 4 ("Under no circumstances shall any portion of the Net Settlement Amount revert to Defendants.").)

The court further finds that the fee Class Counsel seeks is not "disproportionate."  *See Bluetooth*, 654 F.3d at 947.  The Ninth Circuit has held that 25% of a settlement fund is the "benchmark" for a reasonable fee award.  *Id.* at 942-43.  In deciding whether "'special circumstances' justify[ ] a departure" upward or downward from the benchmark, *id.* at 942, courts typically consider (1) the size of the fund, (2) the quality of the results achieved, (3) the risk counsel undertook, (4) the skill required and the quality of work, (5) the contingent nature of the fee and the financial burden carried by the plaintiff, and (6) awards made in similar cases.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

The court observes that, although 25% is the benchmark, courts frequently award requests for 33% of the fund, and finds that doing so is appropriate here.  "The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award," and class members are receiving a very significant benefit from this litigation as a result of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

Class Counsel's effort. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046. Indeed, class members are eligible to receive thousands of dollars without taking any action. Moreover, "[i]n awarding percentages of the class fund, courts frequently take into account the size of the fund," and "[c]ases of under $10 Million," like this one, "will often result in result in fees above 25%." *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008). And third, courts depart upward from the 25% benchmark after considering "the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (internal quotations omitted). In this case, the court finds Class Counsel achieved exceptional results for the class in a case that was very risky for Class Counsel and litigated on a contingency basis. (*See* Section II.B.3.a., *supra*; Fee Mot. at 7-10; Kravitz Decl. ¶ 14); *see generally Henderson v. Emory Univ.*, 2020 WL 9848978, at *3 (N.D. Ga. Nov. 4, 2020) ("The commitment to litigation like this may require tens of thousands of hours, years of litigation, trial, appeals, and other proceedings. Given this reality, despite Class Counsel's success in similar litigation, few law firms have the necessary expertise and are willing take the risk and devote the substantial resources necessary, all at risk of nonpayment, to litigate these complex ERISA claims.").

It is also relevant that Class Counsel successfully negotiated the Settlement with a company represented by a prominent litigation law firm. *See Gutierrez v. Amplify Energy Corp.*, 2023 WL 3071198, at *5 (C.D. Cal. Apr. 24, 2023) (citing *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) ("In addition to the difficulty of the legal and factual issues raised, the court should also consider the quality of opposing counsel as a measure of the skill required to litigate the case successfully.")); (Fee Mot. at 9 (citing *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("Moreover, plaintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly."); Kravitz Decl. ¶ 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                              Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

("Morgan Lewis is a well-respected law firm that vigorously represented the interests of their
clients throughout this Action.  In the face of this experienced and formidable opposition, Class
Counsel were nonetheless able to persuade Defendants to settle the case on terms that I believe
are favorable to the Settlement Class.").  "Finally, there is no doubt that the expertise of many
of these counsel contributed to both a substantial saving of expense for the class and a
maximization of the ultimate recovery."  *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F.
Supp. at 1337.

     A lodestar cross-check also confirms the reasonableness of Class Counsel's requested
award.  Courts commonly perform a lodestar cross-check to assess the reasonableness of the
percentage award.  *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir.
2022) ("A cross-check is discretionary, but we encourage one when utilizing the percentage-of-
recovery method."); *Vizcaino*, 290 F.3d at 1050 ("Calculation of the lodestar, which measures
the lawyer's investment of time in the litigation, provides a check on the reasonableness of the
percentage award."); *Bluetooth*, 654 F.3d at 943 (encouraging a "comparison between the
lodestar amount and a reasonable percentage award"); *see also Chambers v. Whirlpool Corp.*,
980 F.3d 645, 663 (9th Cir. 2020) (confirming that a lodestar cross-check is "ordinarily" not
required).

     Class Counsel submitted evidence of a $498,555.00 lodestar for 648.3 hours of work,
meaning the requested fee "yields a fractional or 'negative' multiplier of 0.84."  (Fee Mot. at
16; Kravitz Decl. ¶¶ 8-10, 22); *see Vizcaino*, 290 F.3d at 1051.  Whereas "courts have routinely
enhanced the lodestar to reflect the risk of non-payment in common fund cases," and "multiples
ranging from one to four are frequently awarded in common fund cases when the lodestar
method is applied," *Vizcaino*, 290 F.3d at 1051 n.6, Class Counsel here seeks a fee with a
negative multiplier.  *See also Gutierrez*, 2023 WL 3071198, at *6 (describing multipliers
ranging from one to four as "presumptively acceptable") (citing *Dyer v. Wells Fargo Bank,
N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014)).  The court has reviewed the information provided
and concludes that the lodestar amount with the negative multiplier fairly compensates the
attorneys in this case given the excellent result they achieved for the class; the able

**CIVIL MINUTES – GENERAL**                                                        **16**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

representation of Class Counsel; the investigation, discovery, litigation, negotiation, and other
work performed; and the substantial risk Class Counsel undertook in this ERISA class action.
*See In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 109 F.3d 602, 607 (9th
Cir. 1997) (explaining that comparing the lodestar fee to the 25% benchmark "resembles what
lawyers commonly do when they draft a bill based on hours spent, consider the bottom line as
compared with the value of the result, then cut the bill if the total seems excessive as compared
with the results obtained"). The court therefore concludes that Class Counsel's lodestar
confirms the reasonableness of the fees sought.

    In addition, the court has also reviewed Class Counsel's request for $19,906.29 in
litigation costs incurred for filing this case, postage and deliveries, computer research, and
mediation. (Fee Mot. at 17-18; Dkt. 52-3 ¶¶ 23-25, Ex. 2.) The court observes that these are
generally the types of expenses that are reasonably and necessarily incurred in litigation and
routinely charged to paying clients in non-contingency cases. *See Bato v. Lab'y Corp. of Am.
Holdings*, 2011 WL 13412376, at *17 (C.D. Cal. Mar. 14, 2011) (explaining that discovery
costs "paved the way for settlement," and computerized legal research "was necessary to
examine the legal basis for plaintiffs' claims" and to oppose a motion to dismiss). Moreover,
the court commends Class Counsel for its decision to "not seek reimbursement of any travel
expenses incurred in connection with its representation of the Settlement Class, despite
incurring such expenses in the course of this litigation," in an "effort[] to minimize expenses
charged to the Settlement Class." (Fee Mot. at 18 n.5.) The court finds the requested
$19,906.29 in costs to be reasonable and adequately supported by the documentation submitted.

    The court will make one change, however, in calculating class counsel's fee: it will apply
the benchmark percentage after deducting litigation and administration costs from the common
fund. "In other words, to calculate attorney fees in this case, the court will apply the
[percentage fee award] to the amount the class recovers." *Farrar*, 2023 WL 5505981, at *10;
*Carter v. Vivendi Ticketing US LLC*, 2023 WL 8153712, at *8 (C.D. Cal. Oct. 30, 2023).
Calculating counsel's percentage fee award before deducting costs would mean that counsel not
only gets reimbursed for their costs but also receives an additional 33% of those costs as a

**CIVIL MINUTES – GENERAL**                                                          **17**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

fee. *See, e.g.*, *Smith v. Experian Info. Sols., Inc.*, 2020 WL 6689209, at *7 (C.D. Cal. Nov. 9, 2020) (calculating benchmark fees by deducting litigation costs and settlement administrator costs from the settlement amount, and taking 25% of that amount); *In re Apple iPhone/iPad Warranty Litig.*, 40 F. Supp. 3d 1176, 1182 (N.D. Cal. 2014) (same); *Kmiec v. Powerwave Techs., Inc.*, 2016 WL 5938709, at *5 (C.D. Cal. July 11, 2016) (same); *Kanawi v. Bechtel Corp.*, 2011 WL 782244, at *3 (N.D. Cal. Mar. 1, 2011) (same). And deducting the settlement administrator's and independent fiduciary's costs before calculating the fee ensures that class counsel's incentive remains keeping those costs low. *See Farrar*, 2023 WL 5505981, at *10. Subtracting from the $1,250,000 million Settlement amount $24,996.63 in settlement administration costs, $19,906.29 in litigation costs, and $15,000 in independent fiduciary costs yields $1,190,097.08. (*See* FA Mot. at 11-12; Supp. Vieira Decl. ¶ 8.) One third of that amount is $396,699.03. Accordingly, the court will award Class Counsel $396,699.03 in attorney fees.

    In addition to the amount of Class Counsel's fees and costs, the court must scrutinize the timing of payment. Fed. R. Civ. P. 23(e)(2)(c). The Settlement provides that attorney fees and costs, administrative expenses, and class representative compensation award will be distributed no later than eight calendar days after the Settlement Effective Date, but the Net Settlement Amount for class members will be distributed no earlier than fourteen business days after the Settlement Effective Date. (SA ¶ 5.8.) At the preliminary approval stage, the court noted that "[t]his could cast a slight shadow on the proposed fee and cost arrangements." (Prelim. Appr. Order at 17 (citing *Farrar*, 2023 WL 5505981, at *10 (citing *Salas Razo v. AT&T Mobility Servs., LLC*, 2022 WL 4586229, at *13 (E.D. Cal. Sept. 29, 2022) ("[C]ounsel will receive payment at the same time as Class Members, and the timing of payment does not weigh against preliminary approval of the Class Settlement.")). However, "[t]o address the Court's concerns regarding the timing of the payments to Class Counsel and Plaintiff, Plaintiff and Class Counsel request that Section 5.8 of the Settlement Agreement be amended to provide for the payments to Class Counsel and Plaintiff to be made at the same time as the payments to Class Members. Thus, the distributions to Class Members and attorneys' fees, expenses, the Class Representative Compensation will be made no earlier than fourteen (14) business days after the Settlement Effective Date." (FA Mot. at 2.) Because "counsel will receive payment at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                     Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

the same time as Class Members, . . . the timing of payment does not weigh against" final
approval of the Settlement. *Razo v. AT&T Mobility Servs., LLC*, 2022 WL 4586229, at *13
(E.D. Cal. Sept. 29, 2022); *see Perks v. Activehours, Inc.*, 2021 WL 1146038, at *6 (N.D. Cal.
Mar. 25, 2021) (similar).

    **d.**    **Agreements Required to Be Identified Under Rule 23(e)(3)**

    The court must also consider whether there is "any agreement required to be identified
under Rule 23(e)(3)," Fed. R. Civ. P. 23(e)(2)(C)(iv)—that is, "any agreement made in
connection with the proposal," *id.* 23(e)(3). Here, the parties have identified no agreement
other than the proposed Settlement.

    **e.**    **Class Representative Compensation Award**

    Next, the court considers a class representative compensation award. Service awards or
incentive awards are payments to class representatives for their service to the class in bringing
the lawsuit. *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). Courts
routinely approve this type of award to compensate representative plaintiffs for the services they
provide and the risks they incur during class action litigation, and the awards are disgretionary.
*Rodriguez*, 563 F.3d at 958-59; *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 499
(E.D. Cal. 2010). A $5,000 payment is "presumptively reasonable." *Bellinghausen v. Tractor
Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015).

    Plaintiff seeks a class representative compensation award of $17,500. (Fee Mot. at 3; *see*
SA ¶ 7.2.) At the preliminary approval stage, the court noted that it "ha[d] questions about
whether such a large award would be appropriate." (Prelim. Appr. Order at 19.) "[T]o address
the Court's concerns about the Class Representative Compensation, Plaintiff supplements her
prior declaration supporting the award ([Dkt.] 54-4) with a detailed chart describing the work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

she performed in connection with the prosecution of her claims and the claims of the Class."
(FA Mot. at 2-3.)

Plaintiff's declaration submitted with the Fee Motion reflects that she contacted the
Department of Labor ("DOL") herself in April 2021 concerning her claims regarding the Plan,
and spent time investigating and communicating with DOL investigators. (Dkt. 54-4
(Declaration of Mary Nguyen in Support of Case Contribution Award, "Pl. Decl.") ¶ 5.) In
August 2021, she contacted Class Counsel to discuss her claims and work with the DOL. (*Id.*
¶ 6.) After Defendants denied Plaintiff's administrative claim and appeal in 2023, she agreed to
serve as named plaintiff in this case. (*Id.*) Plaintiff states she agreed to be a class representative
despite the "risk to [her] reputation and to obtaining future employment." (*Id.* ¶ 7.) Plaintiff
"reviewed a draft complaint and authorized it to be filed," "conferred regularly with [her]
counsel," reviewed records and court orders, searched for relevant documents, attended
mediation sessions, and reviewed draft motions and settlement agreements. (*Id.* ¶¶ 8-10.) She
states that although she "ha[s] not kept a detailed diary or other time records that would show
the precise amount of time that [she has] devoted to this case," she "estimate[s] that [her] total
time devoted to this litigation to [her] claims and this litigation be approximately 100 hours
from 2020 to the present," including "all of [her] phone calls, emails and other consultations
with counsel, reviewing pleadings and other court papers, searching for and producing to
counsel whatever Plan-related documents [she] had in [her] possession or could obtain from
other members of the Class." (*Id.* ¶ 13.) With the Final Approval Motion, Plaintiff submitted
"a detailed chart showing [her] estimated time working on [her] claims and the class action."
(Dkt. 56-5.) The chart reflects an estimated 140 hours spent from April 20, 2021, to the present.
(Dkt. 56-6.)

When evaluating the reasonableness of an incentive award, courts consider "the actions
the plaintiff has taken to protect the interests of the class, the degree to which the class has
benefitted from those actions," and the time the plaintiff spent pursing the litigation. *Staton,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

327 F.3d at 977.  "Overcompensating named plaintiffs at the expense of a reduction in the
common fund available to class remembers could encourage collusion at the settlement stage of
class actions where a named plaintiff's interest naturally diverges from that of the class,
compromising his role as a judge of adequacy."  *Ontiveros v. Zamora*, 303 F.R.D. 356, 366
(E.D. Cal. 2014).

        The court has carefully reviewed Plaintiff's declarations in support of the Final Approval
Motion and the Fee Award, the briefing submitted by Class Counsel, and other ERISA class
action settlements in California, and although the court finds that a substantial service award is
appropriate for Plaintiff, the court is still not persuaded that a $17,500 service award is
appropriate.  Instead, under the circumstances presented here and in the court's discretion, the
court finds that a $12,500 service award is appropriate.  *See, e.g.*, *Baird v. BlackRock
Institutional Tr. Co., N.A.*, 2021 WL 5113030, at *9 (N.D. Cal. Nov. 3, 2021) (finding $10,000
service awards for each ERISA plaintiff reasonable to compensate them for their 61 and 51.25
hours of efforts over four years of litigation, the reputational risk they undertook to participate
in a lawsuit against their prior employer and colleagues, and their "understandabl[e] concern[]
that their ability to return to work in the financial industry is now impaired"); *Gamino v. KPC
Healthcare Holdings, Inc.*, 2023 WL 3325190, at *7 (C.D. Cal. Mar. 11, 2023) ("The Court
preliminarily expressed its concern about the appropriateness of Plaintiff's [$10,000 requested]
award, which is double the amount considered presumptively reasonable in the Ninth Circuit.
Upon review of a more developed record, Plaintiff's request is reasonable.  The Class
Representative still works in the healthcare industry and exposed herself to risk as the named
Plaintiff in a case that has received media coverage; and she was deposed twice, produced
documents, participated in four mediations, and communicated with Class Counsel for years
during the pendency of this action.  The Court therefore finds the $10,000 award to be
reasonable."); *In re LinkedIn ERISA Litig.*, 2023 WL 8631678, at *11 (N.D. Cal. Dec. 13, 2023)
(finding "a service award greater than the 'presumptively reasonable' $5,000 award is
appropriate, although the Court is unpersuaded that awards of $12,500 are justified in this

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                             Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

action," and ultimately awarding $6,500 to each of three class representatives who "dedicated close to 100 hours each in litigating this action").

### 4.    Equitable Class Member Treatment

The final Rule 23(e) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

Under the Settlement, class members receive differing payouts "based on the number [of] shares of company stock that they had in the Plan as of March 31, 2020, the date of the special valuation," such that payments will be distributed "in a manner proportionate to the size of the losses resulting from the reduction in the share price of the Company's shares as a result of the special valuation." (Prelim. Appr. Mot. at 24.) The court finds this difference in treatment is appropriate and reasonable. *Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1082 (C.D. Cal. 2023) ("It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits."). Accordingly, the court concludes the Settlement treats class members equitably.

### 5.    Response to Notice

Finally, in assessing the Settlement's adequacy, the court also considers the class' response to the notice. *See Alfred v. Pepperidge Farm*, 2022 WL 17066171, at *7 (C.D. Cal. Mar. 4, 2022) ("Because the notice process has been completed, the reaction of Class Members to the Settlement Agreement may be considered in evaluating whether it is fair and appropriate."). As explained, SCS mailed notice to 133 class members, with 132 of those notices being successfully delivered. (Supp. Vieira Decl. ¶¶ 3-4.) SCS also created a website

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                          Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

and a toll-free telephone number for the case. (*Id.* ¶ 5.) No class member objected to the Settlement. (*Id.* ¶ 9.) This indicates strong overall support for the Settlement and supports final approval. *See, e.g.*, *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement. It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Hashemi*, 2022 WL 18278431, at *6 ("Very few objections and opt-outs create a strong presumption that the Settlement is beneficial to the Class and thus warrants final approval."); *In re Lifelock, Inc. Mktg. & Sales Practices Litig.*, 2010 WL 3715138, at *6 (D. Ariz. Aug. 31, 2010) (explaining that low number of timely written objections and requests for exclusion supported settlement approval); *Kacsuta v. Lenovo (United States) Inc.*, 2014 WL 12585787, at *5 (C.D. Cal. Dec. 16, 2014) ("Because the reaction of the class to settlement has been almost entirely positive, with only two objections, this factor favors final approval."); *Hashemi II*, 2022 WL 18278431, at *6 ("Very few objections and opt-outs create a strong presumption that the Settlement is beneficial to the Class and thus warrants final approval."). Plaintiff also notes her support for the Settlement in her declaration. (Pl. Decl. ¶ 12.)

Also, regarding reaction to the Settlement, the court observes that Gallagher, an independent fiduciary, reviewed and approved the Settlement. (FA Mot. at 5-6; Dkts. 56-2, 56-3.) Pursuant to ERISA regulations and the Settlement, Gallagher reviewed and analyzed documents and information related to this case, court filings, and the Settlement terms, including the amount class members received, the release, the amount of attorney fees requested, and the proposed Plan of Allocation. (Dkt. 56-3 at 2.) Gallagher also interviewed the parties' counsel and the mediator. (*Id.*) And Gallagher concluded:

> on behalf of the Plan, and in its capacity as independent fiduciary,
> Gallagher approves and authorizes the settlement of the Litigation and
> the Released Claims, as defined in the Settlement Agreement. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00854-FWS-ADS                    Date: January 27, 2025
Title: Mary Nguyen v. Westlake Services Holding Company, *et al.*

> making our determination, Gallagher, as the independent fiduciary,
> has determined that the settlement as set forth in the Settlement
> Agreement meets the requirements of ERISA Prohibited Transaction
> Class Exemption 2003-39, as amended.

(Dkt. 56-2.)

### 6.    Summary

In sum, after analyzing the Rule 23(e)(2) factors, and taking into consideration the factors the Ninth Circuit has provided to guide the court's Rule 23(e)(2) analysis, the court concludes that the Settlement is fair, reasonable, and adequate.  *See* Fed. R. Civ. P. 23(e)(2); *Kim*, 8 F.4th at 1178; *Roes, 1-2*, 944 F.3d at 1048; *Staton*, 327 F.3d at 959.

## III.   Disposition

For the foregoing reasons, the Final Approval Motion is **GRANTED.**  The Fee Motion is **GRANTED IN SUBSTANTIAL PART.**  Specifically, the Fee Motion is **GRANTED** in all respects except that the court reduces the class representative compensation award to Plaintiff to $12,500, and calculates the fee award by applying the percentage fee award after deducting litigation and administration costs from the common fund, for a total fee award of $396,699.03.